IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:                                              ) Case No. 24-80617
                                                    ) (Chapter 11)
C M HEAVY MACHINERY, LLC                            )
                                                    )
        Debtor.                                     )
_____)

## MOTION TO RETAIN EXISTING BANK ACCOUNT

Comes now C M Heavy Machinery, LLC ("CMHM" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 6004, and moves this Honorable Court for leave to maintain the bank account held by the Debtor prior to the filing of this case, in lieu of opening new debtor-in-possession bank accounts, and in support thereof state as follows:

**I.     Introduction**

The Debtor maintained, pre-petition, a single bank account, with Mabrey Bank, an institution insured by the Federal Deposit Insurance Corporation (the "FDIC"). While the Debtor is aware that the Operating Guidelines and Reporting Requirements of the United States Trustee (the "UST Guidelines") calls for all pre-petition bank accounts to be closed, and new debtor-in-possession bank accounts ("DIP Accounts") to be opened, such seems unpragmatic in the prism of this case. And the Debtor accordingly now asks this Honorable Court to affirmatively permit CMHM to maintain its existing bank accounts in accord with prevailing notions of equity and a plain language reading of Title 11 of the United States Code (the "Bankruptcy Code").

To be sure, there are myriad obligations attendant to the maintenance of a Chapter 11 proceeding in this Honorable Court, including many enforced by the United States Trustee (the "UST"). The Debtor has every intention of complying with each such rigor correlative to its case,

1

and does not seek to shirk the mandates of monthly operating reports, attendance at initial debtor interviews, the ongoing provision of pertinent information when requested by the UST, or anything else. But closing a bank account held pre-petition would serve little demonstrable purpose *sub judice*, especially with such account being fully insured.

For these reasons, and as extrapolated upon *infra*, the Debtor respectfully asks it be permitted to retain its existing bank account.

## II. Argument: The Existing Bank Account is Adequately Insured

For self-evident reasons, the Bankruptcy Code requires debtors' funds be held in properly-insured depository and investment havens. While placing monies in a DIP Account no doubt serves to achieve these ends, the rural nature of certain locales in the United States—coupled with the protections afforded all individuals' deposits at FDIC-insured banks—creates a paradigm where the closure of existing accounts lacks pragmatism in certain cases. This is one such case.

The Bankruptcy Code does not actually mandate that debtors open new bank accounts upon filing petitions for relief, instead requiring only:

> **Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United Stat**es or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—
>
> (1) a bond—
>
> (A) in favor of the United States;
>
> (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
>
> (C) conditioned on—
>
> (i) a proper accounting for all money so deposited or invested and for any return on such money;
>
> (ii) prompt repayment of such money and return; and

2

(iii) faithful performance of duties as a depository; or

(2) the deposit of securities of the kind specified in section 9303 of title 31;

unless the court for cause orders otherwise…

11 U.S.C. § 345(b) (emphasis added).

The UST Guidelines, however, go a step further, requiring, *inter alia*, "[t]he debtor must immediately close pre petition bank accounts and open new 'debtor in possession' bank accounts. All receipts must flow through the debtor in possession account(s). All disbursements should be by check." UST Guidelines, p. 3, § II(A)(1).

Under Section 345 of the Bankruptcy Code, a regime is created through which DIP Accounts can be established at banks that post the requisite bond and agree to participate in the subject program. The regime, however, is plainly only applicable "[e]xcept with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States…" 11 U.S.C. § 345(b). And where the FDIC insures a bank, the institution may be understood to have the protections of "a department, agency, or instrumentality of the United States." *See, e.g.*, 12 U.S.C. § 1811(a) ("There is hereby established a Federal Deposit Insurance Corporation … which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted").

The current extent of FDIC insurance on each deposit is $250,000.00. 12 U.S.C. § 1821(a)(1)(E). The Debtor's account has a balance well below that threshold and is held at an FDIC-insured bank. Should the Debtor obtain funds in excess of the insured threshold, it will open a new account at a new bank, so as to ensure no monies lack appropriate federal insurance. But, for the time being, the Debtor believes maintenance of its existing account to offer adequate

security to estate funds, and accordingly respectfully seeks leave to continue utilizing the extant depository account.

### III.　Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) permit the Debtor to retain its existing bank account; and (ii) afford such other and further relief.

Respectfully Submitted,

Dated: August 8, 2024　　　　By:　/s/ Maurice B. VerStandig
　　　　　　　　　　　　　　　　Maurice B. VerStandig, Esq.
　　　　　　　　　　　　　　　　The VerStandig Law Firm, LLC
　　　　　　　　　　　　　　　　9812 Falls Road, #114-160
　　　　　　　　　　　　　　　　Potomac, Maryland 20854
　　　　　　　　　　　　　　　　Phone: (301) 444-4600
　　　　　　　　　　　　　　　　mac@mbvesq.com
　　　　　　　　　　　　　　　　*Proposed Counsel for the Debtor*

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

　　　　　　　　　　　　　　　　/s/ Maurice B. VerStandig
　　　　　　　　　　　　　　　　Maurice B. VerStandig