IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: <br><br> C M HEAVY MACHINERY, LLC, <br><br> Debtor. | Case No. 24-80617 <br> Chapter 11 |

### CREDITOR GREAT PLAINS NATIONAL BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D) TO SEVER THE DEBTOR FROM STATE COURT LITIGATION AND WAIVER OF 14-DAY STAY UNDER FED. R. BANKR. P. 4001(A)(3)

Creditor Great Plains National Bank ("GPNB"), a creditor and party-in-interest herein against Debtor C M Heavy Machinery, LLC (the "Debtor"), files this *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to Sever the Debtor from State Court Litigation and Waiver of 14-Day Stay under FED. R. BANKR. P. 4001(a)(3)* (the "Motion"). In support of its Motion, GPNB states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a)(1) and (a)(3) of the Federal Rules of Bankruptcy Procedure.

### SUMMARY OF RELIEF REQUESTED

5. GPNB seeks to lift the automatic stay imposed by 11 U.S.C. § 362 to permit GPNB to sever the Debtor from a lawsuit pending in Oklahoma state court and proceed against the non-debtors, including Clint Michael Meadors ("Meadors"), the principal of the Debtor, who individually guaranteed the debt owed to GPNB by the Debtor.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Relationship Between the Debtor and GPNB

6. GPNB is a national banking association that maintains offices and does business in Oklahoma.

7. On or around December 16, 2019, GPNB, the Debtor, and Meadors entered into that certain Business Loan Agreement for Loan No. 705244044, wherein GPNB agreed to loan to the Debtor the principal amount of $8,250,000.00 for the purpose of purchasing a large quantity of digging mats to be used in the Debtor's business (the "Loan"). A copy of the Loan is attached hereto as **Exhibit 1**.

8. In connection with the Loan, on or about December 16, 2019, for good and valuable consideration, the Debtor executed and delivered to GPNB that certain Promissory Note payable to GPNB in the original face amount of $8,250,000.00 (the "Prior Note"). A copy of the Prior Note is attached hereto as **Exhibit 2**.

9. On or about September 30, 2020, for good and valuable consideration, the Debtor executed and delivered to GPNB that certain Promissory Note payable to GPNB in the original face amount of $5,786,839.90 (the "Note"), as a modification to the Prior Note. A copy of the Note is attached hereto as **Exhibit 3**.

10. On October 11, 2023, GPNB and the Debtor entered into that certain Loan Modification Agreement, which modified the Loan, the Prior Note, and the Note. A copy of the Loan Modification Agreement is attached hereto as **Exhibit 4**.

11. As additional security for the Debtor's obligations to GPNB under the Loan, Prior Note, Note, and Loan Modification Agreement, Meadors executed and delivered to GPNB a guaranty dated December 16, 2019, unconditionally guaranteeing payment of the Debtor's

indebtedness owed to GPNB (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit 5**.

12. The Debtor has failed and refused to pay the Note in accordance with its terms and the terms of the Loan and, therefore, GPNB accelerated the Note.

13. The Debtor is in default under the terms of the Note because, among other reasons, it did not make the monthly installments under the Note when due and failed to pay the indebtedness owed under the Note, now more than sixty (60) days overdue, and failed to provide monthly financial documents as required by the terms of the Loan.

## II. The State Court Litigation

14. On June 6, 2024, GPNB commenced an action in the District Court of Okfuskee County, Oklahoma against the Debtor, Meadors, and others, styled *Great Plains National Bank v. CM Heavy Machinery, LLC et al.*, Case No. CJ-2024-34 (the "State Court Litigation"). A true and correct copy of the Verified Petition in the State Court Litigation is attached hereto as **Exhibit 6**.

15. Concurrently with the Verified Petition, on June 6, 2024, GPNB filed in the State Court Litigation an Application for Temporary Restraining Order, Writ of Replevin, and Temporary Injunctive Relief (the "Application"). A copy of the Application is attached hereto as **Exhibit 7**. The state court originally set a hearing on the Application to occur on July 16, 2024 at 1:30 p.m., but subsequently rescheduled the hearing to August 8, 2024 at 9:30 a.m.

