# ATTORNEY-CLIENT CONTRACT

WHEREAS, **CM HEAVY MACHINERY, LLC** ("Client"), hereby agrees to employ **WHITTEN BURRAGE**, 512 North Broadway Avenue, Suite 300, Oklahoma City, OK, 73102 ("Attorneys"), to represent Client in regard to any and all claims against AXIS Insurance Company arising from the handling Client's insurance claim stemming from a fire and destruction of certain property in North Carolina on August 20, 2023.

WHEREAS, said Attorneys agree to accept said employment and to diligently handle and prosecute said claims; however, Attorneys reserve the right to withdraw from this Agreement if upon investigation and in their sole opinion, Client's claims appear without merit or unwise to pursue.

Attorneys agree to advance reasonable costs and expenses necessary to prosecute Client's claims. The costs and expenses advanced by Attorneys will be reimbursed to Attorneys from any proceeds that may be realized as a result of the prosecution of Client's claims. Reimbursement of costs and expenses will be paid from the gross proceeds recovered prior to the calculation of sums payable to Client and such other sums as may be payable as attorney's fees pursuant to this Contract. Client hereby gives Attorneys a lien on said claims and actions and on the funds recovered by judgment or realized by settlement, as security for the costs and fees advanced by said Attorneys.

Client agrees to compensate Attorneys under the following formula:

Any funds realized as a result of the prosecution of Client's claim will be divided as follows:

    a.    All expenses advanced by the Attorneys in connection with the prosecution of these claims will be deducted first from the gross amount.

    b.    Any sums remaining after subtraction of (a) above from the gross amount of funds realized as a result of the prosecution of Client's claims will be divided as follows:

        (i)    90% to Client and 10% to Attorneys for recovery of the ACV as determined by Client's insurer in the amount of $1,406,971;

        (ii)    50% to Client and 50% to Attorneys for any amount above ACV as determined by Client's insurer in the amount of $1,406,971;

It is further understood that Attorneys assert an attorney's lien on Client's causes of action, counterclaims or settlements as authorized by Title 5, Section 6 of the Oklahoma Statutes and Client acknowledges the existence of said lien. By this Contract, Client makes an equitable assignment of the portion of any recovery from this action equal to the amount of the attorney's fee.

It is understood that any attorney's fee due to Attorneys is payable from the assigned portion of the recovery which is subject to the attorney's lien and Client has no personal responsibility for the payment of said fee.

Client understands it should consult with a tax professional regarding possible taxation by the Internal Revenue Service on funds realized as a result of the prosecution or settlement of Client's claims. It is expressly understood and agreed that Attorneys shall not render tax advice.

For any dispute arising from or relating to this attorney-client contract between the Parties, the Parties shall endeavor to resolve that dispute through good-faith discussion and negotiation among themselves. If good-faith discussions fail to resolve any dispute, the Parties shall submit to binding, non-appealable, confidential arbitration for any and all claims between the Client and Attorneys. Said binding arbitration shall be administered by JAMS under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

DATED this ___ day of December, 2024.

**WHITTEN BURRAGE**

By: *Blake Sonne*
      Blake Sonne

**CLIENT:**

*/s/ Clint Meadors*
Clint Meadors, Owner
CM Heavy Machinery, LLC
clint@cmhm.com