# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>C M HEAVY MACHINERY, LLC,<br><br>Debtor. | Case No. 24-80617<br>Chapter 11 |

### CREDITOR GREAT PLAINS NATIONAL BANK'S JOINDER IN UNITED STATES TRUSTEE'S OBJECTION TO AMENDED APPLICATION TO APPROVE EMPLOYMENT OF WHITTEN BURRAGE AS SPECIAL COUNSEL TO ABOVE CAPTIONED DEBTOR

Creditor Great Plains National Bank ("GPNB"), a creditor and party-in-interest herein against Debtor C M Heavy Machinery, LLC (the "Debtor"), hereby: (i) joins in the *United States Trustee's Objection to the Amended Application to Approve Employment of Whitten Burage as Special Counsel to Above Captioned Debtor* filed herein on January 3, 2025 [Doc. No. 70] (the "Trustee's Objection"); and (ii) asks the Court to modify the terms of Whitten Burrage's employment pursuant to 11 U.S.C. § 328(a) to ensure its reasonableness or, in the alternative, to conditionally grant the Debtor's application but reserve this Court's judgment as to the reasonableness of Whitten Burrage's compensation pursuant to 11 U.S.C. § 330. GPNB hereby adopts and incorporates by reference the arguments set forth in the Trustee's Objection as if fully set forth herein.

In addition to the reasons set forth in the Trustee's Objection, GPNB states as follows:

### BACKGROUND

1. On or about September 30, 2020, for good and valuable consideration, the Debtor executed and delivered to GPNB that certain Promissory Note payable to GPNB in the original face amount of $5,786,839.90 (the "Note"), as a modification to a prior obligation. Claim No. 13 at 18-20.

2. In connection with this Note, GPNB and the Debtor entered into a Commercial Security Agreement, wherein the Debtor granted GPNB a security interest in all the Debtor's Business Assets, including Equipment, and all proceeds therefrom, including insurance proceeds in the event of a loss of the same. Claim No. 13 at 30-35.

3. Based on the foregoing, GPNB has a security interest in the proceeds of the Debtor's insurance claim with Axis Insurance Company ("Axis") due to the fire and subsequent destruction of secured property located in North Carolina on August 20, 2023 (the "Insurance Claim"). *See id.*; *see also* OKLA. STAT. tit. 12A, § 1-9-102(a)(64) ("'Proceeds'" means "to the extent of the value of collateral and to the extent payable to the debtor or the secured party, insurance payable by reason of the loss" to "the collateral").

4. The Amended Application to Approve Employment of Whitten Burrage as Special Counsel to Above Captioned Debtor ("Application") seeks to employ Whitten Burrage as counsel to pursue the Insurance Claim. Doc. No. 70 ¶ 3.[1]

5. As part of the Application's compensation, the Debtor seeks the approval for a payment to Whitten Burrage totaling 10% of any recovery up to $1,406,971.00. Doc. No. 70-1, at 1. The Application then seeks a fifty percent (50%) split of any money recovered in excess of this amount. *See id.*

6. Upon information and belief, the Debtor has possessed an offer to settle the Insurance Claim since *at least* November 2024. **Exhibit 1**, Correspondence.[2] Clint Meadors, the

---

[1] The Application does not disclose what interest, if any, the Debtors' prior legal counsel may have in the Insurance Claim.

[2] The attached emails from counsel for Clint Meadors are not subject to the attorney-client privilege. They were knowingly and voluntarily disclosed to the public on January 9, 2024, as part Mr. Meadors' Motion to Vacate Journal Entry of Judgment and to Set Cause for Hearing to Settle Journal Entry in litigation pending in the District Court of Okfuskee County, Oklahoma. *See Great*

Debtor's principal, sent an email on November 24, 2024, indicating the insurer offered to provide "$1.4 [million] for the ACV within 10days" [*sic*] of the Debtor's request. *Id.* at ECF Page 7.

7. Therefore, Axis offered to provide insurance proceeds in the amount of $1.4 million *before* the Debtor's retention of Whitten Burrage. *See* Doc. No. 70-1 (prior to representing the Debtor in this matter, "Whitten Burrage did not perform any legal services for Debtor").

8. By all indications, Whitten Burrage did not provide any services to secure the right to receive an ACV Payment of $1.4 million. Nevertheless, Whitten Burage now seeks preapproval of payment totaling $140,697.10 from these proceeds that are subject to GPNB's security interest.

