# Exhibit 2

 Outlook

Clint,

From Clint Meadors <clint@cmhm.com>
Date Mon 12/2/2024 3:18 PM
To Holly Goodson <Hgoodson@cmhm.com>; bacajohn@icloud.com <bacajohn@icloud.com>

Clint,

I'm free to talk any time this morning. I'm sorry for any confusion. We discussed trying to get the bank to sit on the judgment and give us time to collect as much money as possible from the insurer, and that we thought allowing the bank to get the judgment would help facilitate that. As Wayne's email below states, the bank's attorney believes the bank will be more inclined to do that with a judgment in hand. But we didn't expect that late yesterday afternoon, the bank would give us any definitive assurance that they will agree to do nothing for an indefinite period of time until the insurance claim resolves. Again, (1) because we have no defense to the summary judgment motion; (2) because we did not want to run up several thousand more dollars of attorney fees on both sides that you would ultimately be responsible for; (3) because our goal is to establish a "work together" dynamic with the bank, our advice was to permit the bank's judgment; and (4) because a judgment is likely to assist you and Whitten Burrage in your negotiations with the insurer, we recommended not appearing at the hearing and seeking an extension. The ongoing communications with he bank through its attorney will be how we keep the bank at bay pending an insurance resolution.

Bryan N.B. King

Shareholder | Director

100 N. Broadway, Suite 1700

Oklahoma City, OK 73102

W: 405 232 0621 | M: 405 823 7317

E: bking@fellerssnider.com

From: Clint Meadors

Sent: Monday, November 25, 2024 8:35 PM

To: Wayne Billings ; Bryan King

Subject: Re: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

I thought you were going to call me back to confirm if Great Plains agreed to sit on the judgment until the claim is resolved.

Clint Meadors

CM Heavy Machinery, LLC

PO Box 309

111097 Hwy 27

Okemah, OK 74859

(O)918-623-9330

(F)918-623-9301

(C)405-202-1533

www.cmhm.com

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination, or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

From: Wayne Billings

Sent: Monday, November 25, 2024 3:29:44 PM

To: Bryan King ; Clint Meadors

Subject: RE: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

Clint-

I just spoke with the bank's lawyer and informed her of the decision not to appear at the hearing tomorrow.  She said that her sense was that the bank would be much more willing to delay collection efforts once the judgment is entered, so it sounds like this was the best decision we could've made under the circumstances.  It saves you the cost of our trip out to Okemah as well as the bank's attorney's fees for the same trip.

She also mentioned that there was previously an offer on the table from the insurance company that the bank knew about and was willing to accept in settlement of your debt, but the issue was that you weren't in favor of that.  She didn't say what that offer was, but it made me wonder whether it could've been the $1.4 million offer currently on the table.  Please let me know if you had previously communicated an insurance offer amount to the bank, and if so, what that amount was.  Regardless, I was encouraged by this conversation, because it seems like if Whitten Burrage could get the $1.4 million number up even slightly, there's at least a chance the bank would take it and this would all go away (on the bank side at least).

Thanks,

Wayne

From: Bryan King

Sent: Monday, November 25, 2024 8:36 AM

To: Clint Meadors

Cc: Wayne Billings

Subject: RE: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

Importance: High

Clint,

I have read the emails with Sedgwick that you sent us yesterday evening, including Sedgwick's 11/7/2024 letter regarding the ACV-RCV issue. The Whitten Burrage firm will have to advise you as to whether there is a viable argument to be made that you should be able to receive ACV money now and still make a claim for RCV thereafter. Sedgwick's letter makes it clear that the insurer is does not think you have that option. We certainly understand your frustration with how long the process has taken and the position that puts you in. That too is something that would be pertinent to Whitten Burrage's negotiations on your behalf with the insurer.

As we discussed on our last conference call, there are no apparent fact issues that would allow us to defeat the bank's summary judgment motion even if we were granted a continuance of the hearing for a few weeks. There is no question that the loan is owed and that it is in default. The issue isn't whether the bank is entitled to summary judgment, it is. When that judgment is granted is really of no consequence. The important issue is when the bank begins efforts to collect the judgment.

