UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
C M HEAVY MACHINERY, LLC, ) Case No. 24-80617
) Chapter 11
)
Debtor. )

**OBJECTION OF UNITED STATES TRUSTEE TO
DEBTOR'S DISCLOSURE STATEMENT**

Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee"), hereby files this objection to the Disclosure Statement [Dkt. No. 56] filed herein by the Debtor C M Heavy Machinery, LLC (the "Debtor") on December 6, 2024. In support hereof, the U.S. Trustee states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. The Debtor filed this Chapter 11 case on August 8, 2024 (the "Petition Date").

2. Since the Petition Date, the Debtor has remained a debtor in possession.

3. There is no committee of unsecured creditors in this case.

4. The Debtor's primary source of income is from the sale or rental of heavy machinery and equipment to customers in the oil industry.

5. The Debtor filed the Disclosure Statement with the Court on December 6, 2024.

6. On December 9, 2024, the Debtor filed its Chapter 11 Plan of Reorganization [Dkt. No. 58] ("Plan").[1]

---

[1] The Plan was attached as an exhibit to the Disclosure Statement that was filed on December 6, 2024 but was not filed as a stand-alone document until December 9, 2024.

## OBJECTIONS TO DISCLOSURE STATEMENT

7. The U.S. Trustee objects to the adequacy of information contained in the Disclosure Statement because no information is provided regarding the Limitation of Liability and No Recourse provisions that will alter the rights of creditors in the event the Plan is confirmed.[2]

## ARGUMENT AND AUTHORITY

8. The adequacy of a disclosure statement is governed by 11 U.S.C. § 1125, which provides:

> (b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and <u>a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information</u>. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

*See* 11 U.S.C. § 1125(b) (emphasis added). The Bankruptcy Code defines "adequate information as follows:

> (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor of the relevant class to

---

[2] The U.S. Trustee has concerns regarding the limitation of liability, injunction, and no recourse provisions contained in the Plan. Specifically, the Limitation of Liability provision found at paragraph 8.1 of the Plan does not carve out gross negligence, is not limited to post-Petition and pre-Effective Date conduct, and currently seeks to cover parties that should not be exculpated, such as the Debtor's representatives, one of which has improperly used assets of the estate for personal benefit. Additionally, there is no statutory authority for the injunction relating to Exculpated Conduct. Finally, as drafted, the No Recourse provision in paragraph 9.11 of the Plan is a dressed-up release and is overly broad. The U.S. Trustee reserves the right to object to these provisions, as well as any other provision in the Plan, until consideration of confirmation.

> make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case[ and] the benefit of additional information to creditors . . .

*See* 11 U.S.C. § 1125(a). A bankruptcy court has broad discretion in deciding whether or not to approve a disclosure statement. In so deciding, courts look at numerous factors including, but not limited to, the following: (1) the various circumstances that gave rise to the filing of the debtor's bankruptcy petition; (2) a discussion of estate assets and their value; (3) a summary of what the debtor anticipates to do post-confirmation; (4) the source of the information contained in the disclosure statement; (5) a liquidation analysis showing what creditors would receive if the debtor were in a Chapter 7; (6) information regarding the debtor's post-confirmation management; (7) a summary of the plan of liquidation or reorganization; (8) a summary of the administrative expenses, including bankruptcy professional fees; (9) any amounts that may be recovered through avoidance actions; (10) a discussion of non-bankruptcy litigation; (11) the tax consequences of the plan; and (12) the debtor's relationship with any affiliates. *See In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. D. Ohio 1988) (listing the above factors and additional factors).

9. Specifically in this case, the disclosure of the limitation of liability and the no recourse provision is important because the Debtor's representative admits that he has used estate money for personal purposes and intends to "repatriate" the funds over 18 months as provided for in the Plan. It is essential under those circumstances that information be included in the Disclosure Statement of the limitation of liability and no recourse provisions that the Debtor's representative and others stand to benefit from in the event the Plan is confirmed.

10. The purpose of the disclosure statement is to ensure stakeholders have sufficient information to make an informed decision about the plan. As set forth in Paragraph 7 herein, the U.S. Trustee has objections to the adequacy of the information set forth in the Disclosure Statement, which is deficient as set forth above and which must be amended in order to provide creditors sufficient information in analyzing the Debtor's plan

WHEREFORE, the U.S. Trustee asserts this objection to the Debtor's Disclosure Statement, requesting disclosures of the matters noted herein, and for such other and further relief as the Court deems just and proper. The U.S. Trustee reserves the right to object to any provisions in the Plan at confirmation.

Dated: January 31, 2025.

        **ILENE J. LASHINSKY**
        UNITED STATES TRUSTEE

        */s/ Mary E. Kindelt*
        Mary E. Kindelt, OBA No. 21728
        Karen Walsh, OBA# 14690
        224 S. Boulder, Suite 225
        P.O. Box 3044
        Tulsa, OK 74101
        (918) 581-6670
        (918) 581-6674 (Fax)
        mary.kindelt@usdoj.gov
        karen.walsh@usdoj.gov