IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-80617 |
| | ) | (Chapter 11) |
| C M HEAVY MACHINERY, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION TO EXTEND EXCLUSIVITY PERIOD

Comes now C M Heavy Machinery, LLC ("CMHM" or the "Debtor"), by and through undersigned counsel, pursuant to Section 1121(d) of Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 9006, and moves this Honorable Court to extend the Debtor's exclusivity peiod to garner acceptance of a plan in this case, and in support thereof states as follows:

### I. Introduction

This is a Chapter 11 case where the Debtor timely filed a plan of reorganization (the "Plan"), within the statutory exclusivity period, but where the intervening holidays and other temporal hurdles will preclude the Plan from being considered for confirmation prior to the close of the same statutory exclusivity period. CMHM is acutely aware that other eccentricities presently permeate this case, including multiple pending motions to dismiss or convert and multiple pending attacks on the sufficiently of the disclosure statement (the "Disclosure Statement") filed with the Plan. For instant purposes, however, CMHM simply seeks to extend the exclusivity period set forth in Section 1121 of Title 11 of the United States Code (the "Exclusivity Period"), so as to ensure the Plan may be fairly considered before any creditor-driven competing plans are docketed herein.

1

## II. Standard

Familiarly, only the debtor in a Chapter 11 case may file a plan of reorganization unless (i) a chapter 11 trustee has been appointed, 11 U.S.C. § 1121(c)(1); (ii) no plan is filed within 120 days of the petition date, 11 U.S.C. § 1121(c)(2); or (iii) a timely-filed plan has not been accepted within 180 days of the petition date, 11 U.S.C. § 1121(c)(3).

However, a party may seek to have the exclusivity period increased "for cause." 11 U.S.C. § 1121(d)(1). Specifically, the 180 day deadline for acceptance of a plan may be increased up to a date 20 months from the petition date. 11 U.S.C. § 1121(d)(2)(B).

## III. Background

1. On August 8, 2024, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtor continues to manage its affairs and operate its business as a debtor-in-possession, with all rights and responsibilities afforded thereto.

2. As of the date of this filing, no requests for the appointment of a trustee or committee have been made in this case. On September 9, 2024, the United States Trustee filed a Statement of Inability to Appoint a Creditors' committee due to insufficient creditor interest. *See* DE #37. Accordingly, no committee has been appointed in this matter.

3. The Debtor has acted in good faith throughout these proceedings, diligently working to stabilize its financial position, evaluate restructuring options, and make significant progress toward confirmation of a viable Chapter 11 plan. Additional background information regarding the Debtor's financial condition, operatings, and restructuring efforts is set forth in the

notes accompanying the petition and schedules, DE #1 at pp. 5-7, as well as in the Disclosure Statement accompanying the Chapter 11 Plan of Reorganization, DE #56.

4. In furtherance of these effots, the Debtor timely filed its Chapter 11 Plan on December 6, 2024, within the exclusivity period provided under 11 U.S.C. § 1121(b). However, while the Debtor has satisfied its initial filing obligations, additional time is required to finalize all necessary steps to move toward plan confirmation in an effective and orderly manner.

**IV.     Argument: Exclusivity Should be Extended**

All the Debtor seeks herein is to have the Plan, as timely filed, considered for confirmation before any competing plans may be docketed. The Debtor is not asking for more time to file a plan, and the Debtor was careful to docket a plan within the parameters of the Exclusivity Period; the Debtor simply wishes to see that plan considered—on the merits—before the field of options might be crowded by any creditor plan(s).

Courts have consistently recognized that the purpose of exclusivity is to give the debtor a fair and reasonable opportunity to formulate a viable Chapter 11 plan without the disruption and competitive pressure of multiple plans being proposed simultaneously. *See In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003). Extensions are particularly appropriate where they serve to protect the integrity of the reorganization process, allowing the debtor to refine its restructuring strategy, finalize necessary details, and prevent creditor interference that could derail negotiations. *See In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 99 (Bankr. E.D. Tex 1996).

In determining whether "cause" exists to extend the debtor's exclusive periods, courts generally consider the following factors: (i) the size and complexity of the case; (ii) the necessity of sufficient time to negotiate a plan and prepare adequate information; (iii) the existence of good

3

faith progress toward reorganization; (iv) whether the debtor is paying its debts as they become due; (v) wether the debtor has demonstrated reasonable prospects for filing a viable chapter 11 plan; (vi) whether the debtor has made progress in negotiating with creditors; (vii) the length of time a case has been pending; (viii) whether the debtor is seeking an extension to pressure creditors; and (ix) whether or not unresolved contingencies exist. *In re Border Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs.*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (and cases cited therein). While not every factor is relevant to every case, courts have found that a subset of these considerations may be sufficient to establish cause. *See In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986).

Here, the Debtor does not feign to be an entity so large as to invoke the protections of the first element. And the second element is somewhat moot, insofar as a plan has already been filed. But several other criteria militate in favor of enlarging the exclusivity period. The timely filing of a plan is evidence of good faith progress toward reorganization. Similarly, the Debtor is paying its post-petition debts as they come due. The Plan and Disclosure Statement propose the payment of all debts, in full, over a measured timeline, and thusly strike as being eminently "viable" in nature (even if, as is now apparent, there is fodder for disagreement on the part of other parties). The case has not been pending for too protracted a time period, and the extension is assuredly not being sought to pressure creditors (as evidenced by the Plan already being on file).

Vis a vis negotiations with creditors, CMHM cannot earnestly report such to materially inform this motion. While there have been discussions with creditors, and while there is an ongoing dialogue with counsel for the largest creditor herein, it would be disengenuious to surmise such

4

Case 24-80617    Doc 91    Filed 02/04/25    Entered 02/04/25 11:19:33    Desc Main
Document    Page 4 of 6

correlates to the extension sought instantly. CMHM is not seeking more time to try to barter a grand deal; though CMHM is certainly hopeful that such a deal may be struck, there is not a meaningful correlation between such prospects and the relief sought herein.

Similarly, CMHM cannot pin the desires extension to any unresolved contingencies. While a very large insurance claim does sit at the heart of this case, such will be likely unresolved well into the future—this is not an effort to delay the plan process until the insurance claim is resolved, and CMHM does not believe there would be a good faith basis for seeking such a delay.

At core, CMHM timely filed a plan and simply wishes to have that plan considered before any others may crowd the docket herein. This is a measured request, comporting with the spirit of the Bankruptcy Code, supported by the majority of factors recognized under applicable case law.

V.     Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order extending the Exclusive Period set forth in Section 1121(c)(3) of Title 11 of the United States Code, by an additional ninety (90) days, so as to allow time for the Plan to be considered; and (ii) afford such other and further relief.

                                               Respectfully Submitted,

Dated: February 4, 2025        By:     /s/ Maurice B. VerStandig
                                                     Maurice B. VerStandig, Esq.
                                                     The VerStandig Law Firm, LLC
                                                     9812 Falls Road, #114-160
                                                     Potomac, Maryland 20854
                                                     Phone: (301) 444-4600
                                                     mac@mbvesq.com
                                                     *Counsel for the Debtor*

*[Certificate of Service on Following Page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of February, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig
