# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CM HEAVY MACHINERY, LLC, ) | Case No. 24-80617 |
| ) | Chapter 11 |
| Debtor. ) | |

## UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION TO APPROVE EMPLOYMENT OF LOGAN DAHLK AND RECEIVABLES CONTROL CORP. AS ACCOUNTS RECEIVABLE COLLECTION AGENTS TO ABOVE-CAPTIONED DEBTOR

Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee") hereby files this objection to the Application to Approve Employment of Logan Dahlk and Receivables Control Corp. as Accounts Receivable Collection Agents to Above-Captioned Debtor, Doc. No. 135 (the "Employment Application"). In support of this objection, the U.S. Trustee states as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. Pursuant to 28 U.S.C. § 586, the U.S. Trustee has the responsibility to supervise the administration of cases filed pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. On August 8, 2024, CM Heavy Machinery, LLC (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

3. No creditors' committee has been appointed.

4. Through the Employment Application filed on March 19, 2025, the Debtor seeks to retain Logan Dahlk and Receivables Control Corp. ("RCC") to pursue collection of Debtor's accounts receivable which are scheduled in the amount of $1,343,190.26.

## OBJECTION TO REQUESTED RELIEF

5. The U.S. Trustee objects to the employment of RCC pursuant to 11 U.S.C. § 327 and FED. R. BANKR. P. 2014.

6. First, there is no recitation of the necessity of retaining RCC. Based on Monthly Operating Reports filed in this case, the Debtor-in-Possession has meager operations at best. It is wholly unknown why Mr. Meadors, the Debtor's principal and designated representative in this bankruptcy case, or the bookkeeper that the Debtor has retained are unable to perform the tasks to be performed by RCC outlined in the Employment Application.

7. Second, the Rate Sheet which is attached to the Application to Employ as Doc 135-3 provides that "R.C.C. is authorized to accept payments and endorse checks, notes or money orders for deposit in R.C.C.'s Trust Account, the net proceeds of which R.C.C. will remit to you on the 1st week of the month following collection." There is no indication in the agreement that RCC will be compensated upon approval from this Court. The U.S. Trustee submits that this arrangement is improper and that all collected funds should be deposited into the Debtor-in-Possession bank account as property of the estate as they are collected. From there, fees may be paid to RCC only upon approval of the fees by this Court.

8. Third, the Rate Sheet is entirely unclear what the Debtor will be charged for RCC's services. The Rate Sheet contains various percentages that represent fees for various tasks but it is unknown which rates will apply to the Debtor. For example, it is unknown whether the Debtor will be charged 35% as the "Rates on all sums collected" or whether an additional 50% will be charged as "Collection Fee & Interest Recoveries." The Employment Application and Rate Sheet shed no light on what RCC stands to earn for its services.

2

Case 24-80617    Doc 136    Filed 03/19/25    Entered 03/19/25 10:57:11    Desc Main
Document    Page 2 of 3

9. Finally, the Debtor has not adequately explained why this fee arrangement and the various percentages are appropriate under the circumstances of the proposed engagement.

WHEREFORE, for the reasons set forth herein, the U.S. Trustee objects to the Employment Application.

<div style="margin-left: 3em;">

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*s/ Mary E. Kindelt*
Karen Walsh, OBA # 14690
Mary E. Kindelt, OBA # 21728
224 S. Boulder, Suite 225
PO Box 3044
Tulsa, OK 74101
Telephone: (918) 581-6687
E-mail: mary.kindelt@usdoj.gov

</div>