IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-80617 |
| | ) | (Chapter 11) |
| C M HEAVY MACHINERY, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION TO TAKE EXAMINATION OF ADAM M. SMITH PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Comes now C M Heavy Machinery, LLC ("CMHM" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004, and moves this Honorable Court for leave to conduct the examination of Adam M. Smith ("Mr. Smith"), and to command the production of documents from Adam M. Smith, and in support thereof states as follows:

**I.   Introduction**

The Debtor previously retained Adam. M. Smith at L. Myles Smith & Co. as its accountant, during which time he maintained the Debtor's depreciation schedules, past tax-related information, and other financial records. These records are critical to the Debtor's ability to assess its financial condition, prepare tax filings, and comply with reporting requirements in this Chapter 11 case. However, despite multiple requests, Mr. Smith has not provided these records, and the Debtor currently has no access to them.

Without these financial records, the Debtor cannot accurately determine its tax obligations or analyze its historical financial data, both of which are necessary for its ongoing business operations and reorganization efforts. Through this examination, and the production of key financial documents, the Debtor will be able to reconstruct its financial records, properly assess tax liabilities, and ensure transparency in the administration of the bankruptcy estate. For

1

these reasons, and as extrapolated upon infra, it is respectfully submitted there exists reason to proceed with this examination.

## II. Standard

The Federal Rules of Bankruptcy Procedure familiarly provide, *inter alia*, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed R. Bankr. 2004(a). The rule further provides for the issuance of a subpoena for documents in connection with such examination. Fed. R. Bankr. P. 2004(c).

The latitude afforded a party wishing to take such examination, together with the scope of the examination itself, are particularily broad. *See*, *e.g.*, *In re Shelton Fed. Group, LLC*, 2017 WL 3190558, at *3 (Bankr. D.D.C. 2017) ("In any event, 'Rule 2004 examinations are broad and unfettered and in nature of fishing expeditions,' and, as in the case of an administrative agency summons, a trustee is entitled to subpoena under Rule 2004 documents from multiple sources in order to assure that he is receiving accurate and complete copies." (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); citing *Liberty Fin Servs. v. United States*, 778 F.2d 1390, 1393 (9th Cir. 1985)).

## III. Argument: The Examination Should be Allowed

Quite simply, the Debtor requires access to its financial records, including depreciation schedules, past tax-related documents, and other accounting records maintained by Mr. Smith at L. Myles Smith & Co., which are essential for preparing tax filings, assessing liabilities, and ensuring compliance with bankruptcy and tax reporting obligations. Without these records, the Debtor cannot accurately prepare or file tax returns, reconcile prior tax positions, or determine available carryforwards, deductions, or outstanding liabilities, increasing the risk of financial misstatements, tax penalties, or regulatory scrutiny. Because these records are integral to the

Debtor's ability to fulfill its tax and bankruptcy obligations, their production is necessary to ensure financial transparency, compliance with applicable laws, and the orderly administration of the estate.

To maximize the efficiency of an examination, the Debtor seeks to subpoena the following documents to be produced by Mr. Smith one week prior to an oral examination:

1. All depreciation schedules prepared for the Debtor for any tax year;

2. All tax-related documents prepared or maintained on behalf of the Debtor, including prior tax returns, filings, worksheets, and supporting schedules;

3. Any financial statements or reports reflecting the Debtor's business operations;

4. Any accounting records in Mr. Smith's possession relevant to the Debtor's financial history, tax obligations, or estate administration.

## VI. Conclusion

WHEREFORE, CMHM respectfully prays this Honorable Court (i) command Mr. Smith to produce the documents referenced above, to undersigned counsel, on a date to be affixed by CMHM; (ii) command Mr. Smith to appear for an examination, via Zoom video conferencing, on a date to be fixed by CMHM; and (iii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: March 19, 2025     By:     /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
christianna@dakotabankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart  
Christianna A. Cathcart