IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

IN RE:                                               )
                                                     )
C M HEAVY MACHINERY, LLC,                            )    Case No. 24-80617
                                                     )    Chapter 11
            Debtor.                                  )

# DEBTOR'S MOTION FOR ABSTENTION AND REMAND

COMES NOW the Debtor, CM Heavy Machinery LLC ("Debtor"), and pursuant to Federal Rule of Bankruptcy Procedure 9014, hereby moves for abstention and remand under 28 U.S.C. §1334(c) related to the Notice of Removal filed on April 4, 2025 in the United States District Court for the Eastern District of Oklahoma, Case No. CIV-25-103-JFH-GLJ (the "Removed Case"). In further support, Debtor provides as follows:

1. On Debtor CM Heavy Machinery, LLC and Clint Meadors individually filed suit against Axis Insurance Company ("Axis") and Bolles & Associates LLC ("Bolles) for breach of contract, breach of the duty of good faith and fair dealing, constructive fraud, and negligent procurement in a state court proceeding filed in the District Court of Oklahoma County, Case No. CJ-2025-1270. (*See* **Exhibit 1**, Petition in State Court). Although Axis is a foreign insurance company doing business within Oklahoma, Bolles is undeniably an Oklahoma entity, making removal of the State Court Case improper as a matter of law.

2. However, on April 4, 2025 Axis filed a Notice of Removal in the Removed Case in the Eastern District of Oklahoma. (*See* **Exhibit 2**, Notice of Removal). Defendant Axis removed this case to the wrong United States District Court. Section 1446 requires

1

Case 24-80617    Doc 171    Filed 05/05/25    Entered 05/05/25 14:54:51    Desc Main
Document    Page 1 of 5

removal to the U.S. District Court embracing the county in which the state court case is pending. Oklahoma County is located within the Western District of Oklahoma. Defendant was required to remove this case to the Western District of Oklahoma and then file a motion to transfer venue if Axis intended to litigate this case in the Eastern District of Oklahoma.

3. Regardless, Axis claimed removal was proper despite the lack of complete diversity of jurisdiction alleging that the claims outlined in the State Court Case were related to these bankruptcy proceedings. (**Ex. 2**, ¶12).

4. As such, Debtor seeks an order of abstention and asserts that such order is necessary because the Removed Case contains only state law claims that (i) could exist independently of the bankruptcy case, (ii) do not have a close nexus to the bankruptcy case, and (iii) do not belong to the bankruptcy estate.

5. The following analysis by the U.S. Bankruptcy District Court of New Mexico is instructive:

> The abstention provisions applicable to cases and proceedings in the bankruptcy court are found as part of the jurisdictional provisions of title 28. The mandatory abstention statute provides: Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United states absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.28 U.S.C. § 1334(c)(2).
> To fall within the mandatory abstention statute, the claim or cause of action must fall within the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b). 28 U.S.C. § 1334(c)(2). Proceedings that fall within the Court's "related to" jurisdiction are "non-core" proceedings. *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997). "Non-core" proceedings primarily "encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for the bankruptcy, would be

ordinary stand-alone lawsuits between the debtor and others[.]" *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161-62 (7th Cir. 1994)). *See also Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district or state court.") (citation omitted).

In contrast, proceedings "arising under title 11 or arising in a case under title 11" are "core" proceedings. *Midgard*, 204 B.R. at 771. *See also Stern v. Marshall*, 564 U.S. 462, 476, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) ("[C]ore proceedings are those that arise in a bankruptcy case or under Title 11."). Examples of core proceedings are enumerated in 28 U.S.C. § 157(b)(2), and include other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or equity security holder relationship, except personal injury tort or wrongful death claims. 28 U.S.C. § 157(b)(2)(O).

…

"Core" proceedings are proceedings that involve rights created by bankruptcy law, or proceedings that would only arise within a bankruptcy case. *See Gardner*, 913 F.2d at 1518 ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted). The Curtis Defendants assert that this adversary proceeding is a core proceeding not subject to mandatory abstention for two reasons: 1) the result of this adversary proceeding will affect the liquidation of the assets of bankruptcy estate; and 2) whether the $70,000 in the state court's registry constitutes bankruptcy estate property is implicated by the Curtis Defendants' defense to this adversary proceeding and is an issue that must be decided by the bankruptcy court.

