IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| In re: | ) | Case No. 24-80617 |
|---|---|---|
| | ) | (Chapter 11) |
| C M HEAVY MACHINERY, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION TO APPROVE EMPLOYMENT OF**
**ZACHARY RICHARDSON TO ABOVE-CAPTIONED DEBTOR**

Comes now C M Heavy Machinery, LLC ("CMHM" or the "Debtor"), pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to employ Zachary Richardson ("Mr. Richardson") to perform professional accounting and financial advisory services for the Debtor, and in support thereof states as follows:

**I.    Introduction**

The Debtor seeks to employ Mr. Richardson as its accountant to assist with the reconstruction, maintenance, and management of its financial records during the pendency of this Chapter 11 case. As disclosed to this Court and the United States Trustee, the Debtor entered bankruptcy with materially inaccurate financial records stemming from pre-petition mismanagement and suspected internal fraud. Since the petition date, the Debtor has made diligent efforts to stabilize and clarify its accounting; however, progress has been hampered by the extent of historical disorganization.

The retention of Mr. Richardson is a necessary step to ensure the accuracy and reliability of the Debtor's financial reporting. Mr. Richardson's role will be instrumental not only in producing the documentation required to maintain compliance with the United States Trustee and the Bankruptcy Code but also in promoting transparency and restoring confidence in the Debtor's

1

financial disclosures. Mr. Richardson's extensive experience, independence, and professional licensure make him uniquely suited to assist the Debtor in meeting its statutory obligations and support the administration of this case in a transparent and cost-effective manner.

## II. Standard

Familiarly, a debtor-in-possession (standing in the shoes of a trustee) is permitted to "employ one or more … professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).[1]

The Federal Rules of Bankruptcy Procedure, in turn, require an application such as this shall, *inter alia*:

> … state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

## III. Formalistic Recitations

Pursuant to the rigors of the above-cited rule, the Debtor notes that (i) Mr. Richardson is the person to be employed; (ii) Mr. Richardson has been selected based on his extensive

---

[1] The term "professional persons" is not defined in Title 11 of the United States Code. However, "[s]ome courts have defined the term as an individual who takes a central role in the bankruptcy estate and proceedings, as opposed to one who provides services that are necessary irrespective of bankruptcy." *In re Evan Johnson & Sons Constr., Inc.*, 2019 WL 5057948, at *3 (Bankr. S.D. Miss. Mar. 11, 2019) (citing *In re Bannerman Holdings, LLC*, 2010 WL 2404313 at *2-3 (Bankr. E.D.N.C. June 10, 2010); *In re Century Inv. Fund VII Ltd. P'ship*, 96 B.R. 884, 893 (Bankr. E.D. Wis. 1989); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989); *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981)).

2

experience, educational background, and long-standing reputation for competence and integrity in tax and accounting matters; (iii) as the Debtor's accountant, Mr. Richardson will prepare and maintain balance sheets and profit and loss statements, reconcile financial transactions, assist with payroll and related tax reporting, and prepare required tax returns; (iv) Mr. Richardson seeks to be compensated at the rate of $100.00 per hour, with his compensation subject to the approval of his Honorable Court and with said compensation to come from the Debtor and its estate.

## IV. Argument

As this Court is aware, the Debtor has previously disclosed that its financial records were materially inaccurate at the time of filing. These deficiencies stemmed from pre-petition mismanagement and suspected internal fraud that left the Debtor's accounting infrastructure significantly compromised. Since the petition date, the Debtor has worked diligently to reconstruct its books and records, although the extent of disorganization inherited from prior operations has rendered the process unusually complex. The Debtor has remained candid with both the Court and the United States Trustee about the scope of these issues and recognizes that restoring order and integrity to its financial reporting is essential to fulfilling its fiduciary obligations and advancing the administration of this case.

To that end, the Debtor seeks to retain Zachary Richardson, EA, a disinterested and highly qualified accounting professional, to provide the technical expertise and objective oversight necessary to stabilize its financial reporting. His assistance is critical not only to restoring accuracy and transparency to the Debtor's financials, but also to maintaining compliance with the Bankruptcy Code and the oversight obligations imposed in Chapter 11. Accurate reporting is indispensable to the effective administration of this case and the confirmation of the Debtor's proposed plan.

3

The services Mr. Richardson will render are essential to the Debtor's ability to comply with its obligations under Chapter 11. These services include restructuring and maintaining balance sheets and profit and loss statements; reconciling and classifying financial transactions; assisting with payroll processing and related tax reporting; and preparing the Debtor's corporate tax returns (Form 1120S). These services are critical to the preparation of accurate monthly operating reports, continued compliance with the oversight requirements of the United States Trustee and demonstrating the Debtor's good-faith commitment to transparency and financial rehabilitation.

Mr. Richardson has agreed to provide services to the Debtor at the rate of $100.00 per hour. This rate reflects a fair and reasonable value for the nature and scope of services to be performed, particularly given Mr. Richardson's extensive experience in tax preparation, payroll administration, and financial reconstruction. The Debtor submits that this rate is below market when compared to similarly credentialed professionals offering comparable accounting services in the context of Chapter 11 proceedings. The engagement is not offered on a flat-fee or contingency basis, and the Debtor has not committed to any retainer or pre-approved budget. All compensation will be subject to review and approval by this Court upon proper application pursuant to 11 U.S.C. §§ 330 and 331. No payments will be made to Mr. Richardson absent Court authorization. The Debtor believes that retaining a qualified professional at this hourly rate constitutes a prudent and cost-effective exercise of business judgment, given the estate's current financial condition and the specialized work required.

As set forth in the Declaration of Zachary Richardson submitted in support of this Application, attached hereto and incorporated by reference, Mr. Richardson is a "disinterested person" within the meaning of 11 U.S.C. § 101(14). He does not hold or represent any interest adverse to the Debtor's estate with respect to the matters on which he is to be employed, and he

has no known connections to the Debtor, its creditors, the United States Trustee, or any other party in interest, except as disclosed in his Declaration.

Accordingly, the Debtor respectfully requests that this Honorable Court approve the retention and employment of Zachary Richardson as its accountant, as a necessary and appropriate step toward correcting past financial deficiencies, satisfying statutory reporting obligations, and advancing this case toward confirmation of a Chapter 11 plan.

### V.     Conclusion

As evidenced by the complexities outlined above, this case is far from straightforward. The Debtor faces significant challenges in restoring accuracy to its financial records. The employment of Mr. Richardson is not merely appropriate; it is essential. His expertise will provide the structure, reliability, and independence necessary to stabilize the Debtor's financial reporting and to support its path toward a feasible plan of reorganization.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order (i) authorizing the employment of Zachary Richardson as its accountant pursuant to 11 U.S.C. § 327(a), under the terms set forth herein; and (ii) granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: June 9, 2025         By:      /s/ Christianna A. Cathcart
                                     Christianna A. Cathcart, Esq.
                                     The VerStandig Law Firm, LLC
                                     9812 Falls Road, #114-160
                                     Potomac, Maryland 20854
                                     Phone: (301) 444-4600
                                     christianna@dakotabankruptcy.com
                                     *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
