IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| In re: | ) | Case No. 24-80617 |
|---|---|---|
| | ) | (Chapter 11) |
| C M HEAVY MACHINERY, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION TO APPROVE EMPLOYMENT OF LOGAN DAHLK AND
RECEIVABLES CONTROL CORP. AS ACCOUNTS RECEIVABLE
COLLECTION AGENTS TO ABOVE-CAPTIONED DEBTOR**

Comes now C M Heavy Machinery, LLC ("CMHM" or the "Debtor"), pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to engage Logan Dahlk and Receivables Control Corp (collectively, "RCC"), accounts receivable collection agents, for the Debtor, to assist in the identification, collection, and recovery of outstanding receivables owed to the Debtor's estate, and in support thereof states as follows:

**I.    Introduction**

The Debtor, as a Chapter 11 debtor-in-possession, seeks to employ Receivables Control Corporation ("RCC") and Logan Dahlk to provide specialized receivables collection services vital to the recovery of estate assets. These services are critical to maximizing estate value and facilitating the Debtor's ongoing reorganization without diverting internal resources from ongoing operations.

**II.   Standard**

Familiarly, a debtor-in-possession (standing in the shoes of a trustee) is permitted to "employ one or more … professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in

1

carrying out the [debtor-in-possession's] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).[1]

The Federal Rules of Bankruptcy Procedure, in turn, require an application such as this shall, *inter alia*:

> … state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

### III. Formalistic Recitations

Pursuant to the rigors of the above-cited rule, the Debtor notes that (i) Logan Dahlk and RCC are professional debt collection agents with no interest adverse to the estate; (ii) RCC is a highly qualified firm, specializing in commercial debt recovery, with experience assisting bankruptcy estates in the recovery of aged and delinquent receivables. RCC has assisted numerous businesses in liquidation and bankruptcy situations over the last 40 years; (iii) RCC will assist in identifying, verifying, and recovering outstanding receivables owed to the Debtor's estate. The services include, identifying and verifying all outstanding accounts receivables, contacting account debtors to secure timely payments, negotiating payment plans or settlements, if necessary, to maximize recovery, providing regular reports on collection efforts and expected receivable

---

[1] The term "professional persons" is not defined in Title 11 of the United States Code. However, "[s]ome courts have defined the term as an individual who takes a central role in the bankruptcy estate and proceedings, as opposed to one who provides services that are necessary irrespective of bankruptcy." *In re Evan Johnson & Sons Constr., Inc.*, 2019 WL 5057948, at *3 (Bankr. S.D. Miss. Mar. 11, 2019) (citing *In re Bannerman Holdings, LLC*, 2010 WL 2404313 at *2-3 (Bankr. E.D.N.C. June 10, 2010); *In re Century Inv. Fund VII Ltd. P'ship*, 96 B.R. 884, 893 (Bankr. E.D. Wis. 1989); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989); *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981)).

2

recoveries, and advising the Debtor on receivable-related disputes and potential litigation strategies; (iv) The proposed compensation structure is a contingency fee of 35% of all funds recovered from a total receivable portfolio of $492,994.09. RCC will not be compensated unless and until recovery occurs, and all compensation will be subject to Court approval pursuant to § 328(a)

   IV. **Argument**

   a. **RCC is a "Professional Person" Within the Meaning of 11 U.S.C. § 327(a)**

Receivables Control Corporation ("RCC") qualifies as a professional person within the meaning of 11 U.S.C § 327(a), which authorizes a debtor-in-possession, with court approval, to employ professional person to assist in carrying out the debtor's duties under the Bankruptcy Code. 11 U.S.C. § 327(a).

Although the Bankruptcy Code does not define the term "professional person," courts have consistently held that for purposes of § 327(a), the term encompasses individuals or firms whose occupations play a central role in the administration of the bankruptcy estate. *In re First Sec. Mortg. Co.*, 117 B.R 1001, 1006 (Bankr. N.D. Okla. 1990). Courts apply both qualitative and quantitative tests to determine whether a professional falls within § 327(a), considering whether the services involve discretion, specialized skill, or a material impact on estate administration. *See In re First Merchants Acceptance Corp.*, 1997 Bankr. LEXIS 2245, 1997 WL 873551, at *2-3 (D. Del. Dec. 15, 1997). In First Merchants, the court held that a debt collection firm retained to recover receivables – a core estate asset – was subject to § 327(a) because the work involves professional judgment, strategy, and had a material impact on the value of the estate. *Id*. at *3. That analysis applies squarely here.

3

As such, professionals like RCC who provide specialized commercial collection services fall within the scope of § 327(a), particularly when such services materially impact estate value. The Debtor seeks to retain RCC to recover approximately $492,994.09 in outstanding receivables – an asset that is both substantial and essential to the estate's financial recovery. RCC's services includes verifying account balances, contacting debtors, negotiating settlements, and advising on collection strategies. These tasks require discretion, commercial expertise, and skilled judgment, and are not clerical in nature.

RCC holds no economic interest in the Debtor and has never been previously employed by the Debtor. *See* Declaration of Logan Dahlk, attached hereto as Exhibit A. RCC is disinterested and does not hold or represent any interest adverse to the estate. Its familiarly with complex receivables recovery and targeted expertise in bankruptcy-related collections uniquely position it to navigate the challenges ahead.

### b. RCC's Retention is Necessary, Well-Justified, and in the Best Interest of the Estate.

Although § 327(a) does not impose a business judgment standard, courts evaluating professional retention recognize the importance of demonstrating that the services are necessary, involve professional discretion, and are likely to benefit the estate. See *In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *2–3 (D. Del. Dec. 15, 1997). That standard is met here. CMHM's decision to retain RCC is not only legally authorized, but also essential to preserving and recovering a substantial estate asset critical to the success of its reorganization.

The Debtor's sole employee, Mr. Meadows, manages day-to-day operations and ongoing reorganization efforts. However, neither he nor the Debtor's outside bookkeeper has the capacity, leverage, or specialized skills necessary to collect aged, disputed, or delinquent accounts of this

magnitude. Without experienced assistance, these receivables are at significant risk of permanent loss.

RCC was selected based on its specific expertise in commercial debt recovery and its proven track record working with distressed businesses and bankruptcy estates. RCC's Asset Recovery group is uniquely positioned to handle high-volume, aged receivables with a combination of professional negotiation and strategic recovery methods. RCC was chosen after considering the Debtor's needs, limitations, and the complexity of the accounts at issue.

The proposed compensation structure is also reasonable and consistent with prevailing market standards for accounts of this type. RCC's fee arrangement was negotiated at arm's length and ensures that it is paid only if it successfully recovers funds. This structure eliminates financial risk to the estate and aligns with RCC's incentives with the Debtor's fiduciary obligations to maximize recoveries.

**V.      Conclusion**

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order authorizing the employment of Receivables Control Corporation and Logan Dahlk pursuant to 11 U.S.C. § 327(a), under the terms set forth herein, and granting such further relief as is just and proper.

*[Signature on Following Page]*

Respectfully Submitted,

Dated: June 9, 2025 By: /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
christianna@dakotabankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of June, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.