# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CM HEAVY MACHINERY, LLC, | ) | Case No. 24-80617 |
| | ) | Chapter 11 |
| Debtor. | ) | |

## UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION TO APPROVE EMPLOYMENT OF LOGAN DAHLK AND RECEIVABLES CONTROL CORP. AS ACCOUNTS RECEIVABLE COLLECTION AGENTS TO ABOVE-CAPTIONED DEBTOR

Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee") hereby files this objection to the Application to Approve Employment of Logan Dahlk and Receivables Control Corp. as Accounts Receivable Collection Agents to Above-Captioned Debtor, Doc. No. 179 (the "Employment Application"). In support of this objection, the U.S. Trustee states as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

1. Pursuant to 28 U.S.C. § 586, the U.S. Trustee has the responsibility to supervise the administration of cases filed pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. On August 8, 2024, CM Heavy Machinery, LLC (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

3. No creditors' committee has been appointed.

4. Through the Employment Application filed on June 9, 2025, the Debtor again seeks to retain Logan Dahlk and Receivables Control Corp. ("RCC") to pursue collection of Debtor's accounts receivable which are scheduled in the amount of $1,343,190.26.

## OBJECTION TO REQUESTED RELIEF

5. The U.S. Trustee objects to the employment of RCC pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014.

6. First, the Declaration of Logan Dahlk includes the following language: "If an account is deemed uncollectable, we will recommend legal action to the debtor and to the court for approval prior to initiating legal action. All potential candidates will be compensated via contingent recovery of the balance and the candidates will be chosen based off the location of the debtor." *See* Declaration at ¶ 7. This provision suggests that run-of-the-mill collection attorneys may be retained by the Debtor at the recommendation of RCC and/or Dahlk. This is unnecessary as Debtor is retained by competent bankruptcy counsel and would be an unnecessary expense to the estate.

7. Second, the Summary Agreement which is attached to the Employment Application contemplates, in the third paragraph of Section 3, retention of collection attorneys. As stated above, the U.S. Trustee submits that retention of collection attorneys is unnecessary and unreasonable in this case. But this provision of the Summary Agreement seems to suggest that the Debtor may be paying double fees in the event such counsel is retained – possibly a 40% contingency fee to RCC plus a contingency fee to the collection attorney.

8. Third, the fourth paragraph of Section 3 of the Summary Agreement, which provides "[n]otwithstanding the foregoing, any placement with a contingent attorney shall require CM Heavy Machinery to specify, in writing, its intent to retain such attorney(s), including the identity and qualifications of the attorney(s) provided by RCC when selected, subject to mutual agreement with RCC" should be subject to court approval of retention.

9. Fourth, Section 5 of the Summary Agreement provides that in the event of cancellation of the Summary Agreement, "RCC will receive collection commissions on all accounts contacted by RCC personnel for 30 days beyond the effective termination date of this agreement." *See* Summary Agreement at § 5. This provision should be clarified to provide that any compensation, including these commissions, is contingent on this court finding such to be reasonable and necessary and awarding such compensation.

10. Finally, the Summary Agreement, at Section 6, provides that the agreement "is effective as of the date both parties sign this agreement. RCC will receive commission on all collections after the date this agreement is signed." *See* Summary Agreement at § 6. This provision is contrary to Tenth Circuit precedent regarding employment of professionals. *See In re Land,* 943 F.2d 1265 (10th Cir. 1991); *see also In re Schuppbach Invs., LLC*, 803 F.3d 1215, 1220 (10th Cir. 2015).

WHEREFORE, for the reasons set forth herein, the U.S. Trustee objects to the Employment Application.

        ILENE J. LASHINSKY
        UNITED STATES TRUSTEE

        *s/ Mary E. Kindelt*
        Karen Walsh, OBA # 14690
        Mary E. Kindelt, OBA # 21728
        224 S. Boulder, Suite 225
        PO Box 3044
        Tulsa, OK 74101
        Telephone: (918) 581-6687
        E-mail: mary.kindelt@usdoj.gov