Docusign Envelope ID: 64BF28BF-42A9-428B-8322-C1888207737E

# Summary Agreement

1.  **Parties to the Agreement.** On a best-efforts basis, Receivables Control Corporation ("RCC"), located in Minneapolis, Minnesota, agrees to provide non-legal collection services on behalf of C M Heavy Machinery, LLC ("CMHM"). RCC shall act solely as an agent to assist CMHM in pursuing recovery of outstanding receivables and shall not independently initiate legal action or assert control over any estate property.

2.  **Accounts Receivable.** CMHM agrees that RCC will be responsible for the collection and management of specified accounts receivable totality roughly $500,000 dollars.

    CMHM will provide RCC with all reasonably necessary supporting documentation to facilitate its collection efforts, including but not limited to contracts, invoices, payment history, correspondence, and account aging reports. CMHM will also provide a reconciliation of cash previously received on the accounts so that RCC may accurately update account balances and avoid duplicative recovery effort.

3.  **Contingent Schedule.** RCC shall be compensated on a contingency fee basis equal to thirty-five percent (35%) of the gross amount actually recovered on accounts placed with RCC by CMHM, subject to approval by the United States Bankruptcy Court pursuant to 11 U.S.C. § 330. RCC shall not be entitled to compensation on unrecovered accounts or accounts resolved by others unless otherwise approved by the Court.

    If, as a result of RCC's efforts, merchandise is returned to CMHM and accepted in satisfaction of a debt, RCC shall be entitled to a seventeen and one-half percent (17.5%) contingency fee based on the fair market value of the returned merchandise, again subject to Court approval. In the event RCC recovers any contractually authorized interest or collection fees in addition to the principal amount owed, RCC shall be entitled to receive fifty percent (50%) of such additional amounts, provided such compensation is disclosed and approved in accordance with § 330.

4.  **Retention of Legal Counsel and Attorney Placement.** If RCC determines that a receivable is unlikely to be collected through its standard internal efforts, it may submit a written recommendation to CMHM suggesting that legal action be considered. Any such recommendation must identify the proposed attorney, outline their qualifications, and describe the terms under which they would be retained. However, RCC shall not engage, contract with, or otherwise retain legal counsel on behalf of CMHM, nor shall RCC facilitate such retention unless and until: (i)

CMHM provides express written authorization to pursue legal action; (ii) RCC discloses the identity and qualifications of the proposed attorney; (iii) CMHM files a separate application to retain counsel under 11 U.S.C. § 327; and (iv) the United States Bankruptcy Court enters an order approving such retention.

Any increase in RCC's compensation related to the involvement of legal counsel, including any proposed increase to forty percent (40%) for accounts under $25,000, shall be subject to full disclosure in a supplemental fee application and prior approval by the Bankruptcy Court.

Under no circumstances shall CMHM or the estate be obligated to pay both RCC and collection counsel a combined or duplicated fee unless such arrangement is (i) clearly disclosed, (ii) based on a material contribution by RCC, and (iii) expressly approved by the Bankruptcy Court.

5. **Payment of Invoices.** Every month, RCC will provide CMHM with an itemized invoice of the previous period's collection activity. CMHM agrees to payment of such invoices only upon and subject to approval by the Bankruptcy Court.

6. **Length of Agreement.** This Agreement may be terminated by either RCC or CM Heavy Machinery upon thirty (30) days' advance written notice to the other party. In the event of termination, RCC shall be entitled to seek compensation only for amounts actually recovered on or before the effective date of termination. RCC may also seek compensation for amounts recovered after termination, but only if such recoveries are directly attributable to substantial pre-termination efforts made by RCC and the Bankruptcy Court finds, upon proper application, that such compensation is reasonable, necessary, and in the best interest of the estate pursuant to 11 U.S.C. § 330.

RCC acknowledges and agrees that no compensation of any kind (including post-termination commissions) shall be due or payable unless and until approved by the Bankruptcy Court following notice and an opportunity for hearing. The parties expressly intend that this provision supersede and replace any prior language suggesting entitlement to commissions for activity following the effective termination date.

7. **Start Date.** This Agreement shall become effective only upon entry of an order by the United States Bankruptcy Court authorizing RCC's employment pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. RCC acknowledges and agrees that it shall not be entitled to any

compensation for services rendered prior to the effective date of such Court approval. Any services provided prior to the Court's authorization shall be rendered voluntarily and at RCC's own risk.

RCC shall not receive any commission, fee, or reimbursement unless and until the Bankruptcy Court enters an order specifically approving RCC's retention and subsequently allows compensation through a properly noticed application pursuant to 11 U.S.C. § 330. The parties expressly acknowledge that this provision supersedes any prior understanding that RCC would receive commission based solely on the date this Agreement is signed.

8. **Changes to the Agreement.** Both RRC and CMHM agree that any changes or modifications made to this Summary Agreement must be made in writing, mutually agreed to in advance, and approved by the Bankruptcy Code.

9. **Signatures.** The terms and conditions of this Summary Agreement expressed herein are acceptable subject to review and approval by the Bankruptcy Code, prior to any payment of compensation to RCC, and are evidenced by the signature below.

C M Heavy Machinery, LLC

Date: 6/16/2025  By: _____
**Clint Meadors**
**Managing Member**

Receivables Control Corporation

Date: June 12, 2025  By: _____
Logan Dahlk