IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-80617 |
| | ) | (Chapter 11) |
| C M HEAVY MACHINERY, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION FOR APPROVAL OF FEES,
AND REIMBIRSEMENT OF EXPENSES, FOR COUNSEL FOR DEBTOR**

Comes the VerStandig Law Firm, LLC ("VLF"), by and through undersigned counsel, pursuant to Sections 327 and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and move for approval of (i) $46,140.00 in legal fees; and (ii) $427.15 in reimbursable expenses; for a total allowance of (iii) $46,567.15; to be compensated through (iv) the application of $18,632.00 in funds being held in VLF's attorney trust account; and (v) allowance of an administrative expense claim of $27,935.15, and in support thereof VLF states as follows:

I.  **Introduction**

This case did not end well for C M Heavy Machinery, LLC ("CMHM" or the "Debtor"). After spending 323 days in chapter 11, the Debtor saw its case converted to chapter 7 for reasons well detailed in a 27 page memorandum opinion following an evidentiary hearing. As a necessary byproduct of such, this application cannot extol the virtues of a plan that was successfully confirmed, how the Debtor successfully reorganized its affairs, or even how profound lessons were well absorbed and applied through the chapter 11 process. Yet VLF did serve as CMHM's counsel from the case's commencement through the time of conversion and, consistent with governing law and established precedent, now seeks the allowance of compensation for services rendered, and reimbursement for expenses incurred, during this oft-tumultuous timeperiod.

1

## II. Recitations Pursuant to Federal and Local Rules

Rule 2016(a)(1)(A): This application seeks allowance of $46,140.00 in legal fees, for 195.5 billable hours of attorney time, and reimbursement of $427.15 in expenses. The blended average billable rate for legal services is $236.01, with the average being arrived at by including time entries otherwise written off *en toto* (i.e., the average is weighted down by the presence of myriad "$0.00" entries for which time was recorded but professional judgment was exercised to not seek correlative compensation). A discussion of services rendered is included *infra* and time records, memorializing the nature of all such services, are appended hereto as Exhibit A.

Rule 2016(a)(1)(B): No interim compensation was sought in this case. However, $6,368.00 was paid to VLF for pre-petition services and reimbursement of pre-petition expenses (including prepayment of the filing fee in this case).

Rule 2016(a)(1)(C): VLF is holding a pre-petition retainer of $18,632.00, paid by the Debtor, that will be applied to allowed fees and reimbursements in this case. Any allowed fees and costs over and above that sum are sought in the form of an allowed administrative claim against the Debtor's bankruptcy estate.

Rule 2016(a)(1)(D): No previous compensation has been shared.

Rule 2016(a)(1)(E-F): There does not exist any agreement or understanding between VLF and any other entity for sharing compensation for services rendered in connection with this case.

Local Rule 2016-1(C): Pursuant to the United States Trustee's Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses, time and expenses were recorded by category, the details of which are set forth in Section III of the application, *infra*.

Local Rule 2016-1(D): A completed copy of Local Form 2016-1(C) is attached hereto as Exhibit B. The engagement agreement of VLF is attached hereto as Exhibit C. Detailed time records are attached hereto as Exhibit A.

### III. Categorization of Time Entries Since First Interim Application

In accord with guidelines promulgated by the United States Trustee, VLF recorded all time in this matter in project categories. The time recorded—and compensation requested—for each such project category, is as follows:

   a. Case Administration – 169.7 Hours – $38,980.00

   b. Plan and Disclosure Statement – 8.4 Hours – $4,000.00

   c. Employment Applications – 17.4 Hours – $3,160.00

   d. Reimbursable Expenses – $427.15

### IV. Description of Services Rendered

This case frequently invited the oft-predictable interplay between an economically-disorganized small business in financial distress and a well-represented creditor assuming an active role in bankruptcy proceedings. While CMHM did not qualify as a "small business debtor" within the confines of Section 101(51D) of the Bankruptcy Code, the entity would have met the rigors requisite to Subchapter V relief scantly a year prior. And much of VLF's time and attention was ultimately expended not merely tending to the formalities of chapter 11 but, too, to endeavoring to help a small business find the resources necessary to clean up years of shoddy records whilst also bringing its extant operations into accord with that required of a debtor-in-possession yearning to emerge from bankruptcy.

