IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: ) | |
| ) | |
| C M HEAVY MACHINERY, LLC ) | Case No. 24-80617 |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## APPLICATION TO EMPLOY TITUS HILLIS REYNOLDS LOVE

The undersigned, Kelley G. Loud, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, respectfully submits this application to employ the firm Titus Hillis Reynolds Love ("THRL") under a contingent fee contract, pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014. In support of this application, the Trustee states as follows:

1. The Debtors filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on August 8, 2024.

2. The Chapter 11 matter was subsequently converted under Chapter 7 of the United States Bankruptcy Code on June 27, 2025.

3. Kelley G. Loud is the duly appointed, acting and qualified Chapter 7 Trustee of this Estate.

4. The Trustee has identified potential claims and causes of action that require specialized legal expertise to pursue effectively. These claims are complex and necessitate the skills and experience of attorneys with a proven track records in similar matters.

5. Prior to the conversion of this case from Chapter 11 to Chapter 7, the Debtor in Possession filed a Petition in Oklahoma County District Court against Axis Insurance Company and Bolles & Associates, LLC under Case No. CJ-2025-1270. Axis Insurance Company filed a

1

Notice of Removal of the Oklahoma County case to the District Court for the Eastern District of Oklahoma. That case was assigned CIV-25-103-GLJ.

6. THRL possesses the requisite expertise and experience in handling complex litigation matters, particularly those involving bad faith claims asserted in the case filed by the Debtor in Possession, which are critical to maximizing the estate's recovery for the benefit of creditors.

7. The Trustee proposes to employ THRL on a contingent fee basis, whereby THRL will receive 50% of any recovery obtained through litigation or settlement of the identified claims (with a reduced percentage up to a certain amount). This is the identical fee arrangement that was approved by the Court during the Chapter 11 case. The proposed fee agreement is attached as Exhibit 1.

8. The contingent fee arrangement is advantageous to the estate as it aligns the interests of the Trustee and THRL, ensuring that THRL is incentivized to achieve the best possible outcome.

9. The proposed contingent fee contract is subject to the approval of this Court and complies with the requirements of U.S.C. § 328(a).

10. THRL has conducted a thorough conflict check and has disclosed any connections with the Debtor, creditors, or other parties in interest, as required by Bankruptcy Rule 2014.

11. THRL has filed a verified statement, attached hereto as Exhibit 2, setting forth its connections with the Debtor, creditors, and other parties in interest, demonstrating that THRL is a "disinterested person" as defined in 11 U.S.C. § 101(14).

12. The employment of THRL on a contingent fee contract is in the best interest of the estate and its creditors, as it will enable the Trustee to pursue potential claims without incurring upfront legal fees.

WHEREFORE, Kelley G. Loud, Trustee, respectfully requests that this Court enter an order authorizing the employment of Titus Hillis Reynolds Love under the terms of the contingent fee contract as set forth herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted:

s/Kelley G. Loud
Kelley G. Loud, OBA #15808
kloud@titushillis.com
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800  FAX: (918) 587-6822
*Chapter 7 Trustee*

3

# ATTORNEY-CLIENT CONTRACT

WHEREAS, **KELLEY G. LOUD, CHAPTER 7 TRUSTEE OF THE ESTATE OF CM HEAVY MACHINERY, LLC, CASE NO. 25-80617** ("Client"), hereby agrees to employ **TITUS HILLIS REYNOLDS LOVE** ("Attorneys"), to represent Client in regard to any and all claims against Client AXIS Insurance Company arising from the handling of Client's insurance claim stemming from a fire and destruction of certain property in North Carolina on August 20, 2023.

WHEREAS, said Attorneys agree to accept said employment and to diligently handle and prosecute said claims; however, Attorneys reserve the right to withdraw from this Agreement if upon investigation and in their sole opinion, Client's claims appear without merit or unwise to pursue.

Attorneys agree to advance reasonable costs and expenses necessary to prosecute Client's claims. The costs and expenses advanced by Attorneys will be reimbursed to Attorneys from any proceeds that may be realized as a result of the prosecution of Client's claims. Reimbursement of costs and expenses will be paid from the gross proceeds recovered prior to the calculation of sums payable to Client and such other sums as may be payable as attorney's fees pursuant to this Contract. Client hereby gives Attorneys a lien on said claims and actions and on the funds recovered by judgment or realized by settlement, as security for the costs and fees advanced by said Attorneys.

Client agrees to compensate Attorneys under the following formula:

Any funds realized as a result of the prosecution of Client's claim will be divided as follows:

    a.    All expenses advanced by the Attorneys in connection with the prosecution of these claims will be deducted first from the gross amount.

    b.    Any sums remaining after subtraction of (a) above from the gross amount of funds realized as a result of the prosecution of Client's claims will be divided as follows:

        (i)    90% to Client and 10% to Attorneys for recovery of the ACV as determined by Client's insurer in the amount of $1,406,971;

        (ii)    50% to Client and 50% to Attorneys for any amount above ACV as determined by Client's insurer in the amount of $1,406,971;

Attorneys understand and acknowledge this Agreement is subject to the approval of the United States Bankruptcy Court for the Eastern District of Oklahoma. Further, Attorneys understand and acknowledge that any compensation to be paid hereunder is expressly subject to the approval of the United States Bankruptcy Court for the Eastern District of Oklahoma.

DATED this 8 day of August, 2025.

TITUS HILLIS REYNOLDS LOVE

By: *(signature)*
R. Tom Hillis

**CLIENT:**

*(signature)*
Kelley G. Loud, Chapter 7 Trustee
of the Estate of CM Heavy Machinery LLC
Case No. 24-80617

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re: )
)
C M HEAVY MACHINERY, LLC ) Case No. 24-80617
) Chapter 7
)
Debtor. )

### AFFIDAVIT OF ATTORNEY

R. Tom Hillis of Titus Hillis Reynolds Love, of lawful age, being first duly sworn upon oath states as follows:

1. I and the members of the firm Titus Hillis Reynolds Love ("THRL") are duly licensed and practicing attorneys in the State of Oklahoma.

2. I am a shareholder of THRL, located at the 15 East 5th Street, Suite 3700, Tulsa, Oklahoma 74103, and I have been requested by the Chapter 7 Trustee, Kelley G. Loud, to represent the bankruptcy estate in connection with the pursuit of a claim or cause of action on a contingent fee basis.

3. To the best of my knowledge, and belief, I and the members of THRL do not represent any interest adverse to the estate in the matters which we are to be engaged and are disinterested person as the term is defined in 11 U.S.C. § 101(14).

4. The Terms of the proposed employment include a contingent fee of 50% of any gross recovery (with a reduced percentage up to a certain amount), plus reimbursement of reasonable and necessary expenses, subject to approval of this Court upon application pursuant to 11 U.S.C. §330 and § 331.

5. Neither I nor the members of THRL have received or been promised any retainer, compensation, or reimbursement in connection with this case except as may be disclosed herein or in the Application to Employ.

6. I understand that any compensation paid is subject to the court approval and that no payment will be made without duly filed application and order of the Court authorizing such payment.

7. I am competent to testify to the matters stated herein and make this affidavit in support of the Trustee's Application to Employ my firm to represent the estate on the terms described

4

EXHIBIT
2

above.

Dated August 11th, 2025.

_____
R. Tom Hillis

Sworn and subscribed to before me this 11th day of August, 2025.

( SEAL )   [Notary Seal: LACEY MCPHERSON, NOTARY, #21013675, EXP. 10/18/25, STATE OF OKLAHOMA]

_____
Notary Public

5