UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
C M HEAVY MACHINERY, LLC, ) Case No. 24-80617
)
Debtor. )

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE FIRST AND FINAL FEE APPLICATION FOR APPROVAL OF FEES, AND REIMBURSEMENT OF EXPENSES, FOR COUNSEL FOR DEBTOR**

Ilene J. Lashinsky, United States Trustee for Region 20 ("U.S. Trustee"), hereby submits this objection to the First and Final Application for Approval of Fees, and Reimbursement of Expenses, for Counsel for Debtor ("Application") filed herein on August 25, 2025, at Dkt. No. 199, and requests that the Application be denied as outlined herein. In support of this Objection, the U.S. Trustee states as follows:

1. C M Heavy Machinery, LLC ("Debtor") filed its Petition on August 8, 2024.

2. On August 30, 2024, this Court entered an Order Granting Application to Approve Employment of Maurice B. VerStandig, Esq. and the VerStandig Law Firm, LLC as General Reorganization Counsel To Above-Captioned Debtor (Dkt. No. 34).

3. On June 27, 2025, this Court entered its Order of Conversion (Dkt. No. 186) converting the case from a Chapter 11 case to a Chapter 7 case.

4. In the Application, VerStandig Law Firm, LLC ("VLF"), seeks approval of $46,140 in legal fees and $427.15 in expenses relating to representation of the Debtor in its Chapter 11 case. The Debtor also seeks authority to apply its retainer to any awarded fee with the balance being an allowed administrative expense claim to be paid in accordance with the priority provided by the Bankruptcy Code.

1

5. The U.S. Trustee's objection only relates to the fees and expenses sought to be approved by this Court and not to the issue regarding application of a retainer or administrative expense priority for any remaining balance owed.

## Legal Standards for Professional Compensation

6. 11 U.S.C. § 330(a)(1) provides that:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . an examiner, . . . or a professional person employed under section 327 or 1103 –
>
> (A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) Reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

7. To determine reasonableness, § 330(a)(3) instructs that:

> . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

2

> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

8. In turn, Federal Rule of Bankruptcy Procedure 2016(a)(1) implements the standards set forth in 11 U.S.C. § 330:

> If an entity seeks from the estate interim or final compensation for services or reimbursement of necessary expenses, the entity must file an application showing:
>
> (A) in detail the amounts requested and the services rendered, time spent, and expenses incurred;
>
> (B) all payments previously made or promised for services rendered or to be rendered in connection with the case;
>
> (C) the source of the paid or promised compensation;
>
> (D) whether any previous compensation has been shared;
>
> (E) whether an agreement or understanding exists between the applicant and any other entity for sharing compensation for services rendered or to be rendered in connection with the case; and
>
> (F) the particulars of any compensation sharing or agreement or understanding to share, except with a member or regular associate of a law or accounting firm.

Fed. R. Bankr. P. 2016(a)(1).

9. To be compensable, § 330 requires an applicant to establish that the professional's services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case. 11 U.S.C. § 330(a)(3)(C).

10. The movant bears the burden "to prove and establish the reasonableness of each dollar, each hour, above zero." *In re Burke*, 147 B.R. 787, 798 (Bankr. N.D. Okla. 1992) (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)).

3

11. The professional's burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." *In re Spanjer Bros., Inc.*, 191 B.R. 738, 747 (Bankr. N.D. Ill 1996). To satisfy its burden, an applicant must justify its charges with detailed, specific, itemized documentation. *In re Baker*, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007); *see also In re Bennett Funding Group,* 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997).

12. If an applicant fails to sustain its burden on reasonableness, a court may properly deny the application for compensation. *In re Beverly Mfg. Corp.,* 841 F.2d 365 (11th Cir. 1988). Similarly, a court may reduce a professional's fees or expenses when they are disproportionate to the benefit to the estate, even if it already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. *See In re Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 262-63 (3d Cir. 1995) (affirming lower court's denial of improperly documented and inadequately detailed expenses).

13. The Court has an independent duty to review fee applications "lest . . . professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors." *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997) (quoting *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 844 (3d Cir. 1994)). Accordingly, courts serve a vitally important gate-keeping role in enforcing the Code's requirements that only reasonable fees be approved and paid as well as maintaining public confidence in the bankruptcy system itself. *In re Temple Ret. Cmty., Inc.*, 97 B.R. 333, 337 (Bankr. W.D. Tex. 1989).

## Specific Reductions Sought by the United States Trustee

**Vague Time Entries**

14. Time entries must specifically and clearly identify each discrete task so the Court can determine whether compensation is claimed for hours that are "redundant, excessive, or otherwise unnecessary." *In re Baker*, 374 B.R. at 494.

15. "In cases where the time entry is too vague or insufficient to allow for a fair evaluation of the work done and the reasonableness and necessity for such work, the court should disallow compensation for such services." *In re Bennett Funding Group*, 213 B.R. at 244. Such vague entries "make a fair evaluation of the work done and the reasonableness and necessity for the work extremely difficult, if not impossible. *In re Hudson*, 364 B.R. 875, 880 (Bankr. N.D.N.Y. 2007).

