UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: | ) |
| | ) |
| CM HEAVY MACHINERY, LLC | ) Case No. 24-80617 |
| | ) Chapter 7 |
| | ) |
| Debtor. | ) |

### TRUSTEE'S MOTION FOR ORDER OF CONTEMPT AGAINST THE DEBTOR FOR FAILURE TO COMPLY WITH THE COURT'S ORDER ON THE TRUSTEE'S MOTION TO DIRECT DEBTOR TO TURNOVER PROPERTY

Kelley G. Loud, Trustee ("Trustee") pursuant to Rule 9020 of the Federal Rules of Bankruptcy Procedure moves this Court for an Order of Contempt against the Debtor CM Heavy Machinery, LLC, ("Debtor") by and through the individual responsible for the Debtor, Client Meadors, for failure to comply with the Court's Order on the Trustee's Motion to Direct Debtor to Turnover Property pursuant to 11 U.S.C. §542. In support of this Motion, the Trustee would show the Court as follows:

### BACKGROUND AND FACTS

1. Debtor filed its Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on August 8, 2024. (the "Petition Date").

2. The Chapter 11 case was converted to a case under Chapter 7 by the Order of this Court entered on June 27, 2025 [ECF No. 184].

3. Kelley G. Loud is the duly appointed, qualified and acting Trustee of this case.

4. At the continued meeting of creditors in this case held on August 20, 2025, the Trustee instructed the Debtor and Clint Meadors, who appeared on behalf of the Debtor, that neither the Debtor nor Mr. Meadors were authorized to use Estate property, including any vehicles or equipment. At that meeting, Mr. Meadors was very evasive as to the location of Estate property, including vehicles and equipment, that was not located at the Debtor's business site.

1

5. After failing to obtain the Debtor's cooperation in the turnover of Estate property not at the Debtor's business site, on September 3, 2025, Trustee filed her Motion to Direct Debtor to Turnover Property ("Motion for Turnover") [ECF No. 215].

6. The Trustee served the Motion for Turnover on the Debtor by and through Clint Meadors by hand delivery on September 11, 2025. Mr. Meadors had testified at the meeting of creditors in this case that neither the Debtor nor Mr. Meadors have a mailing address nor does Mr. Meadors have a residential address.

7. At the time the Motion for Turnover was filed, the Debtor had no bankruptcy counsel as Debtor's Chapter 11 counsel had previously advised he no longer represented the Debtor, and no other attorney had entered an appearance on behalf of the Debtor.

8. The Debtor filed no response or objection to the Motion for Turnover.

9. On September 23, 2025, the Court entered an Order on the Motion for Turnover ("Turnover Order") [ECF No. 231] which, in addition to requiring turnover of the property listed in the Order, states:

> …within five (5) days of the date of this Order, the Debtor, by and through the individual responsible for Debtor, Client Meadors, shall advise the Trustee of the location of the property of the Estate listed in this Order.

10. The Trustee was informed on September 22, 2025, that the Debtor had engaged Joe Tate as the Debtor's counsel in this case. Thus, the Turnover Order was emailed to Mr. Tate on September 23, 2025. Mr. Tate filed an Entry of Appearance in this case as counsel for the Debtor on September 30, 2025. The Turnover Order was not served on the Debtor, other than by and through its counsel, due to Mr. Meadors' testimony at the meeting of creditors that neither the Debtor nor Mr. Meadors have a mailing address nor does Mr. Meadors have a residential address.

11. Prior to filing this Motion, the Trustee and her agents communicated with Mr.

Meadors on several occasions requesting the location of the Estate property listed on the Turnover Order.

12. On one occasion, presumably in response to the Trustee's requests, Mr. Meadors delivered two (2) Caterpillar bulldozers to the Debtor's business site even though Mr. Meadors had been advised by the Trustee that he was not authorized to use a 2007 Peterbilt 379 Truck-Haul and 2018 Trail King TK110HDG Trailer Semi-Lowboy (also listed on the Turnover Order and presumably how he transported the bulldozers) to deliver equipment to the CM Heavy Machinery business site unless he obtained insurance on the Peterbilt truck and the Trail King trailer. Neither the Debtor nor Mr. Meadors obtained insurance.

13. The Trustee demanded the Debtor and Mr. Meadors cease all use of the Peterbilt truck and the Trail King trailer and reiterated that the location of the Estate property listed on the Turnover Order (including the Peterbilt truck and the Trail King trailer) should be provided so that the Trustee could arrange for the retrieval of the listed equipment and vehicles.

14. The Debtor has failed and refused to comply with the Turnover Order by refusing to advise the Trustee of the location of the Estate property listed on the Turnover Order.

15. In fact, the Debtor and Mr. Meadors are actively concealing Estate property from the Trustee, moving it from location to location to avoid the retrieval of Estate property by the Trustee.

**ARGUMENT AND AUTHORITIES**

Title 22 U.S.C. §105 authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy courts may impose civil contempt. *Mountain American Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 446 (10th Cir. 1990) (bankruptcy courts have the power to "issue any order … necessary or

3

appropriate to carry out the provisions of this title … [including] taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process …"); *Scrivner v. Mashburn (In re Scrivner)*, 535 F.3d 1258, 1263 (10th Cir. 20908) (11 U.S.C. §105 "grants bankruptcy courts the power to 'sanction conduct abusive of the judicial process'").

To hold a party in contempt, a court must find (1) the party violated a specific and definite court order; (2) the party had notice of the order; and (3) the party did in fact violate the order. *Reliance Insurance Co. v. Mast Construction Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998); *Lucre Management Group, LLC v. Schempp Real Estate, LLC (In re Lucre Management Group, LLC)*, 365 F.3d 874, 875 (10th Cir. 2004). The burden of proof for a finding of civil contempt is clear and convincing evidence. *FTC v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004).

Where a party served with a Motion for Contempt fails to timely respond or object despite being given reasonable notice and an opportunity to be heard, bankruptcy courts may issue contempt orders without conducting an actual hearing. See *In re C.W. Mining Co.*, 625 F.3d 1240, 1245 (10th Cir. 2010) ("This court has adhered to the principle that due process requires only an opportunity to be heard."); *FTC v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) ("[I]n civil contempt proceedings all that is required to satisfy the Due Process Clause is that defendants be given reasonable notice and an opportunity to heard.") (citing *International Union, United Mine Workers of American v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed 642 (1994)).

The Turnover Order specifically ordered turnover of the property listed in the Order, and requires the Debtor, by and through Mr. Meadors, to advise the Trustee of the location of the listed property. The Debtor had notice of the Turnover Order by and through its attorney of record.

The Debtor has violated the terms of the Turnover Order by failing to provide the location

of the listed Estate property and continuing to conceal the listed Estate property.

By the Debtor's failure and refusal to obey said Turnover Order, the authority of the Court and respect therefore has been impaired, and the Trustee and Estate have suffered unnecessary inconvenience, delay, loss of property and legal expense.

**WHEREFORE**, for the foregoing reasons, the Trustee requests that the Court (i) enforce all terms of the Turnover Order, (ii) impose safeguards against future blatant violations of the Turnover Order, including sanctions against the Debtor and Clint Meadors triggered by future violations, (iii) find the Debtor in civil contempt for its failure to comply with this Court's binding orders and (v) grant such other relief as the Court deems appropriate.

Respectfully submitted:

s/Kelley G. Loud
Kelley G. Loud, OBA #15808
kloud@titushillis.com
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800 FAX: (918) 587-6822

*Attorneys for Chapter 7 Trustee*