# Exhibit 1

IN THE DISTRICT COURT OF OKFUSKEE COUNTY
STATE OF OKLAHOMA

GREAT PLAINS NATIONAL BANK, a
national banking association,

    Plaintiff,

v.

CM HEAVY MACHINERY, LLC and
CLINT MICHAEL MEADORS,

    Defendants,

AND

INTERNAL REVENUE SERVICE,
OKLAHOMA TAX COMMISSION,
OKFUSKEE COUNTY, OKLAHOMA, by
and through THE BOARD OF COUNTY
COMMISSIONERS OF OKFUSKEE
COUNTY and THE OKFUSKEE COUNTY
TREASURER,

    Additional Defendants.

Case No. CJ-24-34



FILED
IN DISTRICT COURT
OKFUSKEE COUNTY, OKLA.

JUN 06 2024

SHERRI L. FOREMAN, COURT CLERK
BY _____ DEPUTY

## PLAINTIFF'S VERIFIED PETITION

Comes now, Plaintiff Great Plains National Bank, a national banking association ("Plaintiff" or "GPNB"), for its causes of action against Defendants CM Heavy Machinery, LLC ("Borrower" or "CM Heavy"), and Clint Michael Meadors ("Guarantor" or "Mr. Meadors") (collectively "Defendants"), alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. GPNB is a national banking association that maintains offices and does business in Oklahoma.

2. Defendant CM Heavy Machinery, LLC, is an Oklahoma limited liability company.

3. Upon information and belief, defendant Clint Michael Meadors is a resident in or around Okfuskee County, Oklahoma.

4. This Court has jurisdiction over the parties and the subject matter of this action.

5. Venue is proper in Okfuskee County, Oklahoma, pursuant to 12 O.S. §§ 131, 142.

**FIRST CAUSE OF ACTION**
(Promissory Note – Loan No. 705244044)

6. The allegations contained in the foregoing paragraphs are incorporated herein.

7. On or around December 16, 2019, for good and valuable consideration, GPNB, CM Heavy, and Mr. Meadors entered into that certain Business Loan Agreement for Loan No. 705244044, wherein GPNB agreed to loan to CM Heavy the principal amount of $8,250,000.00 for the purpose of purchasing a large quantity of digging mats (the "Loan"). A copy of the Business Loan Agreement is attached as Exhibit "A" hereto.

8. On or about December 16, 2019, for good and valuable consideration, CM Heavy executed and delivered to GPNB that certain Promissory Note payable to GPNB in the original face amount of $8,250,000.00 (the "Prior Note"). A copy of the Note is attached as Exhibit "B" hereto.

9. On or about September 30, 2020, for good and valuable consideration, CM Heavy executed and delivered to GPNB that certain Promissory Note payable to GPNB in the original face amount of $5,786,839.90 (the "Note"), as a modification to the Prior Note. A copy of the Note is attached as Exhibit "C" hereto.

10. The Note was extended six (6) times from April 21, 2021, to July 21, 2022, to allow CM Heavy additional time to sell mats to pay down the Loan amount and make interest payments (collectively, with the Prior Note and the Note, the "Notes").

2

11. On October 11, 2023, GPNB and CM Heavy entered that certain Loan Modification Agreement, therein modifying the Business Loan Agreement and the Notes. A copy of the Loan Modification Agreement is attached as Exhibit "D" hereto.

12. CM Heavy has failed and refused to pay the Note in accordance with its terms and the terms of the Business Loan Agreement and, therefore, GPNB accelerated the Note.

13. CM Heavy is in default under the terms of the Note because, among other reasons, it did not make the monthly installments under the Note when due and failed to pay the indebtedness owed under the Note, now more than sixty (60) days overdue, and failed to provide monthly financial documents pursuant to the Additional Reporting Requirements.

14. There is due and owing to GPNB under the Note the principal sum of $3,880,689.55, together with $578,607.12 in interest accrued through May 20, 2024, fees in the amount of $104,650.53, and $5,323.89 in late charges. Interest accrues after May 20, 2024, at the default rate of 538.984659722 per diem, until paid (the "Indebtedness").

15. GPNB has been compelled to employ attorneys to prosecute this action and is entitled to reasonable attorney's fees and other reasonable costs of collection under the terms of the Note and applicable state law.

