# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>CM HEAVY MACHINERY, LLC<br><br>KELLEY G. LOUD, TRUSTEE<br><br>vs.<br><br>APACHE TRANSPORTATION, LLC d/b/a APACHE 24HR WRECKER SERVICE, an Oklahoma limited liability company, and RICK REYNOLDS, an individual | CASE NO. 24-80617<br><br>ADVERSARY NO. |

## COMPLAINT

Kelley G. Loud, the duly appointed and acting Chapter 7 Trustee of the Estate of CM Heavy Machinery, LLC ("Trustee"), files this Complaint against Apache Transportation, LLC, d/b/a Apache 24Hr Wrecker Service and Rick Reynolds. In support thereof, Trustee would show the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The United States Bankruptcy Court for the Eastern District of Oklahoma (the "Court") has jurisdiction pursuant to 28 U.S.C.§§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (K).

2. Venue in the Eastern District of Oklahoma is proper under 28 U.S.C.§§ 1408 1409.

3. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157 and arises out of the Chapter 7 proceeding of Debtor CM Heavy Machinery, LLC's ("Debtor") pending under Case No 24-80617.

1

# BACKGROUND AND FACTS

1. Debtor filed its Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on August 8, 2024 [ECF No. 1].

2. The Chapter 11 case was converted to a case under Chapter 7 by the Order of this Court entered on June 27, 2025 [ECF No. 184].

3. Kelley G. Loud is the duly appointed, qualified and acting Trustee ("Trustee") of the Estate of CM Heavy Machinery, LLC ("Estate").

4. Debtor's Schedules A/B [ECF No. 1] and its Amended Schedules A/B [ECF No. 176] include the following property:

> **2018 Trail King TK110HDG Trailer Semi-Lowboy**
> **VIN 1XP5DB9X17D671765**
>
> **2007 Peterbilt 379 Truck-Haul**
> **VIN 1TKJ05339JM126416**
>
> **2019 Ford F550 Truck**
> **VIN 1FD0W5HT2KED95715**

("Estate Assets")

5. The Estate Assets are property of the Estate pursuant to 11 U.S.C. § 541(a)(1) and are not of inconsequential value.

6. Apache Transportation, LLC, d/b/a Apache 24Hr Wrecker Service ("Apache"), is an Oklahoma Limited Liability Company with its Registered Office in Savanna, Oklahoma.

7. Apache is currently in possession of the Estate Assets. Mr. Reynolds, believed to be the manager of Apache, confirmed Apache and Mr. Reynolds are in possession of the Estate Assets in his communications with Trustee.

8. On or about August 12, 2025, Trustee was at the Debtor's business site waiting for

Clint Meadors to bring property of the estate to Debtor's business site.[1] Mr. Reynolds came to the Debtor's business site looking for a trailer he had loaned to Clint Meadors. Trustee advised Mr. Reynolds of her appointment as Chapter 7 Trustee and advised him of her authority over the assets of CM Heavy Machinery, LLC.

9. Upon information and belief, during a period of time that included August 12, 2025, the duration of which is unknown to Trustee, Clint Meadors stored property of the Estate, including the Estate Assets, at a fenced and locked yard controlled by Apache and Mr. Reynolds in Holdenville, Oklahoma, with the consent of Apache and Mr. Reynolds.

10. Upon information and belief, on or about January 22, 2026, Clint Meadors requested Apache and Mr. Reynolds provide services to him by towing the 2007 Peterbilt 379, the 2018 Trailer Lowboy, and the 2019 Ford F550 Truck (which was on the Trailer) from somewhere near Wichita, Kansas, to Apache's yard in Savanna, Oklahoma.

11. Even though Mr. Reynolds had been advised of Trustee's authority over assets of CM Heavy Machinery, LLC, upon information and belief, Apache and Mr. Reynolds towed the Estate Assets to Apache's yard in Savanna at the request of Clint Meadors.

12. Trustee did not request, nor at any time has she approved of any services rendered by Apache and/or Mr. Reynolds relating to towing of the Estate Assets or storage of the Estate Assets at Apache's yard in Savanna, Oklahoma.

13. Trustee had no knowledge that Clint Meadors requested Apache and Mr. Reynolds provide towing services until Clint Meadors disclosed same at a continued hearing on the Order of Civil Contempt issued as to Debtor and Clint Meadors held on January 23, 2026.

14. Upon Clint Meador's disclosure that the Estate Assets were in the possession of

---

[1] Clint Meadors brought no property of the estate to Debtor's business site on that date.

3

Apache and Mr. Reynolds, Trustee demanded Apache and Mr. Reynolds turn over the Estate Assets to Trustee. *See* Email from Kelley G. Loud to "Apache Transport" and Mr. Reynolds dated January 27, 2026 attached hereto as Exhibit 1.

