FILED
at____O'clock & ____min____M
BONNIE HACKLER, Acting Clerk
United States Bankruptcy Court
Eastern District of Oklahoma
APR 04 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF OKLAHOMA**

IN RE: )
)
**C M HEAVY MACHINERY, LLC** ) **Case No. 24-80617**
) **Chapter 7**
)
Debtor. )

## OBJECTION OF CLINT MEADORS TO TRUSTEE'S MOTION TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363, FED. R. BANK. P. 6004(a) AND (c) AND FED. R. BANK. R. 2002(c)(1)

Clint Meadors ("Objector"), individually and as managing member of C M Heavy Machinery, LLC ("CMHM"), hereby objects to the Trustee's Motion to Sell Assets Free and Clear of Liens, Claims, and Encumbrances (the "Motion") and states:

### I. STANDING

Objector has standing because:

1. He is directly and adversely affected by the proposed sale;

2. He is a guarantor and judgment debtor on the alleged underlying obligation;

3. The proposed liquidation will impair his legal and equitable interests, including appellate rights and potential subrogation claims;

4. The sale will cause irreparable harm through destruction of estate value and extinguishment of viable recovery alternatives.

### II. THE TRUSTEE CANNOT SATISFY 11 U.S.C. § 363(f)

The Trustee seeks to sell assets "free and clear" under **11 U.S.C. § 363(f)**. This requires proof that at least one statutory condition is met.

No such condition exists.

1

### A. Bona Fide Dispute Exists as to the Validity of the Debt (§ 363(f)(4))

The alleged secured claim is subject to a bona fide dispute because:

- The creditor, Great Plains National Bank ("GPNB"), failed to timely seek a deficiency judgment under Oklahoma law (12 O.S. § 686);

- Under § 686, failure to comply results in **full satisfaction of the debt by operation of law**;

- The deficiency judgment obtained is currently on appeal in the Oklahoma Supreme Court;

- The enforceability and existence of the underlying obligation is therefore actively contested.

Because the underlying debt is disputed, the Trustee cannot establish authority to sell assets free and clear.

### B. No Valid Secured Claim Exists

If the debt has been extinguished under Oklahoma law, then:

- No enforceable lien remains;

- No creditor holds a valid secured claim;

- No legal basis exists to distribute proceeds of any sale.

Accordingly, the proposed sale is improper as a matter of law.

### III. OKLAHOMA LAW EXTINGUISHED THE DEBT (12 O.S. § 686)

Oklahoma law strictly governs deficiency judgments following foreclosure.

- GPNB failed to comply with the statutory deadline under 12 O.S. § 686;

- As a result, the mortgage debt is deemed **fully satisfied**;

2

- No right to recover any deficiency exists.

  See **First United Bank & Trust Co. v. Wiley**, 2008 OK CIV APP 39.

  Because the debt no longer exists, there is no claim for the Trustee to administer.

## IV. SALE IS NOT IN THE BEST INTEREST OF THE ESTATE

The proposed liquidation fails the fundamental bankruptcy standard.

### A. Destruction of Value

- Forced liquidation will significantly reduce asset value;

- CMHM assets have greater value as a going concern.

### B. Viable Alternative Recovery Exists

- A pending insurance claim presents a substantial recovery opportunity;

- A preliminary settlement offer of approximately $1.4 million exists;

- This recovery could satisfy creditor claims without liquidation.

### C. Trustee's Refusal to Engage

- The Trustee has refused to meaningfully communicate regarding the claim;

- The Trustee has declined to explore settlement or maximize recovery.

  This conduct is inconsistent with the Trustee's fiduciary duty.

## V. IMPROPER ATTEMPT TO SATISFY A PERSONAL OBLIGATION WITH LLC ASSETS

Even if a debt exists:

- The obligation is, at most, personal to Clint Meadors;

- Under **18 O.S. § 2033**, LLC assets are not subject to payment of a member's personal debts;

3

Case 24-80617    Doc 293    Filed 04/07/26    Entered 04/07/26 16:13:21    Desc Main
Document    Page 3 of 4

- The proposed sale improperly attempts to reach assets beyond the scope of lawful recovery.

## VI. PRIOR LITIGATION FULLY ADDRESSED THE DEBT

The underlying indebtedness has already been:

- Fully litigated in Okfuskee County District Court;

- Reduced to judgment against Clint Meadors;

- Subject to appellate review.

The Trustee's attempt to relitigate or monetize the same obligation through asset liquidation is improper.

## VII. REQUEST FOR RELIEF

WHEREFORE, Objector respectfully requests that the Court:

1. DENY the Trustee's Motion to Sell;

2. Alternatively, CONTINUE the Motion pending resolution of the Oklahoma Supreme Court appeal;

3. Grant such other and further relief as is just and proper.

Respectfully submitted,

Clint Meadors
P.O. Box 309
Okemah, OK 74859
(405) 202-1533

4