**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-80617 |
| C M HEAVY MACHINERY, LLC, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO TRUSTEE'S MOTION TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363, FED. R. BANK. P. 6004(A) AND (C) AND FED. R. BANK. R. 2002(C)(1)**

Komatsu Financial Limited Partnership ("Komatsu") hereby files this objection (this "Objection") to the *Motion to Sell Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363, Fed. R. Bank. P. 6004(a) and (c) and Fed. R. Bank. R. 2002(c)(1)* (the "Motion") of Kelley G. Loud, duly appointed and acting Chapter 7 Trustee (the "Trustee") of the estate of debtor, C M Heavy Machinery, LLC ("Debtor"). In support of this Objection, Komatsu states as follows:

**BACKGROUND**

**A.      The Komatsu Contracts.**

1.      For good and valuable consideration, Debtor made, executed, and delivered to Komatsu (as assignee of Kirby-Smith Machinery, Inc.) three (3) Security Agreement – Conditional Contracts (collectively, the "Finance Contracts"), pursuant to which Debtor purchased certain equipment and agreed to pay to Komatsu certain amounts set forth therein.

2.      Pursuant to the Finance Contracts, as security for the repayment of the indebtedness and all other obligation of every type of Debtor to Komatsu, Debtor granted to Komatsu a purchase money, first priority lien on and security interest in the following equipment (collectively, the "Financed Equipment"):

| Contract No. | Financed Equipment |
|---|---|
| Ending 012 | One (1) Komatsu D65PX-18 Crawler Dozer (S/N 90651) |
| Ending 013 | One (1) Komatsu D85PX-18 Crawler Dozer w/ Rockland Angle Blade (S/N 23074) |
| Ending 014 | One (1) Komatsu GD655-6 Motor Grader (S/N 60468) |

3. Due to the Assignments, Komatsu is the proper party-in-interest.

4. To perfect and notify others of its security interest in the Financed Equipment, Komatsu filed Uniform Commercial Code financing statements with the State of Oklahoma (collectively, the "UCC Financing Statements").

**B.** **The Bankruptcy Case.**

5. On August 8, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

6. On February 26, 2025, Komatsu filed its proof of claim in the amount of $63,890.51 (the "Komatsu Claim"), broken down as follows:

| Contract No. | Unpaid Balance |
|---|---|
| Ending 012 | $1,187.85 |
| Ending 013 | $1,490.83 |
| Ending 014 | $61,211.83 |
| **TOTAL:** | **$63,890.51** |

A true and correct copy of the Komatsu Claim is annexed hereto as **Exhibit A**.

7. Pursuant to the Order of Conversion dated June 27, 2025, the Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code and the Trustee was appointed as Chapter 7 Trustee of Debtor's estate.

8. On March 12, 2026, the Trustee filed the Motion.

2

## OBJECTION

9. Komatsu hereby submits this Objection to the Motion.

10. Pursuant to the Motion, the Trustee intends to include the Financed Equipment in the proposed auction of Debtor's assets. However, the Motion does not specify with any certainty whether the Financed Equipment will be sold in a separate lot at auction and whether the full amount due under the Finance Contracts will be paid to Komatsu by the sale of the Financed Equipment. To the extent that the Financed Equipment is sold in a single lot with Debtor's assets, Komatsu will be unable to determine the purchase price of the Financed Equipment and whether a deficiency claim exists.

11. Pursuant to section 363(f) of the Bankruptcy Code, Komatsu's consent is required if it is to be paid less than the amount due under the Finance Contracts.

12. Section 363(f) of the Bankruptcy Code provides that a debtor may sell or otherwise transfer property outside the ordinary course of business free and clear of any interest in such property only if

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in *bona fide* dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See* 11 U.S.C. § 363(f).

3

13.     Debtor cannot sell the Financed Equipment free and clear of Komatsu's interests and liens for an amount less than the full face value of its liens without Komatsu's consent. Additionally, the remaining elements cannot be satisfied:

- Subsection (f)(1) cannot be satisfied because applicable nonbankruptcy law does not permit the sale of the Financed Equipment free and clear of Komatsu's liens and security interests.

- Subsection (f)(3) can be satisfied only if the price at which the Financed Equipment is sold exceeds the face value of Komatsu's liens. The Motion does not allocate any sale price to the Financed Equipment nor does it state definitively whether the sale proceeds will be sufficient to satisfy the amounts due to Komatsu under the Finance Contracts. For subsection (f)(3) to be satisfied, the total face value of the secured liabilities to Komatsu would have to be satisfied before it could be forced to relinquish its liens and security interests. *See, e.g.*, *Criimi Mae Servs. Ltd. P'ship v. WDH Howell, LLC (in re WDH Howell, LLC)*, 298 B.R. 527, 533-34 (D. N.J. 2001).

- Subsection (f)(4) cannot be satisfied because Komatsu's liens and security interests with respect to its collateral are not in *bona fide* dispute.

- With respect to subsection (f)(5), Komatsu cannot be compelled, in a legal or equitable proceeding, to accept a monetary satisfaction of its liens and security interests in an amount less than the full amount of the secured liabilities to Komatsu. *See, e.g.*, *In re Ferris Props., Inc.*, No. 14-10491, 2015 WL 4600248 (Bankr. D. Del. Jul. 30, 2015); *In re PW, LLC*, 391 B.R. 25 (B.A.P. 9th Cir. 2008).

14.     Accordingly, without Komatsu's consent, Debtor may not sell the Financed Equipment free and clear of Komatsu's interests and liens for anything less than the full amount due to Komatsu.

15.     Komatsu will agree to withdraw this Objection to the Motion if the paragraph set forth in bold below is included in the order approving the sale:

> **The Financed Equipment (the "<u>Financed Equipment</u>"), more specifically described in three (3) Security Agreement – Conditional Contracts (collectively, the "<u>Finance Contracts</u>"), by and between Komatsu Financial Limited Partnership ("<u>Komatsu</u>") and debtor, C M Heavy Machinery, LLC ("<u>Debtor</u>"), shall not be sold without the consent of Komatsu. Komatsu shall not be deemed to consent to any sale of the Financed Equipment unless and until the respective amounts due to Komatsu under the Finance Contracts (Contract No. 012 - $1,187.85; Contract No. 013 – $1,490.83; Contract No. 014 -**

**$61,211.83, plus incurred attorneys fees and costs in the amount of $16,412.50) are paid in full to Komatsu prior to or at the closing of any sale concerning the Financed Equipment.**

**In addition, all of Komatsu's liens in the Financed Equipment shall attach to the proceeds of any sale of the Financed Equipment.**

16.     Accordingly, Komatsu reserves all of its rights under the Finance Contracts and applicable law and equity.

**WHEREFORE,** for all the reasons set forth herein, Komatsu respectfully requests that this Objection be sustained.  Komatsu further requests such other and further relief as this Court deems just and equitable and reserves all of its rights.

Dated: April 8, 2026.                        Respectfully submitted,


_/s/ Brandon C. Bickle_
Brandon C. Bickle, OBA #22064
GableGotwals
110 N. Elgin Ave., Ste. 200
Tulsa, Oklahoma 74120
(t) 918.595.4800 | (f) 918.595.4990
bbickle@gablelaw.com

_Attorney for Komatsu Financial_
_Limited Partnership_

5