**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **CM HEAVY MACHINERY, LLC** | ) | **Case No. 24-80617** |
| | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | |

**SUPPLEMENT TO TRUSTEE'S MOTION TO SELL ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363,
FED. R. BANK. P. 6004(a) AND (c) AND FED. R. BANK. R. 2002(c)(1)**

Kelley G. Loud, duly appointed and acting Chapter 7 Trustee ("Trustee") of the above styled bankruptcy estate ("Estate") hereby files this supplement her motion for authority to sell additional certain assets of Estate and show as follows:

1.      On March 12, 2026, Trustee filed her Motion to Sell Assets Free and Clear of Liens, Claims, and Encumbrances (the "Original Motion to Sell") [Dkt. No. 287]. The Original Motion identifies certain Estate assets to be sold at public auction and describes the proposed sale procedures.  The original items listed include:

(a)     2021 McCormick X6 470 Tractor-X6 470

(b)     2021 Trail King McCormick MCL51 Attachment-Loader for Tract

(c)     Attachment-XL Spreader

(d)     2002 Komatsu D61-PX Dozer

(e)     2018 Komatsu D65PX-18 Dozer

(f)     2018 Komatsu D65PX-18 Dozer

(g)     2018 Komatsu D85PX-18 Dozer

(h)     2017 Caterpillar 323FL Excavator

(i)     2010 Komatsu PC270LC-8 Excavator

(j)     2020 Komatsu GD655-6 Grader-Motor

(k)     2012 Case 821F Loader-Wheel

(l)     2018 Hamm H121 Roller

(m)     2019 Kubota SVL95 Skid Steer W/Bucket

(n)     2019 Ford F350 Truck

(o)     2007 Peterbilt 379 Truck-Haul

(p)     2018 Trail King TK110HDG Trailer Semi-Lowboy

(q)     2019 Ford F550 Truck[1]

2.     Through further review of the Estate's records and asset lists, Trustee has identified additional items of personal property of the Estate that were not expressly listed in the Original Motion to Sell and should be included in the sale described therein. The following items are property of the Estate and ready for disposition, but were not included among the enumerated assets in the Original Motion to Sell:

(a)     1979 TRI Hay Trailer

(b)     1994 Fontaine Trailer

(c)     "2606" Fontaine Trailer

(d)     1997 Freightliner FL 70 Fuel & Lube Truck

(e)     1980 Fruehauf FB29F2 Jobsite Trailer

(f)     1995 Chevrolet Kodiak Fuel Truck with 2000-gallon tank

(g)     MH 4900 1999 International A90 Winch Truck, missing motor and transmission

(h)     1985 International 51900 Farm Truck

(i)     2000 Gallon Fuel Tank

3.     Trustee seeks to supplement the list of Assets in the Original Motion to Sell to include the additional Assets identified in Paragraph 2 so that they may be sold on the same terms and conditions, at the same auction, and under the same procedures and timelines set forth in the Original Motion to Sell, including sale free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. § 363, with any valid, perfected liens to attach to the proceeds with the same validity, priority, and extent as they had in the property immediately prior to the sale, pending further order of the Court.

4.     Granting the Motion to include these assets will promote administrative efficiency and

---

[1] Trustee has identified three items that she does not intend to sell at auction that were included in the original Motion.  Trustee does not have custody and control of these items and their whereabouts (if still in existence) is unknown.  They are:  i) a 2013 Trail King XL22MB, ii) a 2014 Caterpillar D6T XW Dozer, and iii) Forks scheduled by Debtor as a part of a 2019 Kubota SVL95 Skid Steer.

2

avoid piecemeal liquidation, is consistent with Trustee's sound business judgment, and is in the best interests of the Estate and its creditors by maximizing value through inclusion of all available saleable property in the scheduled auction.

WHEREFORE, Trustee respectfully requests that the Court enter an Order: (a) granting the Original Motion to Sell; (b) authorizing and approving the inclusion of the additional Assets listed in Paragraph 2 in the sale authorized by the Original Motion to Sell, on the same terms, conditions, procedures, and schedule set forth therein; (c) authorizing the sale of the additional Assets in paragraph 2 above free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363, with any such interests to attach to the sale proceeds with the same validity, priority, and extent as prior to the sale; and (d) granting such other and further relief as is just and proper.

Respectfully submitted:

s/Kelley G. Loud
Kelley G. Loud, OBA #15808
kloud@titushillis.com
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800 FAX: (918) 587-6822
*Attorney for Chapter 7 Trustee*

### Certificate of Service

I certify that on April 20, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Oklahoma.

*/s/ Kelley Loud*
Kelley Loud

3

Case 24-80617   Doc 318   Filed 04/20/26   Entered 04/20/26 09:39:53   Desc Main Document     Page 3 of 3