**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| C M HEAVY MACHINERY, LLC | ) | Case No. 24-80617 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**FILED**

at_____O'clock & _____min___M

MAY 0 8 2026

BONNIE HACKLER, Acting Clerk
United States Bankruptcy Court
Eastern District of Oklahoma

## 420A NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that C M Heavy Machinery, LLC and/or interested party Clint Michael Meadors filed an Emergency Motion to Preserve Estate Property and for Temporary Stay of Further Liquidation Pending Resolution of State Court Appeal [Doc. 321].

Any objection to the requested relief must be filed with the United States Bankruptcy Court for the Eastern District of Oklahoma within fourteen (14) days from the date of this notice.

If no objection is timely filed, the Court may grant the requested relief without further notice or hearing.

Respectfully submitted,

**Clint Michael Meadors**
Pro Se / Interested Party
P.O. Box 309
Okemah, OK 74859
(405) 202-1533

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
C M HEAVY MACHINERY, LLC )  Case No. 24-80617
)  Chapter 7
)
Debtor. )

**FILED**

at_____O'clock & ____min___M

MAY 1 2026

BONNIE HACKLER, Acting Clerk
United States Bankruptcy Court
Eastern District of Oklahoma

## EMERGENCY MOTION TO PRESERVE ESTATE PROPERTY AND FOR TEMPORARY STAY OF FURTHER LIQUIDATION PENDING RESOLUTION OF STATE COURT APPEAL

COMES NOW CM Heavy Machinery, LLC, and/or interested party Clint Michael Meadors ("Movant"), and respectfully moves this Court for emergency relief preserving property and temporarily restraining further liquidation efforts by Great Plains National Bank pending resolution of an active state court appeal that may materially affect the amount of any lawful debt remaining.

In support, Movant states:

### I. BACKGROUND

1.  This matter arises from a single promissory note and mortgage transaction involving Great Plains National Bank ("GPNB"), CM Heavy Machinery, LLC ("CMHM"), and guarantor Clint Michael Meadors.

2.  State court entered final judgment against Clint Meadors personally.

3.  GPNB foreclosed on Meadors' real property.

4.  A sheriff's sale occurred and was confirmed.

5.  Sale proceeds failed to fully satisfy the debt.

6.  Under Oklahoma law, specifically **12 O.S. § 686**, GPNB was required to timely seek any deficiency judgment. Federal Courts follow Oklahoma law on deficiency judgments and time bars. *See FIRST UNITED BANK AND TRUST CO. v. WILEY*, **2008 OK CIV APP 39, ¶ 27, 183 P.3d 1022 (citing)** *International Paper Company v. Whitson*, **10th Cir., 595 F.2d 559, 562 (1979)**; *Ingerton v. First National Bank & Trust Co. of Tulsa*, **10th Cir., 291 F.2d 662 (1961)** later appeal at **303 F.2d 439 (1961).**

1

Also, *See Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, n 10, 932 P.2d 1100, that states:

> The U.S. Court of Appeals for the Tenth Circuit refers to the 90-day time bar in 12 O.S. 1991 § 686 as an "extinguishment statute" rather than a "statute of limitations." See International Paper Company v. Whitson, 10th Cir., 595 F.2d 559, 562 (1979); Ingerton v. First National Bank & Trust Co. of Tulsa, 10th Cir., 291 F.2d 662 (1961) later appeal at 303 F.2d 439 (1961). We prefer to view the § 686 bar as a condition upon the exercise of a right. United States ex rel. Farmers Home Administration v. Hobbs, Okl., 921 P.2d 338, 344 (1996) (Opala, J., concurring); Matter of Estate of Speake, Okl., 743 P.2d 648, 652 (1987). Unless deficiency is timely sought the mortgagee's debt is deemed satisfied, through the use of legal fiction, by the proceeds from the sale of the specific mortgaged property. Our anti-deficiency statute, 12 O.S. 1991 § 686 , like that of the State of New York, goes farther than the statutory requirements of other states, some of which effect only a restriction upon the time period during which the recovery of a deficiency may be sought. See discussion in Riverside National Bank v. Manolakis, Okl., 613 P.2d 438 (1980).

7. GPNB filed its deficiency request outside the statutory deadline.

8. Despite that timing issue, GPNB obtained a deficiency judgment against Clinton Meadors.

9. That deficiency judgment is currently under appeal.

10. GPNB continues pursuing liquidation of additional assets despite the unresolved appeal.

## II. THE PENDING APPEAL MAY ELIMINATE OR SUBSTANTIALLY ALTER THE CLAIM

The pending state court appeal directly challenges the legal validity of the deficiency judgment.

If the appellate court determines the deficiency was untimely under §686:

- the deficiency judgment may be vacated,

- the remaining debt may be reduced,

- or no additional enforceable debt may remain.

2

Allowing continued liquidation before appellate resolution creates substantial risk of unnecessary and wrongful asset loss.

## III. IRREPARABLE HARM

Absent emergency relief:

- assets may be liquidated
- business operations may be permanently harmed
- estate value may be diminished
- appellate relief may become ineffective

Once assets are transferred or sold, recovery may be impossible.

## IV. BANKRUPTCY COURT AUTHORITY

This Court has authority under:

- **11 U.S.C. §105**
- **11 U.S.C. §362** (to the extent applicable)
- its inherent equitable authority to preserve estate assets

This Court may issue temporary relief necessary to prevent irreparable harm while related legal proceedings are resolved.

## V. BALANCE OF HARDSHIPS

Movant faces permanent asset loss.

GPNB faces only temporary delay while appellate review proceeds.

Preserving the status quo is the equitable outcome.

## REQUEST FOR RELIEF

Movant respectfully requests that this Court:

1. Immediately stay further liquidation efforts by GPNB

3

2. Preserve all affected assets pending appeal resolution

3. Prohibit transfer or sale of property during pendency of appeal

4. Set expedited hearing if necessary

5. Grant all additional relief deemed just

Respectfully submitted,

**Clint Michael Meadors**
Pro Se / Interested Party
P.O. Box 309
Okemah, OK 74859
(405) 202-1533

4