# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **CM HEAVY MACHINERY, LLC** | ) | **Case No. 24-80617** |
| | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | |

## NOTICE OF ISSUANCE OF SUBPOENA INA BANKRUPTCY CASE

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 45, made applicable by Fed. R. Bank. P. 9016, on May21, 2026, Kelley G. Loud, Chapter 7 Trustee in the above-captioned chapter 7 case, by and through its counsel of record, caused a subpoena *duces tecum* (the "Subpoena") to be issued on Mabrey Bank. A copy of the Subpoena is attached hereto as Exhibit 1.

Dated May 21, 2026.

Respectfully submitted:

*/s/ Kelley G. Loud*_____
Kelley G. Loud, OBA #15808
kloud@titushillis.com
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800 FAX: (918) 587-6822
*Attorney for Chapter 7 Trustee*

## Certificate of Service

I certify that on May 21, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Oklahoma.

*/s/ Kelley G. Loud*_____
Kelley G. Loud

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT

_____EASTERN_____ District of _____OKLAHOMA_____

In re __CM Heavy Machinery LLC__
Debtor

_(Complete if issued in an adversary proceeding)_

Case No. __24-80617__

Chapter __7__

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Mabrey Bank__
_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A

| PLACE   Kelley G. Loud, Chapter 7 Trustee c/o Titus Hillis Reynolds Love 15 East Fifth, Suite 3700, Tulsa, Oklahoma 74103 | DATE AND TIME June 5, 2026 |
|---|---|

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/21/2026

CLERK OF COURT

OR

_____
_Signature of Clerk or Deputy Clerk_

_____
_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

## DEFINITIONS APPLICABLE TO ALL REQUESTS

1. "Debtor" means C M Heavy Machinery, LLC.

2. "Mabrey Bank" or "You" means Mabrey Bank, including its parents, subsidiaries, affiliates, divisions, predecessors, successors, and all current and former officers, directors, employees, agents, contractors, and representatives acting or purporting to act on its behalf.

3. "Documents" has the broadest meaning permitted and includes all writings, ESI, and tangible things as defined under applicable rules, including, without limitation, emails, messages, letters, memoranda, forms, agreements, signature cards, statements, checks, deposits, withdrawal slips, wire/ACH records, SWIFT messages, microfilm/microfiche, images, notes, files, logs, data, metadata, audit trails, reports, recordings, and drafts.

4. "Communications" means any transmission of information, including emails, letters, messages, chats, notices, alerts, and internal correspondence.

5. "ESI" means electronically stored information in the original/native format with all associated metadata and load files.

6. "Account(s)" means any depository, time deposit, checking, savings, money market, certificate of deposit, escrow, trust, loan, line of credit, credit card, merchant, or other account maintained for or associated with the Debtor or any related taxpayer identification number.

7. "KYC/AML/CIP" means customer identification program records, know-your-customer and anti-money laundering documentation, due diligence, and monitoring records.

8. "Date Range" means August 1, 2023, through August 31, 2024, unless otherwise specified, or as otherwise agreed in writing.

Subject Identifiers Debtor legal name: C M Heavy Machinery, LLC Primary business address: 11097 Highway 27, Okemah, OK 74859 EIN: 42-1737967 Known checking account at Mabrey Bank with a reported current balance of $114,331.61 as of the petition filing Last four digits reported for a Mabrey Bank checking account: 5504

## GENERAL INSTRUCTIONS

1. Time Period: Unless otherwise specified, produce Documents and ESI for the Date Range.

2. Completeness: Produce all responsive Documents/ESI within Your possession, custody, or control, including from third-party service providers acting for You.

3. Form of Production: a. ESI: Produce spreadsheets (e.g., Excel, CSV), online banking exports, and transaction logs in native format with all metadata intact; produce emails in PST/MSG with metadata; produce text/chat logs in native or JSON with metadata; produce images as 300 dpi searchable PDFs or TIFF with load files and extracted text. b. Statements and imaged items: Provide as searchable PDFs with legible endorsements and MICR lines. c. Provide a data dictionary for coded fields and a key to any abbreviations.

4. Metadata Preservation: Preserve and do not alter system metadata, audit logs, access logs, and timestamps.

5. Redactions: If redactions are made, state the basis and leave non-privileged metadata intact.

6. Privilege: If withholding any material based on privilege, produce a privilege log identifying for each item: date, author/recipients, general subject matter, privilege asserted, and the specific request(s) to which it is responsive.

7. Segregation: Segregate productions by request number; include a cover letter identifying the custodians, systems searched, and any known gaps or unavailable data.

8. Continuing Duty: These requests are continuing; supplement if additional responsive materials are located.

9. Search Methodology: Identify the custodians, systems, and search terms used; describe any limitations on retrieval (e.g., archival systems, retention schedules).

10. Authentication: Provide business-record certifications sufficient for admissibility under applicable evidence rules upon production or upon request.

## REQUESTS FOR PRODUCTION
## ACCOUNTS IDENTIFICATION AND OPENING/KYC

1. Records sufficient to identify all Accounts held at any time in the Date Range in the name of the Debtor, under the Debtor's EIN, or otherwise associated with the Debtor, including but not limited to deposit, savings, money market, credit/loan, merchant, and online banking profiles. Include full account numbers, account types, open/close dates, current status, and titling.

