**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In Re: | ) |
| | ) |
| CM HEAVY MACHINERY, LLC | ) **Case No. 24-80617** |
| | ) **Chapter 7** |
| | ) |
| Debtor. | ) |

**OBJECTION AND RESPONSE TO EMERGENCY MOTION TO PRESERVE
ESTATE PROPERTY AND FOR TEMPORARY STAY OF FURTHER LIQUIDATION
PENDING RESOLUTION OF STATE COURT APPEAL**

Chapter 7 Trustee, Kelley G. Loud (the "Trustee"), respectfully submits this Objection and

Response to the Emergency Motion to Preserve Estate Property and for Temporary Stay of Further

Liquidation Pending Resolution of State Court Appeal (the "Motion") [ECF No. 321] filed by

Clint Meadors ("Meadors"), and states in support as follows:

**I.      THRESHOLD ISSUE: MEADORS LACKS STANDING TO SEEK THE RELIEF
         REQUESTED**

Before reaching the merits, the Motion fails at the threshold because Meadors lacks

standing to interfere with the administration of this bankruptcy estate.

**A. Constitutional Standing Is Absent**

To invoke this Court's jurisdiction, a movant must establish Article III standing—i.e., a

concrete, particularized injury that is fairly traceable to the challenged conduct and likely to be

redressed by the requested relief.  Meadors cannot satisfy this requirement. The liquidation of

estate property does not injure him in any legally cognizable sense. His alleged harm derives solely

from his personal liability under a guaranty to Great Plains National Bank ("GPNB"), which exists

independently of— and is unaffected by—the Trustee's administration of estate assets.

1

Because Meadors' asserted injury arises from a separate legal obligation, not from the sale of estate property, it is neither traceable to the Trustee's conduct nor redressable by a stay of liquidation. This disconnect is fatal to constitutional standing.

**B. Prudential (Bankruptcy) Standing Is Also Absent**

Even more fundamentally, Meadors lacks standing under controlling Tenth Circuit bankruptcy law. The Tenth Circuit applies the "person aggrieved" standard, under which only parties with a direct and pecuniary interest in the bankruptcy estate itself have standing to be heard. *In re Weston*, 18 F3d 860 (10th Cir. 1994); *In re Magnolia Gas Co., LLC*, 225 B.R. 900 (Bankr. W.D. Okla. 2000). Under this governing standard, a party must show a direct financial stake in the estate. Indirect, derivative, or collateral consequences are insufficient. It follows that non-debtors cannot intervene to advance personal litigation interests. Meadors alleged harm is, at most, indirect—arising from his status as a guarantor in separate litigation. Meadors has no legally protected interest in the timing of estate liquidation, no entitlement to delay administration, and no pecuniary stake in how or when estate assets are reduced to cash.

**C. The Motion Is Improper Under Rule 9014 Because It Seeks Relief on Behalf of a Non-Party Interest**

This matter arises as a contested matter under Federal Rule of Bankruptcy Procedure 9014. Even in that posture, a movant must assert a legally cognizable interest within the bankruptcy case itself. Meadors does not. The Motion improperly seeks to inject a separate state court dispute into bankruptcy administration; delay liquidation for the benefit of a non-debtor; and use this Court as leverage in unrelated litigation. That is not a proper use of Rule 9014. This Court should reject his attempt to repurpose estate administration procedures to serve non-debtor litigation strategy.

Standing is a threshold jurisdictional requirement. Where it is absent, the Court need not—and should not—consider the substance of the requested relief. Meadors' lack of standing is dispositive. The Motion should be denied on that basis alone.

