**FILED**

_____ O'clock & _____ min ___ M

JUN 1 0 2026  *mla*

BONNIE HACKLER, Acting Clerk
United States Bankruptcy Court
Eastern District of Oklahoma

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| C M HEAVY MACHINERY, LLC | ) | Case No. 24-80617 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

## REPLY TO TRUSTEE'S OBJECTION AND RESPONSE TO EMERGENCY MOTION TO PRESERVE ESTATE PROPERTY AND FOR TEMPORARY STAY OF FURTHER LIQUIDATION

COMES NOW Clint Michael Meadors ("Meadors"), creditor and party in interest, and submits this Reply to the Trustee's Objection [Doc. 338], stating:

**I.**

**THE TRUSTEE'S OBJECTION IS PREDICATED UPON A MATERIAL FACTUAL ERROR**

The Trustee repeatedly asserts that Meadors lacks standing because his alleged injury derives solely from his status as a guarantor of obligations owed to Great Plains National Bank.

That assertion is factually incorrect.

The Claims Register in this bankruptcy case reflects Proof of Claim No. 21 filed by Clint Meadors in the amount of $4,750,238.82. As a creditor of this bankruptcy estate, Meadors possesses a direct pecuniary interest in the preservation, administration, and liquidation of estate assets.

The Trustee's standing analysis never addresses Claim No. 21 and instead proceeds under the erroneous assumption that Meadors appears only as a non-debtor guarantor.

Because Meadors is a creditor whose recovery may be directly affected by liquidation of estate assets, he qualifies as a party in interest with standing to be heard regarding preservation of those assets.

1

## II.
## THE TRUSTEE MISCHARACTERIZES THE RELIEF REQUESTED

The Motion does not seek to interfere with administration of the estate for personal reasons.

Rather, the Motion seeks preservation of estate assets pending resolution of appellate proceedings involving the validity of judgments and foreclosure proceedings that form the basis for continuing liquidation efforts.

The requested relief is directed toward preservation of the status quo and avoidance of irreversible transfers while appellate review remains pending.

## III.
## THE TRUSTEE'S "NO PECUNIARY INTEREST" ARGUMENT FAILS

The Trustee cites the "person aggrieved" standard and argues that Meadors has no pecuniary stake in the estate.

That argument cannot be reconciled with the Claims Register.

A creditor holding a filed claim exceeding $4.7 million plainly possesses a pecuniary interest in the amount realized from estate assets and the manner in which those assets are administered.

Every liquidation conducted by the Trustee directly impacts distributions available to creditors, including Meadors.

## IV.
## THE REQUESTED RELIEF PROTECTS ALL CREDITORS

The Trustee argues that only Meadors would benefit from preservation of estate property.

That is incorrect.

Preserving estate assets pending appellate review protects all creditors by preventing potentially irreversible transfers before the legality of the underlying proceedings is finally resolved.

If appellate courts later determine that material errors occurred in the foreclosure process, creditors as a whole may be prejudiced by liquidation that cannot practically be unwound.

2

## V.
## THE COURT POSSESSES AUTHORITY UNDER 11 U.S.C. §105

Bankruptcy courts possess authority under 11 U.S.C. §105(a) to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code and preserve the integrity of estate administration.

The requested relief seeks only temporary preservation of the status quo until appellate review is completed.

Such relief falls squarely within the Court's equitable authority.

## VI.
## THE BALANCE OF EQUITIES FAVORS PRESERVATION

The harm resulting from liquidation is immediate and potentially irreversible.

The harm resulting from a temporary preservation order is minimal.

Accordingly, the balance of equities favors maintaining the status quo until appellate proceedings have concluded.

WHEREFORE, Movant respectfully requests that the Court:

A. Overrule the Trustee's Objection [Doc. 338];

B. Overrule Great Plains National Bank's Objection [Doc. 339];

C. Grant the Emergency Motion [Doc. 321];

D. Preserve estate property pending completion of appellate review; and

E. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Clint Michael Meadors
Creditor and Party in Interest
Proof of Claim No. 21
PO Box 309
Okemah, Oklahoma 74859
(405) 202-1533

3

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served upon all parties entitled to notice through the Court's CM/ECF system on June 10, 2026.

Clint Michael Meadors

4