**FILED**

at_____O'clock & ____min___M

JUN 1 0 2026 ｍｌａ

BONNIE ｉiACKLER, Acting Clerk
United States Bankruptcy Court
Eastern District of Oklahoma

IN RE: )
)
C M HEAVY MACHINERY, LLC ) Case No. 24-80617
) Chapter 7
)
Debtor. )

## REPLY TO GREAT PLAINS NATIONAL BANK'S RESPONSE AND OBJECTION TO EMERGENCY MOTION TO PRESERVE ESTATE PROPERTY AND FOR TEMPORARY STAY OF FURTHER LIQUIDATION

COMES NOW Clint Michael Meadors ("Meadors"), appearing on his own behalf as a creditor and party in interest, and submits this Reply to Great Plains National Bank's Response and Objection [Doc. 339], stating as follows:

**I.**

**MOVANT POSSESSES STANDING AS A CREDITOR AND PARTY IN INTEREST**

GPNB's objection begins with the assertion that Meadors cannot represent CM Heavy Machinery, LLC pro se. To the extent relief is sought on behalf of CM Heavy Machinery, Movant acknowledges applicable law regarding representation of limited liability companies.

However, GPNB ignores a critical fact: Movant is also a creditor of this bankruptcy estate.

The Claims Register reflects Proof of Claim No. 21 filed by Clint Meadors on October 30, 2025 in the amount of $4,750,238.82. As a creditor whose pecuniary interests are directly affected by the liquidation of estate assets, Movant possesses standing as a party in interest.

Accordingly, GPNB's standing argument fails because Movant seeks protection of estate assets in his capacity as a creditor whose recovery will be directly impacted by continued liquidation activities.

1

**II.**

**THE REQUESTED RELIEF IS DIRECTLY RELATED TO THE PRESERVATION OF ESTATE ASSETS**

GPNB characterizes the pending appeal as solely involving a personal deficiency judgment against Meadors.

That characterization is incomplete.

The appeal challenges the validity of the underlying foreclosure and deficiency process that forms the basis for continuing liquidation efforts. If the Oklahoma Supreme Court ultimately determines that the challenged judgments were improperly entered, subsequent transfers and liquidations may prove difficult or impossible to unwind.

The purpose of the Emergency Motion is therefore preservation of assets and protection of appellate rights, both of which directly affect the bankruptcy estate and all creditors.

**III.**

**MOVANT HAS IDENTIFIED SPECIFIC HARM**

GPNB argues that no specific harm has been identified.

The harm is obvious and immediate.

Once estate property is sold to third parties, appellate relief may become effectively meaningless. Real property transfers, equipment sales, and other liquidations cannot always be unwound through ordinary monetary remedies.

The very purpose of temporary injunctive relief is to preserve the status quo until the underlying legal issues can be resolved.

Absent a temporary stay, estate assets may be irretrievably transferred before appellate review is completed.

**IV.**

**THE BALANCE OF EQUITIES FAVORS PRESERVATION**

The relief requested is temporary.

The requested stay merely preserves the status quo until appellate review can occur.

By contrast, denial of relief risks permanent disposition of estate assets before higher courts determine whether the underlying judgments and foreclosure proceedings were valid.

2

Preservation imposes minimal prejudice upon GPNB while protecting the interests of all creditors, including Movant.

## V.

## GPNB FAILS TO ADDRESS MOVANT'S SUBSTANTIAL PECUNIARY INTEREST

GPNB's objection contains no discussion of Claim No. 21, no analysis of Movant's creditor status, and no explanation why a creditor holding a filed claim exceeding $4.7 million should be denied an opportunity to seek preservation of estate assets.

Because Movant possesses a direct financial interest in the estate and because liquidation may impair meaningful appellate review, the requested relief falls squarely within this Court's equitable authority under 11 U.S.C. §105.

WHEREFORE, Movant respectfully requests that the Court:

A. Overrule GPNB's Objection [Doc. 339];

B. Grant the Emergency Motion to Preserve Estate Property and for Temporary Stay of Further Liquidation;

C. Preserve the status quo pending resolution of the Oklahoma Supreme Court appeal; and

D. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Clint Michael Meadors
Creditor and Party in Interest
Proof of Claim No. 21
PO Box 309
Okemah, Oklahoma 74859
(405) 202-1533

3

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served upon all parties entitled to notice through the Court's CM/ECF system on June 10, 2026.

Clint Michael Meadors

4