## III. The Bankruptcy Case

16. Shortly after midnight on August 8, 2024 (the "Petition Date"), less than twelve (12) hours before the scheduled hearing on the Application in the State Court Litigation, the Debtor commenced this bankruptcy proceeding by filing its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3

## GROUNDS FOR RELIEF

17. This Court has broad discretion to alter or modify the automatic stay under Section 362 of the Bankruptcy Code.

18. The statutory predicate for granting relief from the automatic stay is Section 362(d) of the Bankruptcy Code. That section provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

19. There is good cause in this case for the Court to grant GPNB relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

20. GPNB seeks relief from the automatic stay to sever the Debtor from the State Court Litigation. The Tenth Circuit has long recognized that "11 U.S.C. § 362 stays litigation only against the debtor, and affords no protection to solvent co-defendants."[1] "Although the scope of the automatic stay set forth in this section is broad, the clear language of the statute only protects

---

[1] *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984); *see also Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 ("While § 362 extends the stay provisions of the Bankruptcy Code to the 'debtor', the rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to solvent codefendants of the debtor.").

4

debtors."[2] "The stay in section 362(a) may not be invoked by non-debtors who are related to the Debtor in some way."[3]

21. To the extent the Court finds it necessary to analyze whether "cause" under Section 362(d) is met, the above-cited cases support that cause to lift the automatic stay exists. GPNB does not seek to obtain a judgment against the Debtor or to pursue any action against property owned by the Debtor at this time nor does GPNB seek leave from this Court to liquidate its claim against the Debtor outside of the claims allowance process. Rather, GPNB seeks to prosecute its claims against non-debtors, who are not entitled to the protections of the automatic stay.[4] Therefore, to the extent applicable, cause exists to lift the automatic stay to permit the GPNB to sever the Debtor from the State Court Litigation and proceed against Meadors and other non-debtors.

## WAIVER OF 14-DAY STAY UNDER BANKRUPTCY RULE 4001(a)(3)

22. To the extent applicable, cause exists to lift the 14-day stay imposed by FED. R. BANKR. P. 4001(A)(3), as it is clear under applicable law that severance of the Debtor from the State Court Litigation does not violate the automatic stay and that GPNB merely files this Motion out of an abundance of caution.

## RESERVATION OF RIGHTS

23. GPNB reserves all rights, including without limitation those under the Loan, Prior Note, Note, Loan Modification Agreement, Guaranty, the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and applicable non-bankruptcy law,

---

[2] *In re Medical Mgmt. Grp., Inc.*, Nos. WO-03-004, 01-14494-WV, 2003 WL 21487310, *6 (B.A.P. 10th Cir. June 27, 2003) (citing *Otoe Cnty. Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985)).
[3] *In re Medical Mgmt. Grp., Inc.*, 2004 WL 21487310, at *6 (citing *Fortier*, 747 F.2d at 1329-30).
[4] *Fortier*, 747 F.2d at 1330.

including the right to amend, supplement, or withdraw this Motion, or any portion thereof, at or prior to any final hearing hereon.

## PRAYER FOR RELIEF

24. GPNB respectfully requests that the Court (i) grant the relief requested in this Motion; (ii) enter the proposed Order submitted concurrently herewith; and (iii) grant GPNB such other and further relief to which it may be justly entitled at law and in equity.

Dated: August 19, 2024

Respectfully submitted,

**HALL, ESTILL HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/ Steven W. Soulé*
Steven W. Soulé, OBA No. 13781
Christopher J. Gnaedig, OBA No. 33892
521 East 2nd St., Suite 1200
Tulsa, OK 74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: ssoule@hallestill.com
Email: cgnaedig@hallestill.com


Daniel V. Carsey, OBA No. 21490
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: dcarsey@hallestill.com

ATTORNEYS FOR GPNB

20488416.1:412594.01725