## ARGUMENT AND AUTHORITY

**I. The terms of employment in the Application are unreasonable because they require payment of ten percent (10%) of $1,406,971.00 even though no work is needed to secure this payment.**

9. A debtor in possession, "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, on **any reasonable terms and conditions** of employment, including on a . . . contingent fee basis." 11 U.S.C. § 328(a) (emphasis added). Under this provision, "the Court may approve the employment of a professional on any terms and conditions that the Court finds necessary to satisfy the requirement of reasonableness." *In re Fed. Mogul-Global, Inc.*, 348 F.3d 390, 397-98 (3d Cir. 2003) (Alito, J.).

10. Thus, an agreement with a professional may be modified to ensure it is reasonable. *See id.* ("[A] Bankruptcy Court need not approve or reject an application as presented but may approve an application with modified terms that the Court finds necessary to render the proposed employment reasonable."). Similarly, the Court may conditionally approve an application for

---

*Plains National Bank v. Oklahoma Tax Commission, et al.*, Case No. CJ-24-34, OSCN Case Details.

employment but reserve judgment on the reasonableness of its terms and conditions until later in the case. *See, e.g.*, *In re Mariner Post-Acute Network*, 257 B.R. 723, 731 (Bankr. D. Del. 2000) (discussing conditional approval of agreements and noting that administrative orders are subject to modification by the Court).

11. "As with other compensation agreements, an attorney's contingent or percentage fee agreement with the debtor must be unambiguous in its terms and is subject to court review for reasonableness under the factors set forth in section 330 of the Code, notwithstanding prior approval of the fee agreement." 3 COLLIER ON BANKRUPTCY ¶ 328.02 (16th ed. 2024) (collecting cases). Thus, to evaluate the application, the Court should evaluate "the nature, the extent, and value of such services, taking into account all relevant factors, including . . . (A) the time spent on such services [and] (B) the rates charged for such services," among other factors. 11 U.S.C. § 330(a)(3).

12. The compensation sought by Whitten Burrage in the Application is unreasonable. The Debtor obtained an offer in the amount of at least $1.4 million prior to engaging Whitten Burrage. Unlike the typical circumstances of a contingent fee arrangement, Whitten Burrage is not entitled to percentage-based compensation because there is no risk of nonpayment. No work is necessary to recover this sum for the benefit of the Debtor's bankruptcy estate (the "Estate"), and Whitten Burrage did not provide any legal services to obtain this offer. Doc. No. 70-1 ("Whitten Burrage did not perform any legal services for Debtor" prior to being engaged by the Debtor). Granting the Application as is will entitle Whitten Burrage to approximately $140,697.10 as a matter of course without performing work for the benefit of the Estate. And it does so at the expense of GPNB's security interest in the Insurance Claim's proceeds. Whitten Burrage,

4

therefore, is not seeking "reasonable compensation for *actual*, *necessary services*" that benefit the Estate. *See* 11 U.S.C. § 330.

## CONCLUSION

As set forth above and in the Trustee's Objection, the Application is insufficient. Needlessly compensating Whitten Burrage with $140,697.10—all of which is subject to GPNB's security interest—when Whitten Burrage's work is not necessary to bring the same into the Estate is unreasonable.

**WHEREFORE**, Creditor Great Plains National Bank respectfully requests that the Court enter an Order: (i) approving the Application but reserving this Court's judgment as to reasonableness pursuant to 11 U.S.C. § 330; or, alternatively, (ii) granting the Application but modifying it pursuant to 11 U.S.C. § 328 so that the compensation is reasonable by precluding Whitten Burrage from being compensated with ten percent (10%) of the initial $1,406,971.00 recovered pursuant to the Insurance Claim.

Dated: January 15, 2025.　　　　　　　　Respectfully submitted,

**HALL, ESTILL HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Steven W. Soulé*
Steven W. Soulé, OBA No. 13781
Christopher J. Gnaedig, OBA No. 33892
521 East 2nd St., Suite 1200
Tulsa, OK 74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: ssoule@hallestill.com
Email: cgnaedig@hallestill.com

-and-

Daniel V. Carsey, OBA No. 21490
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: dcarsey@hallestill.com

**ATTORNEYS FOR GREAT PLAINS NATIONAL BANK**

## CERTIFICATE OF SERVICE

　　I certify that on this 15th day of January, 2025, a true and correct copy of the foregoing document was served electronically upon the parties registered to receive electronic notice via this Court's electronic case filing system.

　　　　　　　　　　　　　　　　　　　　*/s/Steven W. Soule*
　　　　　　　　　　　　　　　　　　　　Steven W. Soule

6

Case: 24-80617　Doc 75　Filed 01/15/25　Entered 01/15/25 13:28:53　Desc Main Document　Page 6 of 6