It is worth noting that the loan agreement contains a provision that states: "Borrower agrees to pay all of Lender's costs and expenses incurred in connection with the enforcement of this Agreement, including without limitation, reasonable attorneys' fees, to the extent permitted by law." It doesn't make sense to go to the summary judgment hearing tomorrow, and cause the bank's lawyer to prepare for the hearing and attend it as well, when the outcome is inevitable. Rather, it just increases the attorney fees you will be responsible for (theirs and ours).

Our best shot at delaying the summary judgment was the phone call Wayne made to the bank's attorney asking them to continue the hearing. That did not work. Now, we think it is in your best interests to allow the bank to get its judgment and let us focus on getting them to sit on that judgment while we try to gather more money from the insurer. Also, even once the summary

judgment order is entered, the court maintains jurisdiction over it for an additional 30 days to vacate, correct, or modify the order if warranted. Wayne and I can look into any such options, but more importantly, it gives us 30 more days for Whitten Burrage to make progress with the insurer.

If you agree with what I've outlined here, please let us know so that we can call the bank's lawyer back to (1) avoid the need for a hearing; and (2) discuss the bank sitting on the judgment and not pursuing collection.

Bryan N.B. King

Shareholder | Director

100 N. Broadway, Suite 1700

Oklahoma City, OK 73102

W: 405 232 0621 | M: 405 823 7317

E: bking@fellerssnider.com

From: Wayne Billings

Sent: Sunday, November 24, 2024 5:31 PM

To: Clint Meadors ; Bryan King

Subject: RE: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

I'll defer to Bryan, but at least for now, I personally lean toward not disclosing to the bank that the claim right now is only at $1.4 million with some undefined additional cash component. With the bank

seeking well over $4.4 million in their motion, I'm afraid telling them that the number is currently $1.4 million (basically a $3 million shortfall) will only solidify the bank's resistance to delaying anything. We could at least wait until after the discussion you're planning to have tomorrow. But again, I'll defer to Bryan.

From: Clint Meadors

Sent: Sunday, November 24, 2024 5:23 PM

To: Wayne Billings ; Bryan King

Subject: Re: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Would it help if I forwarded the thread of emails, to you for you to share with them, that I have from the insurance company showing exactly where we are with that claim? They are offering $1.4m for the ACV within 10days and open to discuss a cash settlement, which they are supposed to let me know tomorrow when Axis would be available to have that discussion as I have told them time is of the essence.

Respectfully,

Clint Meadors

CM Heavy Machinery, LLC

PO Box 309

111097 Hwy 27

Okemah, OK 74859

(O)918-623-9330

(F)918-623-9301

(C)405-202-1533

www.cmhm.com

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination, or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

From: Wayne Billings

Sent: Sunday, November 24, 2024 5:04:15 PM

To: Clint Meadors ; Bryan King

Subject: RE: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

Clint-

In my call with the bank's lawyer, she said that you had previously been given a forbearance agreement based on you telling the bank that you had insurance claims that would generate funds that you would use to pay the outstanding bank debt. She actually knew more about the basis of those insurance claims than we did before our call on Friday, and from her email below, I'm inferring that the bank has serious doubts about whether those claims are actually worth anything significant. She said the bank wasn't willing to wait on the insurance claims when they'd done that previously and it hadn't panned out. That's why she said it might help for us to give them more meaningful information about the status of those insurance claims. However, based on what you told us Friday, I'm not sure anything we could tell them at this point would actually satisfy the bank.

Just about the only option I see at this point that might avoid a summary judgment on Tuesday is for us to send someone out to Okemah for the hearing (both Bryan and I are unavailable that day) and argue that we've just now gotten into the case, that we haven't even had time to meaningfully review and evaluate the arguments the bank has made, and that we'd like the opportunity to assess whether to seek leave from the court to belatedly file a response to the bank's motion for summary judgment. Of course, that's a good three hours of attorney time (an hour-plus there, time at the hearing, and an hour-plus back) just to delay the inevitable, and it might not accomplish even that. But that's the only other play I see for us, aside from just letting the summary judgment be entered against you on Tuesday.