The Court rejects the Curtis Defendants' assertion that this adversary proceeding is a core proceeding because the outcome may affect the liquidation of estate assets, arguably fitting within the literal definition of 28 U.S.C. § 157(b)(2)(O). Merely because the bankruptcy estate has the potential to recover funds as a result of this adversary proceeding does not render the proceeding "core." *Cf. Peterson v. 610 W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.)*, 219 B.R. 363, 372 (Bankr. S.D.N.Y. 1998) (finding that pre-petition state law claims "are not core claims under 28 U.S.C. § 157(b)(2)(O) merely because the estate will receive funds that in turn will affect creditors' recoveries, if liability is found."); *Hayim v. Goetz (In re SOL, LLC)*, 419 B.R. 498, 506 (Bankr. D. Fla. 2009) ("[A] matter cannot be deemed to be core merely because the debtor holds a claim, which, if successful, could increase the assets of the estate.") (citing *In re Tidewater Lodging Group, LLC*, No. 08-25694-BKC-RBR, 2009 WL 909417 at *2 (Bankr. S.D. Fla. April 3, 2009)). As the Fifth Circuit observed,

3

an overly broad reading of 28 U.S.C. § 157(O) is unwarranted: "[O]therwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings ...." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 95 (5th Cir. 1987).

The Tenth Circuit has adopted the test for non-core, "related to" jurisdiction established in *Wood*. *Gardner*, 913 F.2d at 1518. Under that test, Plaintiff's claims for legal malpractice and breach of fiduciary duty are not core proceedings because they "do not depend on the bankruptcy laws for their existence" and "could proceed in another court." *Gardner*, 913 F.2d at 1518 (citing *Wood*, 825 F.2d at 96). Such claims do not invoke any substantive rights created under the Bankruptcy Code. A party "cannot bootstrap prepetition causes of action, premised on state law, into the catchall provisions of 28 U.S.C. § 157(b)(2)." *610 W. 142 Owners*, 219 B.R. at 372 (citations omitted). The Court therefore concludes that the Curtis Defendants' attempt to characterize this adversary proceeding as a "core" proceeding under 28 U.S.C. § 157(b)(2)(O) fails.

*In re Cashco, Inc.,* 614 B.R. 715, 719-721 (D. N.M. 2020) (internal footnotes omitted).

6. Here, the Removed Case is neither a "core" proceeding nor a "related to" proceeding over which the bankruptcy court could exercise jurisdiction. *See Id*. Furthermore, Plaintiffs' claims of breach of contract, negligent procurement, constructive fraud, and breach of the duty of good faith and fair dealing are not core proceedings under the 10th Circuit test because they "do not depend on the bankruptcy laws for their existence." *See Id.*

7. As a result, Defendant Axis cannot do what the Tenth Circuit forbids by trying to "bootstrap prepetition causes of action, premised on state law, into the catchall provisions" of the Bankruptcy Court. Indeed, Debtor has met its burden under Federal Rule of Bankruptcy Procedure 9014 and an order of abstention is necessary and justified under 28 U.S.C. §1334(c).

WHEREFORE, Debtor respectfully requests this Court issue an order of abstention

4

under 28 U.S.C. 1134(c) as outlined herein.

Respectfully submitted,

Dated: May 5, 2025.   By:   */s/ Blake Sonne*
Reggie Whitten, OBA #9576
Michael Burrage, OBA #1350
Blake Sonne, OBA #20341
Hannah Whitten, OBA #35261
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, Oklahoma 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
Emails: mburrage@whittenburragelaw.com
rwhitten@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
*Special Counsel for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2025, a true and correct copy of the above and foregoing instrument was served via ECF filing and via mail, postage prepaid, on those entities listed on the Matrix and ECF registrants in this case.

*/s/ Blake Sonne*
Blake Sonne, OBA #20341