In terms of the more "ordinary" aspects of this case, a review of the docket is fairly revealing. VLF (i) worked to address the Debtor's desire to retain an existing bank account, before reaching an agreement with the United States Trustee whereby a debtor-in-possession account

would be opened; (ii) represented the Debtor at the initial debtor interview as well as at the meeting of creditors; (iii) appeared at an initial status conference; (iv) drafted a proposed plan and disclosure statement, as well as a supplement thereto; (v) counseled the debtor in connection with the filing of monthly operating reports; (vi) opposed two motions to dismiss or convert the chapter 11 case, including through the negotiation of an agreement with the United States Trustee on one motion and through the presentation of evidence at a contested hearing on the other motion; (vii) worked with the Debtor to identify and seek the retention of appropriate outside professionals; (viii) sought an extension of the exclusivity period applicable to the soliciting of votes on a plan of reorganization; and (ix) regularly interacted with major stakeholders—including the United States Trustee, the Debtor's largest secured creditor, and a smaller creditor represented by counsel who elected to not make a formal appearance—so as to keep them apprised of pertinent events and endeavor to address their various questions and concerns.

The less ordinary aspects of this case included (a) working to aid the Debtor in procuring an appropriate policy of insurance for estate assets; (b) relying on the professional connections of VLF's principal to present the Debtor with three separate options for well-regarded financial advisors who might be able to help clean up historic books and records whilst also remedying deficient tax filings; (c) interacting with the (different) professionals and paraprofessionals selected by the Debtor to address the aforesaid bookkeeping issues, including certain issues idiosyncratic to one such professional being seemingly unwilling to cooperate in the execution of an employment application; (d) addressing comingling issues and allegations of improper compensation correlative to the Debtor's principal's use of corporate monies for assorted purposes; (e) endeavoring to reconcile occasionally inconsistent records of assets owned by the Debtor and

assets owned by the Debtor's principal; and (f) attempting to properly value a large insurance claim and the probabilistic outcome of litigant attendant thereto.

**V.      Hourly Rates Charged**

Two attorneys worked on this case: Maurice VerStandig and Christianna Cathcart charging hourly rates of $400 and $200, respectively. It is respectfully submitted such rates are fair and reasonable in light of the experience and reputation of both attorneys.

Mr. VerStandig has been practicing law for 15 years, with the overwhelming majority of his practice devoted to chapter 11 insolvency cases. His work is largely split between the District of Columbia (where his normal hourly rate is between $500 and $600) and the District of North Dakota (where his normal hourly rate is $400), though he also handles bankruptcy cases in the District of Maryland and the Eastern District of Virginia and, on rarer occasions, has appeared in the Southern District of Florida, the District of Nevada, the Central District of California, and the Southern District of New York. He has been a member of the local rules committee, and standing bench/bar committee, for the United States Bankruptcy Court for the District of Columbia, since 2020; he has served as an associate editor of the American Bankruptcy Institute Journal since 2021; and he was a member of the American Bankruptcy Institute's "40 Under 40" class of 2024. Mr. VerStandig regularly publishes articles on bankruptcy-centric topics and frequently speaks at regional and local bar conferences on emerging issues in chapter 11.

Ms. Cathcart is a newer attorney, having joined VLF in 2024 after graduating from the University of North Dakota School of Law. Her practice is almost exclusively devoted to the management of bankruptcy cases, being comprised of a blend of consumer and commercial matters. She has argued in the United States Bankruptcy Court for the District of Columbia on multiple occasions, examined witnesses in both state and federal court, and advised debtors in

chapter 7, chapter 11 and chapter 13 cases. While no doubt a more recent member of the bar, Ms. Cathcart is an active member of the International Women's Insolvency & Restructuring Confederation and is currently preparing to handle her first chapter 11 confirmation hearing as a first chair attorney.

## VI. Termination of Representation

The compensation sought in this application is for services rendered from August 8, 2024 (the petition date) through June 27, 2025 (the date of conversion). No compensation is sought for services rendered thereafter because VLF takes the position that, while the firm will appear at the meeting of creditors herein and has kept the Debtor's principal informed of pertinent events, the representation technically concluded at the time of conversion.