16. The U.S. Trustee believes the billing entries that are too vague to be compensated are:

| Attorney | Date | Quantity | Total | Description |
|---|---|---|---|---|
| Christianna Cathcart | 8/20/2024 | 0.3 | $60 | Called client; filled out "Quote Intake Form" |
| Christianna Cathcart | 10/15/2024 | 2.5 | $500 | Work on Operating Reports |
| Christianna Cathcart | 10/16/2024 | 1.3 | $260 | Work on Operating Report |
| Christianna Cathcart | 11/20/2024 | 4.0 | $800 | Drafting MOR; Email to C. Meadors and Holly |
| Christianna Cathcart | 12/23/2024 | 3.2 | $640 | Monthly Operating Report/Uploaded Monthly Operating Report |
| Christianna Cathcart | 1/17/2025 | 0.3 | $60 | Drafted email to Holly requesting documentation needed for the monthly operating reports and FBI records regarding accounts receivables |
| Christianna Cathcart | 1/23/2025 | 0.2 | $40 | Phoned Alfredo Olsen FBI investigators to inquire about documentation related to asset recovery efforts. Emailed accountant requesting |

|  |  |  |  | resume and biography to draft employment application |
|  |  | TOTAL: | $2,360 |  |

17. Because the U.S. Trustee is unable to evaluate these time entries to determine whether they are necessary or reasonable based on the vague description, the U.S. Trustee seeks a reduction in fees to be awarded to VLF in the amount of $2,360.

**Improper Lumping**

18. In reviewing fee applications, courts have rejected "block billing" or "lumping" of time entries because it is difficult to determine the reasonableness of time spent on each task. *See In re 29 Brooklyn Ave., LLC*, 548 B.R. 642, 652-53 (Bankr. E.D.N.Y. 2016); *In re Ritchey*, 512 B.R. 847, 870-72 (Bankr. S.D. Tex. 2014); *In re Digerati Techs., Inc.*, 537 B.R. 317, 332-35 (Bankr. S.D. Tex. 2015).

19. In the Application, VLF has several time entries that lump various tasks together without assigning the amount of time each task took to the specific task. The lumped time entries are as follows:

| Attorney | Date | Quantity | Total | Description |
| --- | --- | --- | --- | --- |
| Maurice VerStandig | 8/22/2024 | 1.3 | $520 | Review initial report requirements and cull client's financial records to locate responsive documents, speaking periodically with the principal to garner relevant information and drafting report – including explanatory notes thereto; Review report with principal and secure his signature on relevant documents |
| Christianna Cathcart | 9/3/2024 | 3.3 | $660 | Insurable interest research. Phone call with Adam (insurance broker). Email to client/Insurance broker |
| Christianna Cathcart | 12/12/2024 | 1.2 | $240 | Reviewed and responded to client inquiries regarding the 2004 examination; conducted a phone consultation with the client re same |
| Maurice VerStandig | 2/1/2025 | 1.4 | $560 | Review motions to dismiss or convert and client e-mail discussing same; |

6

|  |  |  |  | Begin to draft detailed e-mail to client addressing key points and laying out procedure for responding to motions as well as ports of focus meriting attention |
|---|---|---|---|---|
| Christianna Cathcart | 2/4/2025 | 0.4 | $80 | Reviewed and analyzed emails from Holly regarding case-related matters. Assessed relevant information and prepared responses. |
| Christiana Cathcart | 2/18/2025 | 0.6 | $120 | Call with Holly to discuss discrepancies in bank accounts. Reviewed account records and addressed personal expenses. |
| Maurice VerStandig | 3/10/2025 | 1.7 | $680 | Review motion to dismiss and opposition thereto, with eye toward assessing exhibits to be introduced at hearing; Collate exhibits and assemble same into digital binder; transmit binder to FedEx for printing and binding |
| Christianna Cathcart | 12/6/2024 | 1.8 | $360 | Conference call; reviewed plan |
| Christianna Cathcart | 1/2/2025 | 1.0 | $200 | Review and revise the provided employment application, ensuring that all necessary edits are made. Additionally, convert the PDF document to a Word document, as requested by Blake Sonne. |
|  |  | TOTAL: | $3,420 |  |

20.  The U.S. Trustee seeks a reduction of 50% for lumped time entries because she cannot determine whether the time for the specific tasks was reasonable. The U.S. Trustee seeks a reduction in fees to be awarded to VLF in the amount of $1,710 on account of lumping.