WHEREFORE, GPNB requests judgment in its favor and against CM Heavy on the Note in the principal sum of $3,880,689.55, together with: (a) interest accrued through May 20, 2024, in the amount of $578,607.12; (b) interest accruing on the principal after May 20, 2024, at the default rate of 538.984659722 per diem, until paid; (c) late charges in the amount of $5,323.89; (d) fees in the amount of $104,650.53; (e) all costs of collection including reasonable attorney's fees; and (f) for such other and further relief as the Court may deem just and proper.

3

## SECOND CAUSE OF ACTION
(Foreclosure of Security Interest)

16. The allegations contained in the foregoing paragraphs are incorporated herein.

17. To secure performance of CM Heavy's obligations to GPNB, including without limitation the Note, CM Heavy granted to GPNB a security interest in and to all assets of CM Heavy, including but not limited to equipment, accounts, inventory, instruments, general intangibles, investment property, chattel paper, titled vehicles, and deposit accounts, wherever located, now owned or hereafter acquired, and all proceeds thereof (collectively "Business Property"), as described in that certain Commercial Security Agreement dated December 16, 2019, as amended by the Commercial Security Agreement dated September 30, 2020 (the "Security Agreement"), and as last amended by the Loan Modification Agreement, and executed and delivered to GPNB by CM Heavy. A true and correct copy of the Security Agreement is attached as Exhibit "E" hereto.

18. GPNB perfected its security interest by filing the financing statements, copies of which are attached at Exhibit "F" hereto.

19. Without limitation to other defaults, due to CM Heavy's default under the Note, CM Heavy is in default under the Security Agreement.

20. GPNB's interest in and to the Business Property are senior and prior to the interest of all Defendants in and to the Business Property.

WHEREFORE, GPNB requests the Court to: (a) order, adjudge, and decree that GPNB has valid security interests and liens in and to the Business Property, which are senior and prior to the interest therein, if any, of all Defendants; (b) enter judgment in favor of GPNB and against all Defendants for possession of the Business Property; (c) order all Defendants, jointly and severally, to turn over possession of the Business Property to GPNB and to provide GPNB an updated

schedule of CM Heavy's account debtors; (d) enter a judgment permitting GPNB to foreclose its interests in the Business Property and sell the Business Property in accordance with Oklahoma law, or, at GPNB's option, to turn over the Business Property to the Sheriff of Okfuskee County for sale; and (e) provide such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**
(Replevin – 12 O.S. §1571)

21. The allegations contained in the foregoing paragraphs are incorporated herein.

22. Because of Borrower's default under the Note and Security Agreement, GPNB has a special ownership interest in the Business Property and is entitled to immediate possession of the Collateral.

23. The Borrower is wrongfully detaining the Business Property and have failed to turn it over to GPNB in compliance with the Security Agreement.

24. On information and belief, GPNB estimates the actual value of the Collateral is approximately $1,200,000.00. A statement of the value of each article of the Business Property is impracticable at this time given the circumstances.

25. The Business Property has not been taken in execution on any order or judgment against GPNB, or for the payment of any tax, fine, or amercement assessed against GPNB, or by virtue of an order of delivery issued under 12 O.S. § 1571, *et seq.*, or any other mesne or final process issued against GPNB.

WHEREFORE, the GPNB seeks and requests replevin and relief as follows: (a) That the Clerk of this Court issue a Notice to be served upon the Borrower, which shall notify them that: (1) an Order of Delivery of the Business Property is sought; (2) the Borrower has the right to object by written response filed with the Court Clerk and delivered or mailed to GPNB's attorney within five days after service of this Petition; (3) the Order of Delivery shall be issued by the Clerk in the