15. Since the date of that demand, Trustee has repeatedly advised Apache and Mr. Reynolds that their actions are in violation of the automatic stay imposed by 11 U.S.C. § 362(a).

16. Apache and Mr. Reynolds refused, and continue to refuse, to turn over the Estate Assets to Trustee, until and unless they are paid: i) for services allegedly rendered to Clint Meadors and/or CM Heavy Machinery, LLC in 2020, ii) for towing services provided at the request of Clint Meadors on or about January 22, 2026, and iii) for storage fees allegedly incurred due to Apache and Mr. Reynolds' refusal to turn over the Estate Assets.

17. Apache sent Notices of Possessory Liens dated January 30, 2026, to Trustee, asserting a possessory lien upon the Estate Assets. Copies of the Notices of Possessory Liens received by Trustee are attached hereto as Exhibit 2.

18. Apache sent Notices of Sale dated February 23, 2026 to Trustee. In same, Apache asserts its intent to sell the Estate Property on March 9, 2025. Copies of the Notices of Sale received by Trustee are attached hereto as Exhibit 3.

## **COUNT 1 - TURNOVER**

19. Trustee realleges the above paragraphs and incorporates the same as though set forth herein.

20. The Estate Assets are property of the Estate pursuant to 11 U.S.C. § 541(a)(1) and are not of inconsequential value.

21. Apache and Mr. Reynolds are in possession, custody, or control of the Estate Assets.

22. Apache and Mr. Reynolds have no lawful basis to retain possession of the Estate Assets.

**WHEREFORE**, Plaintiff requests judgment directing Apache and Mr. Reynolds to turn over the Estate Assets immediately to Trustee pursuant to 11 U.S.C. § 542(a).

## COUNT II – DETERMINATION OF LIEN VALIDITY

23. Trustee realleges the above paragraphs and incorporates the same as though set forth herein.

24. The automatic stay under 11 U.S.C. § 362(a) prohibits "any act to create, perfect, or enforce any lien against property of the estate" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate".

25. Since the Estate Assets became property of the estate upon the filing of Debtor's bankruptcy petition, any attempt to enforce a possessory lien through foreclosure or self-help remedies would violate the automatic stay. See *In re Woodward* 234 B.R. 519 (Bankr. N.D. Okla. 1999) ("the automatic stay applied to creditors' postpetition perfection attempts" when creditors tried to perfect liens after the bankruptcy filing).

26. Apache's and Mr. Reynolds' assertions that Apache's lien extends to services allegedly rendered prepetition must fail as an improper attempt to create and perfect a postpetition lien on what would otherwise be a prepetition unsecured claim.

27. Further, while by its Notices of Possessory Lien Apache attempts to assert a lien upon the Estate Assets pursuant to 42 O.S. § 91, et seq., Apache cannot assert any possessory lien under that statutory scheme because it is not in lawful possession of the Estate Assets.

28. The services allegedly performed by Apache and Reynolds were not requested by the Trustee, but by Clint Meadors.

29. Thus, Apache is not entitled to a special lien under the statutory scheme provided.

5

Case 26-08003   Doc 1   Filed 02/27/26   Entered 02/27/26 12:32:25   Desc Main
Document    Page 5 of 7

**WHEREFORE**, Plaintiff seeks judgment determining the lien alleged by Apache as to the Estate Assets is not valid lien.

## COUNT III – AUTOMATIC STAY VIOLATION

30. Trustee repeats and realleges the above paragraphs and incorporates the same as though set forth herein.

31. Apache attempts to create a possessory lien against property of the Estate. More troubling, by issuing Notices of Sale, it is evident Apache intends to sell the Estate Assets.

32. Apache and Mr. Reynolds have acted contrary to the Trustee's and creditors' interests in the Estate Assets and continue to so act even after receiving notice of the filing of Debtor's bankruptcy petition and Trustee's appointment as Chapter 7 Trustee. Thus, Apache's and Mr. Reynolds' actions are clearly willful violations of the automatic stay imposed by 11 U.S.C. § 362(a).

33. Apache's and Mr. Reynolds' violation of the automatic stay are of such magnitude warranting the award of not only Trustee's actual damages, but punitive damages as well. *See* 11 U.S.C. §362(k).

**WHEREFORE**, Plaintiff respectfully requests actual and punitive damages against Apache and Mr. Reynolds for their willful violation of the automatic stay imposed by 11 U.S.C. §362(a).

## PRAYER OF RELIEF

**WHEREFORE,** Trustee requests that the Court enter judgment as pled for above, and such other and further relief to which Trustee is entitled, at law or in equity.

6

Respectfully submitted:

  s/Kelley G. Loud
Kelley G. Loud, OBA #15808
kloud@titushillis.com
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800  FAX: (918) 587-6822
*Attorney for Trustee*