2. Complete account opening/know-your-customer files for each identified Account, including executed signature cards, resolutions, certificates of authority, beneficial ownership certifications, CIP/KYC/AML due diligence, customer risk ratings, identification documents, sanctions/OFAC screening results, and any subsequent amendments or retitling documents.

3. All documents reflecting authorized signers and user entitlements (including online/mobile banking) for each Account, and any changes thereto.

Periodic Statements and Transaction-Level Detail

4. All periodic Account statements for each Account for the Date Range.

5. Complete transaction-level data for each Account for the Date Range, in native export (CSV/Excel) including transaction date, post date, amount, running balance, description, counterparty identifiers, channel (branch, ATM, mobile, ACH, wire), and any available payee/payor data fields.

Deposits, Checks, and Withdrawal Instruments

6. Front and back images of all deposit items (including deposit slips, checks, cashier's checks, money orders) credited to each Account during the Date Range, with associated deposit batch reports.

7. Front and back images of all checks and withdrawal instruments (including counter withdrawals and bank checks) drawn on each Account during the Date Range, including any return/reject notices and chargeback documentation.

Electronic Funds Transfers

8. All domestic and international wire transfer records sent from or received into each Account during the Date Range, including payment orders, confirmations, advices, SWIFT/ Fedwire messages (full message text and reference numbers), originator and beneficiary details, intermediary bank information, and any compliance holds or reviews.

9. All ACH entries (debits and credits) for the Date Range, including NACHA records, authorization records if held, return codes, addenda information, and origination reports if the Debtor originated ACH.

Online/Mobile Banking and Access Logs

10. Online and mobile banking enrollment records for the Debtor, including user IDs, security questions, device registrations, and MFA methods.

11. System access and activity logs for the Date Range showing logins, IP addresses, device identifiers, session timestamps, payments initiated, approvals, administrative changes, and failed login attempts for all users tied to the Debtor's profiles.

Cash, ATM, and Card Activity

12. Records of all cash withdrawals, cash deposits, ATM transactions, and debit/credit/charge card activity linked to each Account during the Date Range, including merchant category codes, merchant descriptors, authorization logs, and chargeback/ dispute files.

Loans, Lines of Credit, and Credit Facilities

13. All documents concerning any loans, lines of credit, credit cards, or other credit facilities extended to or guaranteed by the Debtor, including applications, promissory notes, security agreements, guarantees, collateral schedules, account statements, payment histories, default/acceleration notices, correspondence, and payoff/charge-off records.

Safe Deposit Boxes and Vault Services

14. Records sufficient to identify any safe deposit box(es) or vault services rented by or associated with the Debtor, including rental agreements, access logs (with dates and identities of entrants), and current/termination status, for the Date Range.

Fees, Holds, and Restrictions

15. Documents reflecting all fees, interest, charge-offs, overdraft occurrences, nonsufficient funds items, account restrictions, freezes, legal process holds, and setoffs applied to any Account during the Date Range, including the basis and communications to the Debtor.

Communications and Notices

16. All Communications between Mabrey Bank and the Debtor during the Date Range concerning Account opening, maintenance, changes to authorized signers or entitlements, overdrafts, returned items, fraud alerts, suspicious activity, holds/ restrictions, KYC/AML reviews, and closure.

17. All internal Communications at Mabrey Bank during the Date Range concerning the Debtor, its Accounts, or transactions, including notes of branch personnel, account officers, and compliance staff.

Compliance, KYC/AML/CIP, and Investigations

18. All KYC/AML/CIP files and updates for the Debtor maintained or updated during the Date Range, including customer risk assessments, periodic reviews, alerts, investigations, SAR/CTR filings (with any permissible supporting documentation), and decisions regarding relationship risk.

19. Any documents reflecting enhanced due diligence, adverse media findings, sanctions screenings, law-enforcement inquiries, or subpoenas relating to the Debtor during the Date Range, to the extent disclosure is permissible by law.

Account Closure and Archival

20. For any Account closed during or after the Date Range, all closure requests, internal approval notes, final statements, refund checks or transfers of residual balances, and records of any escheatment.

Records Sufficient to Identify All Associated Accounts

21. Records sufficient to identify any other account numbers, products, merchant IDs, virtual accounts, subaccounts, or card accounts associated with the Debtor's name, EIN, mailing address, physical address, telephone numbers, email addresses, or online banking profiles, including historical/archived systems searches.

Particularized Items

22. For the Mabrey Bank checking account ending in 5504, produce items 4 through 12 and 15 through 18, specifically for the Date Range. This account was reported as a Mabrey Bank checking account with last four digits 5504

Search Parameters and Certification

23. Conduct searches across all relevant systems (core banking, item imaging, wire rooms, ACH modules, online banking platforms, card processors, loan servicing, KYC/AML platforms, archives/backups). Provide a custodian/system list and a business-records certification.

Notes Regarding Known Accounts

24. Without limiting the foregoing, ensure collection for any Account reflecting or related to the Debtor's reported Mabrey Bank relationship and balances as disclosed in the bankruptcy filings. Debtor disclosures identify a Mabrey Bank checking account and a reported balance as of filing

Reservation of Rights All rights are reserved to modify or supplement these requests, and to seek additional relief or production based on materials produced or information learned in discovery.