## II. EVEN IF THE MOTION IS CONSIDERED ON ITS MERITS, THE REQUESTED RELIEF SHOULD BE DENIED

The Motion is legally defective at its core. It is premised on a blatant and outcome-determinative conflation of two entirely separate legal matters: (1) GPNB's claim against property of the bankruptcy estate, with (2) Meadors' personal liability under a guaranty and judgment in favor of GPNB, which is the subject of separate litigation. This conflation is not merely imprecise—it is legally irrelevant. The Trustee's duties are clear, mandatory, and non-delegable: to collect, liquidate, and distribute estate property for the benefit of creditors. 11 U.S.C. § 704(a)(1). Meadors' personal dispute with GPNB has no legal bearing on those duties. Because the Motion seeks to halt estate administration for reasons wholly unrelated to the estate, it should be summarily denied.

### A. The Motion Is Premised On An Irrelevant And Legally Indefensible Conflation

The Motion repeatedly invokes Meadors' personal exposure to GPNB as justification for halting the Trustee's sale of estate assets. However, under Oklahoma law and applicable federal bankruptcy law as interpreted by the Tenth Circuit, a guarantor's liability is a collateral contractual obligation that is independent and separately enforceable from both the principal debtor's obligations and a secured creditor's rights against bankruptcy estate property. See *In re Western Real Estate Fund, Inc.* 922 F.2d 592 (10 Cir. 1990); *Bank of Oklahoma v. Red Arrow Marina Sales & Services,* 2009 OK 77, 224 P.3d 685; *Founders Bank v. Upsher*, 1992 OK 35, 830 P.2d 1355; *Riverside Nat. Bank v. Manolakis*, 1980 OK 72, 613 P.2d 438.

Case 24-80617    Doc 338    Filed 05/28/26    Entered 05/28/26 15:15:41    Desc Main
Document    Page 3 of 6

Meadors' personal liability to GPNB—whether disputed, contingent, or on appeal—does not alter the validity, extent or priority of GPNB's claim asserted against the estate or estate property, create any cognizable interest in estate property, or confer standing to dictate the timing of liquidation thereof. The sale of estate property under 11 U.S.C. § 363 is designed to maximize value for the estate and its creditors. Such liquidation bears no legal relationship to any personal judgment entered against Meadors.

**B. The Trustee Has An Affirmative Duty To Liquidate Estate Property Without Delay**

Section 704(a)(1) imposes an unequivocal duty on the Trustee to "collect and reduce to money the property of the estate" expeditiously. The Motion asks this Court to halt liquidation indefinitely—not to protect the estate, but to accommodate a non-debtor's personal litigation timeline. That request directly conflicts with the Trustee's statutory mandate and should be rejected outright.

**C. Section 363 Sales Cannot Be Stayed Based on Extraneous Personal Disputes**

Sales under 11 U.S.C. § 363 are intended to maximize estate value efficiently and with finality. Meadors identifies no defect in the sale process, no diminution of value, and no harm to the estate. Instead, he seeks delay solely to serve his own interests. That is not a legally cognizable basis to interfere with a § 363 sale.

**D. The Requested Stay Would Prejudice the Estate and Violates Fundamental Bankruptcy Policy**

The requested stay would inflict concrete and immediate harm on the estate, including:

- increased administrative expenses;

- ongoing storage and maintenance costs;

- risk of asset depreciation; and

4

- delayed distributions to creditors.

The Motion identifies no corresponding benefit to the estate. The sole beneficiary of the requested stay is Meadors himself.

### III. CONCLUSION

The Motion is a transparent attempt to hijack the bankruptcy process for the benefit of a non-debtor guarantor with no legally cognizable interest in delaying estate administration. It is unsupported by the Bankruptcy Code, and directly contrary to the Trustee's statutory obligations. The Court should deny the Motion.

WHEREFORE, Trustee respectfully requests that the Court deny the Motion.

Respectfully submitted:

*/s/ Kelley G. Loud*
Kelley G. Loud, OBA #15808
kloudtrustee@titushillis.com
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800 FAX: (918) 587-6822

*Attorney for Trustee*

5

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on May 28, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Oklahoma and to:

Clint Michael Meadors
PO Box 309
Okemah, Oklahoma 74859

          */s/ Kelley G. Loud*
            Kelley G. Loud

6