Bryan can certainly chime in if he sees any other options. But those are my thoughts for now.

Thanks,

Wayne

From: Clint Meadors

Sent: Saturday, November 23, 2024 1:08 PM

To: Wayne Billings ; Bryan King

Subject: Re: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

THANK YOU GUYS FOR PROVIDING SOME INSIGHT INTO THE CURRENT STATUS. I DO HAVE SOME QUESTIONS AND WOULD APPRECIATE FURTHER CLARIFICATION REGARDING HER STATEMENT ABOUT MY "CONFLICTING REPRESENTATIONS FOR THE PAST TWO AND A HALF YEARS." COULD SHE ELABORATE ON WHAT SHE IS REFERRING TO HERE? I WANT TO ENSURE THAT I FULLY UNDERSTAND THE ISSUE SO THAT WE CAN ADDRESS IT APPROPRIATELY AND MOVE FORWARD.

I DON'T UNDERSTAND WHY THE BANK REFUSES TO TURN THEIR COUSEL IN THE DIRECTION OF HELPING ME COLLECT THE INSURANCE PROCEEDS TO RESOLVE THIS MATTER ENTIRELY, RATHER THAN FORCING ME INTO BANKRUPTCY—BOTH PERSONALLY AND FOR MY BUSINESS OF 17 YEARS."

IN LIGHT OF THIS, I WOULD APPRECIATE YOUR THOUGHTS ON WHAT OPTIONS REMAIN FOR US AT THIS POINT. WE ARE COMMITTED TO FINDING A SOLUTION, BUT IT IS DIFFICULT TO MOVE FORWARD WHEN THE BANK IS NOT AMENABLE TO FINDING A PATH THAT WOULD ALLOW US TO RESOLVE THIS ISSUE WITHOUT FORCING ME INTO BANKRUPCTY.

THANK YOU FOR YOUR ATTENTION TO THESE MATTERS, AND I LOOK FORWARD TO YOUR RESPONSE AND ANY ADDITIONAL GUIDANCE YOU CAN PROVIDE.

RESPECTFULLY,

CLINT MEADORS

(405) 202-1533

Disclaimer: This message contains confidential information and is intended for a specific individual and purpose and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or taking of any action based on it, is strictly prohibited. Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and notify the sender by reply email. Opinions, conclusions and other information in this message that do not relate to the official business of CM Heavy Machinery, LLC or its subsidiaries shall be understood as neither given nor endorsed by it.

From: Wayne Billings

Date: Friday, November 22, 2024 at 4:37 PM

To: Clint Meadors

Cc: Bryan King

Subject: FW: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

Clint, please see below. Bryan may already have forwarded this to you, but in case he hasn't, here it is.

From: Allie Crawley

Sent: Friday, November 22, 2024 4:12 PM

To: Wayne Billings

Cc: Daniel Carsey

Subject: Great Plains National Bank v. CM Heavy Machinery, LLC; Okfuskee County Case No. CJ-2024-34

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Wayne,

Unfortunately the Bank is not agreeable to continuing the Motion for Summary Judgment hearing scheduled for next week. While it is not normally our practice to deny such a request, this is not a case the Bank is willing to budge on due to the circumstances. Frankly, the Bank's patience with Clint is wearing thin due to his conflicting representations for the past two and a half years. I am happy to provide further information regarding the history of this matter.

As discussed, more information regarding insurance proceeds from the embezzlement and/or digging mat claims would be helpful, and we will be happy to continue such discussions after the hearing. We look forward to working with you.

Thank you,

Allie

Allie Crawley

Associate

T: 405-395-4098

E: acrawley@hallestill.com

100 N. Broadway Ave.

Suite 2900

Oklahoma City, OK 73102

This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.

Respectfully,

Clint Meadors
CM Heavy Machinery, LLC
PO Box 309
111097 Hwy 27
Okemah, OK 74859
(O)918-623-9330
(F)918-623-9301
(C)405-202-1533
www.cmhm.com

**This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination, or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.**