The Supreme Court has held that when a debtor ceases to be a debtor-in-possession, such "terminate[s] [the debtor's] status as debtor-in-possession and so terminate[s] [counsel's] service under § 327 as an attorney for the debtor-in-possession." *Lamie v. U.S. Trustee*, 540 U.S. 526, 532 (2004).

The *Lamie* holding has been echoed by other courts, with one observing—in the context of a chapter 11 trustee's appointment—that "[t]he triggering event that prevented the petitioner's recovery in *Lamie* was not conversion to a Chapter 7 proceeding—rather, it was the appointment of a trustee that 'terminated [the debtor's] status as debtor-in-possession and so terminated petitioner's service under § 327 as an attorney for the debtor-in-possession.'" *Morrison v. U.S. Trustees*, 2010 WL 2653394, at *5 (E.D.N.Y. 2010) (quoting *Lamie*, 540 U.S. at 532).

Even before *Lamie*, this concept was crystalized in the prism of attorneys endeavoring to continue their respective representations after the appointment of a trustee:

> The intent of the Bankruptcy Code seems crystal clear that just as a trustee replaces the debtor-in-possession for the purpose of administering the estate and operating

6

> its business, so it is that the trustee's attorney displaces the debtor's attorney in order that the trustee will have counsel and assistance in performing his fiduciary duties. There is no need for the debtor to have assistance performing those duties which are fully assumed by the trustee, and hence any "debtor's attorneys" can serve no beneficial purpose for the estate unless they are characterized as attorneys for the trustee.

*In re NRG Res., Inc.*, 64 B.R. 643, 647 (W.D. La. 1986).

Being mindful of this precedent, VLF has worked, post-conversion, to promptly notify the Debtor's principal and bookkeeper of the conversion and furnish them with critical information concerning the need to protect and preserve assets. VLF has also apprised these individuals of the details surrounding the meeting of creditors. Undersigned counsel has spoken with the chapter 7 trustee on two separate occasions and has also been in touch with counsel for the United States Trustee and the estate's largest creditor. And VLF will have two attorneys present at the meeting of creditors (albeit with one attorney set to depart the meeting early to tend to an unrelated obligation in a separate case). While none of these activities are compensable in nature under *Lamie*, and while VLF is essentially without a client from whom to take direction (since the debtor is helmed by the chapter 7 trustee and VLF assuredly does not represent the debtor's equity interests), these have seemed the necessary and professional steps requisite to work to ensure an orderly transition of this case. But VLF nonetheless believes it important to openly observe that, per *Lamie* and Section 327, the representation of CMHM legally concluded when CMHM ceased to be a debtor-in-possession. And observation of such is particularly important insofar as this application, if granted, will result in VLF becoming an administrative creditor with a direct pecuniary interest in the efficient liquidation and distribution of unencumbered estate assets.

### VII. Conclusion

WHEREFORE, Maurice Belmont VerStandig and The VerStandig Law Firm, LLC respectfully pray this Honorable Court (i) finally approve and ratify the fees sought herein, in the

7

gross sum of $46,140.00; (ii) finally approve and ratify the expenses for which reimbursement is sought herein, in the gross sum of $427.15; (iii) permit The VerStandig Law Firm, LLC to withdraw $18,632.00 from monies being held in trust, as and for partial payment of the foregoing fees and expenses; (iv) allow The VerStandig Law Firm, LLC a single administrative claim of $27,935.15; (v) direct the administrative claim be paid in accord with the priority scheme set forth in the Bankruptcy Code, as part of the chapter 7 liquidation process; and (vi) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: August 5, 2025     By:    /s/ Maurice B. VerStandig
                                               Maurice B. VerStandig, Esq.
                                               The VerStandig Law Firm, LLC
                                               9812 Falls Road, #114-160
                                               Potomac, Maryland 20854
                                               Phone: (301) 444-4600
                                               mac@mbvesq.com
                                               *Counsel for The VerStandig Law Firm, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August, 2025, a copy of the foregoing was served electronically upon filing via the ECF system. Notice of this application (but not the application itself or accompanying exhibits) will be sent, via First Class Mail, postage prepaid, to all parties on the attached mailing matrix (except for attorneys affiliated with VLF), on August 6, 2025.

/s/ Maurice B. VerStandig
Maurice B. VerStandig