**Excessive Time Spent on Tasks**

21.  The U.S. Trustee understands and appreciates that Christianna Cathcart is a young attorney who is developing a bankruptcy practice with VLF. She undoubtedly gained valuable experience working on this case. However, the U.S. Trustee has reviewed all of the time entries submitted by VLF and some of the tasks simply took too much time. And the estate should not

foot the bill. While these undoubtedly provided Ms. Cathcart with learning experiences, VLF should foot those expenses as overhead rather than billing full value to the Debtor's estate.

22. The specific time entries the U.S. Trustee has identified as excessive are:

| Attorney | Date | Quantity | Total | Description |
|---|---|---|---|---|
| Christianna Cathcart | 8/29/2024 | 7.2 | $1,440 | Filled out required paperwork for insurance. Call(s)/emails with client/insurer |
| Christianna Cathcart | 1/23/2025 | 2.5 | $500 | Began research on legal standards and procedural requirements for filing a motion to extend exclusivity under § 1121(d). Reviewed case law and statutory provisions to support the motion |
| Christianna Cathcart | 1/23/2025 | 1.2 | $240 | Began drafting motion to extend exclusivity, including preparing the introduction and ensuring proper formatting of the document in compliance with court rules |
| Christianna Cathcart | 1/27/2025 | 2.6 | $520 | Conducted legal research on extending exclusivity, analyzing relevant case law and statutory interpretation |
| Christianna Cathcart | 1/29/2025 | 1.2 | $240 | Drafted letter to AT&T informing them of the automatic stay, advising them to cease collection activities |
| Christianna Cathcart | 1/31/2025 | 4.3 | $860 | Drafted motion to extend exclusivity, outlining legal basis for extending debtor's exclusive period to file reorganization plan |
| Christianna Cathcart | 2/4/2025 | 3.1 | $620 | Draft 2004 motion, reviewing statutory requirements to ensure procedural compliance. |
| Christianna Cathcart | 2/5/2025 | 4.5 | $450 | Continue drafting 2004 motion, outlining legal justification. Reviewed case status and deadlines to support the request for additional time to file a reorganization plan. |
| Christianna Cathcart | 3/25/2025 | 1.1 | $220 | Amended employment application, updating disclosures and supporting details |
| Christianna Cathcart | 4/15/2025 | 2.8 | $560 | Redrafted employment application, updating disclosures and supporting documents to ensure compliance with bankruptcy court requirements |

8

TOTAL:     $5,650

23.     The U.S. Trustee seeks a reduction of 50% for lumped time entries because she cannot determine whether the time for the specific tasks was reasonable.  The U.S. Trustee seeks a reduction in fees to be awarded to VLF in the amount of $2,825 on account of excessive time spent on tasks.

**Administrative and Clerical Tasks**

24.     The U.S. Trustee has identified two tasks that VLF seeks to charge the estate for which are administrative and clerical in nature.  The specific time entries are:

| Attorney | Date | Quantity | Total | Description |
|---|---|---|---|---|
| Christianna Cathcart | 2/19/2025 | 0.3 | $60 | Phone call with Holly updating her on the location of hearing on 2/20/25.  Drafting Holly and Client email on location for the hearing |
| Maurice VerStandig | 3/11/2025 | 0.3 | $120 | Review printed exhibit binders and coordinate shipping for hearing on motion to dismiss |

                    TOTAL          $180

25.     These tasks are administrative and clerical in nature and should be viewed as part of the firm's overhead.  Accordingly, the U.S. Trustee seeks a reduction in fees to be awarded to VLF in the amount of $180.

**Duplication of Services**

26.     Bankruptcy courts may not allow compensation for the unnecessary duplication of services.  11 U.S.C. § 330(a)(4)(A)(i).

27.     Generally, VLF has done a good job avoiding duplication in its billing, however, there is one time entry that is duplicative of a corresponding time entry of Christianna Cathcart.  Specifically, the duplicative entry is:

9

| Attorney | Date | Quantity | Total | Description |
|---|---|---|---|---|
| Maurice VerStandig | 4/7/2025 | 0.4 | $160 | Call with bank's counsel re additional exhibits for hearing on motion to dismiss, stipulations as to authenticity and admissibility, potential settlement, and bank's intent to file a reply brief raising new factual issues within scope of legal contentions set forth in motion |
| | | TOTAL | $160 | |

28. Accordingly, the U.S. Trustee seeks a reduction in fees to be awarded to VLF in the amount of $160 on account of duplication of services.

## CONCLUSION

29. Based on the foregoing, the U.S. Trustee objects to the Application and requests that the fee awarded be reduced to $38,905 to account for reductions of $7,235 ($2,360 for vague task descriptions, $1,710 for lumping, $2,825 for excessive time spent on tasks, $180 for administrative and clerical tasks, and $160 for duplication of services).

**DATED**: August 27, 2025.

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*/s/ Mary E. Kindelt*
Karen Walsh, OBA No. 14690
Mary E. Kindelt, OBA No. 21728
P.O. Box 3044
Tulsa, OK 74101
(918) 581-6670
(918) 581-6674 (Fax)
mary.kindelt@usdoj.gov

10