event no written response is filed within the five-day period; and (4) pursuant to 12 O.S. § 1571.1, any person who willfully and knowingly damages property in which there exists a valid right to issuance of an order of delivery, or on which such order has been sought under the provisions of 12 O.S. § 1571, or who transfers or conceals it, with intent to interfere with the enforcement of the order, or who removes it from the jurisdiction of this Court with the intention of defeating enforcement of an order of delivery, or who willfully refuses to disclose its location to an officer charged with executing an order for its delivery, or who, when in possession of such property, willfully interferes with the officer charged with executing such order, shall be guilty of a misdemeanor, and in addition to such criminal penalties as provided by law, shall be liable to GPNB for double the amount of damage done to the property, together with a reasonable attorney's fee to be fixed by the Court; (b) That the Court issue an Order of Delivery for the immediate delivery of the Business Property to GPNB; (c) That the Court enter judgment in favor of GPNB against the Borrower for the possession of the Business Property, decreeing that the Bank's interests in the Business Property are senior and prior to the interests of the Borrower and any other defendant, if any; (d) That the Court enter judgment against the Borrower for a reasonable attorney's fee to be determined by the Court and taxed as costs; (e) That the Court enter judgment against the Borrower for all costs of collection, enforcement and sale; and (f) That the Court grant GPNB such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**
(Appointment of Receiver)

26. The allegations contained in the foregoing paragraphs are incorporated herein.

27. Pursuant to 12 O.S. § 1551(A), GPNB seeks a court order appointing a receiver in this action. In support, GPNB can show that conditions of the Security Agreement have not been performed, and the Security Agreement provides for the appointment of a receiver (under the

6

"Appoint Receiver" Section on Page 4 of the Security Agreement, GPNB shall be entitled to the appointment of a receiver upon any failure of CM Heavy to comply with any term, obligation, covenant, or condition contained in the Security Agreement, the Note, or any related documents.

WHEREFORE, GPNB prays that this Court appoint a receiver of GPNB's choosing to maintain, collect, and manage the Business Property, and that the Court also authorize a receiver to market the Business Property for sale.

## FIFTH CAUSE OF ACTION
(Foreclosure of Mortgage)

28. The allegations contained in the foregoing paragraphs are incorporated herein.

29. To secure performance of CM Heavy's obligations to GPNB, including without limitation the Note, CM Heavy granted to GPNB a mortgage covering the following described real property in Okemah, Okfuskee County, Oklahoma, together with all improvements now or hereafter erected on such property, and all easements, appurtenances, and fixtures now or hereafter a part of such property:

NORTH HALF OF THE SOUTHWEST QUARTER (N/2 SW/4), SECTION TWENTY-FIVE (25), TOWNSHIP TEN (10) NORTH, RANGE NINE (9) EAST OF THE INDIAN BASE AND MERIDIAN, OKFUSKEE COUNTY, OKLAHOMA, AND THE NORTHWEST QUARTER OF THE SOUTHEAST QUARTER (NW/4 SE/4), SECTION TWENTY-FIVE (25), TOWNSHIP TEN (10) NORTH, RANGE NINE (9) EAST OF THE INDIAN BASE AND MERIDIAN, OKFUSKEE COUNTY, OKLAHOMA; AND THE SOUTH HALF OF THE SOUTHWEST QUARTER (S/2 SW/4), SECTION TWENTY-FIVE (25), TOWNSHIP TEN (10) NORTH, RANGE NINE (9) EAST OF THE INDIAN BASE AND MERIDIAN, OKFUSKEE COUNTY, OKLAHOMA; AND THE NORTHWEST QUARTER (NW/4), SECTION TWENTY-FIVE (25), TOWNSHIP TEN (10) NORTH, RANGE NINE (9) EAST OF THE INDIAN BASE AND MERIDIAN, OKFUSKEE COUNTY, OKLAHOMA

Address: 3 TRACTS, OKEMAH, Oklahoma 74859
Legal Description: THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER (NE/4 SE/4), SECTION TWENTY-SIX (26), TOWNSHIP TEN (10) NORTH, RANGE NINE (9) EAST OF THE INDIAN BASE AND MERIDIAN, OKFUSKEE COUNTY, OKLAHOMA; AND THE WEST HALF OF THE SOUTHEAST QUARTER (W/2 SE/4), SECTION TWENTY-SIX (26), TOWNSHIP TEN (10) NORTH, RANGE NINE (9) EAST OF THE INDIAN BASE AND MERIDIAN, OKFUSKEE COUNTY, OKLAHOMA; AND THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER (SE/4 SE/4) SECTION TWENTY-SIX (26), TOWNSHIP TEN (10) NORTH, RANGE NINE (9) EAST OF THE INDIAN BASE AND MERIDIAN, OKFUSKEE COUNTY, OKLAHOMA. AND THAT PART OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (SE/4 NE/4) OF SECTION TWENTY-FIVE (25), TOWNSHIP ELEVEN (11) NORTH, RANGE NINE (9) EAST OF THE INDIAN MERIDIAN, OKFUSKEE COUNTY, STATE OF OKLAHOMA, MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF SAID SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (SE/4 NE/4); THENCE ON A GRID BEARING OF N00 DEGREES 59'49"E ALONG THE EAST LINE OF SAID SOUTHEAST QUARTER OF THE NORTHWEST QUARTER (SE/4 NE/4) A DISTANCE OF 25.00 FEET; THENCE S89 DEGREES 20'31"W ON A LINE PARALLEL WITH THE SOUTH LINE OF SAID SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (SE/4 NE/4) A DISTANCE OF 50.00 FEET TO A POINT ON THE WEST RIGHT OF WAY LINE OF PRESENT STATE HIGHWAY NO. 27 AND THE POINT OF BEGINNING; THENCE CONTINUING S89 DEGREES 20'31"W A DISTANCE OF 330.51 FEET; THENCE N00 DEGREES 49'06"E A DISTANCE OF 681.44 FEET; THENCE N89 DEGREES 20'31"E A DISTANCE OF 308.92 FEET TO A POINT ON THE WEST RIGHT OF WAY LINE OF PRESENT STATE HIGHWAY NO. 27; THENCE S00 DEGREES 59'49"E ALONG SAID WEST RIGHT OF WAY LINE A DISTANCE OF 681.25 FEET TO THE POINT OF THE BEGINNING, CONTAINING 5.00 ACRES. AND THE

COMMENCING AT THE SE/C SE SW; THENCE S89DEG48'43"W 745' TO THE POB; THENCE N00DEG21'00"W 100'; THENCE N45DEG51'27"E 180.09'; THENCE N00DEG21'00"W 944.97'; THENCE N59DEG16'00"W 291.91'; THENCE S89DEG48'45"W 455.56'; THENCE S00DEG20'40"E 1319.98'; THENCE N89DEG48'43"E 575.69' TO THE POB & THAT PART OF THE SW SW LYING SOUTH OF THE NORTH CANADIAN RIVER & NW SW SOUTH OF THE RIVER, LESS AND EXCEPT A 10 ACRE TRACT 24-10-9 BEARDEN TWP 1969 MELODY 12X50 VIN #8958 OTC #601899054002 (STG VALUE) 19.24 Acres

(the "Real Property"), as evidenced by that certain Commercial Real Estate Mortgage dated December 16, 2019, and as last amended by the Amended and Restated Commercial Real Estate Mortgage dated October 11, 2023 (the "Mortgage"). The Mortgage was filed on October 17, 2023, in Book 1327, commencing on Page 358, in the Office of the Okfuskee County Treasurer. A true and correct copy of the Mortgage is attached as Exhibit "G" hereto.

30. GPNB is the lawful holder of the Mortgage and, by the terms and conditions thereof, GPNB may foreclose the Mortgage in the event of the CM Heavy's default under the Note.

31. Without limitation to other defaults, due to CM Heavy's default under the Note, CM Heavy is in default under the Mortgage.

8

32. GPNB has complied with all the terms, conditions, and provisions of the Mortgage and is duly empowered to bring this action.

33. GPNB's interest in and to the Real Property are senior and prior to the interest of all Defendants in and to the Real Property.

34. Additional Defendant Internal Revenue Service may claim some right, title, and interest in and to the Real Property by virtue of unpaid taxes. GPNB alleges that such interest is junior, inferior, and subject to the lien of the Mortgage.

35. Additional Defendants Okfuskee County, Oklahoma, by and through the Board of County Commissioners of Okfuskee County, Oklahoma, and the Okfuskee County Treasurer (the "County"), may claim an interest in the Real Property by virtue of unpaid taxes. GPNB alleges that the interest of said defendants is junior, inferior, and subject to the lien of the Mortgage.

36. Additional Defendant Oklahoma Tax Commission may claim an interest in the Real Property by virtue of unpaid taxes. GPNB alleges that such interest is junior, inferior, and subject to the lien of the Mortgage.

WHEREFORE, GPNB seeks an *in rem* judgment with respect to the Real Property as follows: (a) foreclosing the Mortgage, declaring the Mortgage a valid first priority lien on the Real Property subject only to any unpaid ad valorem taxes, if any, and any superior or senior liens as determined by the Court; (b) ordering the Real Property sold (with or without appraisement, at the option of GPNB and as provided by law); (c) ordering the proceeds arising from the sale to be applied first to the payment of GPNB's costs herein (including reasonable attorney's fees), then toward the payment of ad valorem taxes, if any, and liens determined by the Court to be superior and senior to the Mortgage, and then toward the payment and satisfaction of the claims and judgments of GPNB on the Note, and ordering the surplus of such proceeds, if any, to be paid into

the Court to abide further order of the Court; (d) adjudging the right, title, and interest of Defendants and each Additional Defendant of the Real Property, except those arising out of unpaid ad valorem taxes, if any, or any superior or senior liens as determined by the Court, to be subject, junior, and inferior to the Mortgage, and that upon confirmation of sale, ordering Defendants and all persons claiming by, through, or under Defendants since the commencement of this action to be forever barred, foreclosed, and enjoined from asserting or claiming any right, title, interest, estate, or equity of redemption in the Real Property or any part thereof; and (e) for such other and further relief as GPNB may be entitled.

## SIXTH CAUSE OF ACTION
(Guaranty – Clint Michael Meadors)

37. The allegations contained in the foregoing paragraphs are incorporated herein.

38. Defendant Clint Michael Meadors, an individual, executed and delivered to GPNB his guaranty dated December 16, 2019, as last amended by the Loan Modification Agreement dated October 11, 2023, unconditionally guaranteeing payment of CM Heavy's indebtedness owed to GPNB (the "Meadors Guaranty"). A true and correct copy of the Meadors Guaranty is attached as Exhibit "H" hereto.

39. Without limitation, by virtue of CM Heavy's default under the Note, the Meadors Guaranty is in default.

40. Mr. Meadors has failed and refused to pay the Meadors Guaranty in accordance with the terms of the Meadors Guaranty.

41. There was due and owing from Mr. Meadors to GPNB under the Note the principal sum of $3,880,689.55, together with $578,607.12 in interest accrued through May 20, 2024, fees in the amount of $104,650.53, and $5,323.89 in late charges. Interest accrues after May 20, 2024, at the default rate of 538.984659722 per diem, until paid.

42. GPNB has been compelled to employ attorneys to prosecute this action and is entitled to reasonable attorney's fees and other reasonable costs of collection under the terms of the Meadors Guaranty and applicable state law.

WHEREFORE, GPNB requests judgment in its favor and against Defendant Clint Michael Meadors on the Meadors Guaranty on the Note in the principal sum of $3,880,689.55, together with: (a) interest accrued through May 20, 2024, in the amount of $578,607.12; (b) interest accruing on the principal after May 20, 2023, at the default rate of 538.984659722 per diem, until paid; (c) late charges in the amount of $5,323.89; (d) fees in the amount of $104,650.53; (e) all costs of collection including reasonable attorney's fees; and (f) for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Alexandra Crawley

Daniel V. Carsey, OBA No. 21490
Alexandra A. Crawley, OBA No. 34634
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
(405) 553-2313 (o)
(405) 553-2855 (f)
dcarsey@hallestill.com
acrawley@hallestill.com

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

STATE OF OKLAHOMA   )
                    ) ss
COUNTY OF Oklahoma  )

    I, Blake D. Johnson, of lawful age, being first duly sworn, upon oath state that I have read the foregoing Petition, that I am familiar with the matters set forth therein, and that the same is true to the best of my information and belief.

_____
Blake D. Johnson

Subscribed and sworn to before me this ___5___ day of ___June___ 2024.

_____
Notary Public

My Commission Expires:_____

My Commission Number is:_____

[Notary Seal: KIM MURRAY, NOTARY, # 16003278, EXP. 03/30/28, STATE OF OKLAHOMA]

12