**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE** | ) | |
| | ) | **Case No. 24-80617** |
| **CM HEAVY MACHINERY, LLC** | ) | **Chapter 7** |
| | ) | |
| **Debtor** | ) | |

**MOTION FOR APPROVAL AND**
**<u>AUTHORIZING PAYMENT OF ADMINISTRATIVE EXPENSES</u>**

Kelley G Loud, Chapter 7 Trustee ("Trustee") applies to this Court for an Order Approving and Authorizing Payment of Administrative Expenses to the auctioneer pursuant to 11 U.S.C. §§ 328, 330 and 503, and F.R. Bankr. P. 2016. In support, the Trustee shows the Court as follows:

1. The Application to Employ Professional (ECF No. 235) filed October 6, 2025, proposed compensation from this Estate to Dan Duckwall of Duckwall and Company, Inc. ("Duckwall") of a commission of ten percent (10%) of the gross proceeds generated by the auction of Estate property, along with any extraordinary expenses, such as advertising expenses and labor fees, to be approved by the Court.

2. On January 2, 2026, this Court entered an Order (ECF No. 236) authorizing the Trustee to retain Dan Duckwall of Duckwall and Company, Inc. as an auctioneer to retrieve and organize, store, inspect, prepare for sale and liquidate Estate property (the "Property").

3. On March 12, 2026, the Trustee filed a Motion to Sell Assets Free and Clear of Liens, Claims, and Encumbrances pursuant to 11 U.S.C. §363, Fed. R. Bank. P. 6004(a) and (c) and Fed. R. Bank. P. 2002(c)(1) ("Motion") (ECF No. 287). Notice of the Motion was issued on March 12, 2026 (ECF No. 288). The Motion and Notice of Motion were served on all parties of interest in accordance with the Bankruptcy Rules as shown in the Certificate of Mailing filed on

March 12, 2026 (ECF No. 290). A Supplement to the Motion was filed on April 20, 2026 (ECF No. 318). An Order authorizing the sale as proposed in the Motion was entered on April 22, 2026 (ECF No. 319).

4. The Property was advertised for sale by Duckwall and was sold by a public auction held on June 11, 2026.

5. Creditor Great Plains National Bank ("GPNB") holds a lien on the Property sold, excluding vehicles and trailers with a certificate of title. Pursuant to an agreement between the Trustee and GPNB, the Estate is entitled to ten percent (10%) of the gross sales proceeds generated from the sale of the items sold that are subject to the lien of GPNB, provided, however, GPNB's lien will attach to the remaining proceeds of the sale of the Property covered by GPNB's lien (subject to the more senior lien of Komatsu Financial Limited Partnership on three items of Komatsu equipment as described in the Order authorizing sale) with specific costs of sale to be apportioned pro rata as agreed to by the Trustee and GPNB.[1]

6. The Report of Sale was filed on September 14, 2026 (ECF No. 351) detailing the sale of the Property by lots and resulting in gross sales proceeds of $885,050.00. Of that amount, $680,000.00 is attributable to equipment and other assets subject to the lien of Great Plains National Bank, and $205,050.00 is attributable to titled vehicles and trailers not subject to that lien.

7. Pursuant to the terms of Duckwall's employment, Trustee proposes to pay Duckwall a commission of ten percent (10%) of the gross sale proceeds, in the amount of $88,505.00. Consistent with the allocation of proceeds between the Estate and GPNB, this commission is

---

[1] By separate motions filed contemporaneously herewith, Trustee seeks to pay Komatsu Financial Limited Partnership Group from the proceeds generated by the sale of the three items of Komatsu equipment, and to pay GPNB pursuant to the agreement between Trustee and GPNB.

comprised of (a) $68,000.00 on the sale of the equipment and other assets subject to the lien of Great Plains National Bank, allocated ninety percent (90%) to Great Plains National Bank ($61,200.00) and ten percent (10%) to the Estate ($6,800.00); and (b) $20,505.00 on the sale of the titled vehicles and trailers, payable one hundred percent (100%) by the Estate ($20,505.00).

7. Trustee additionally proposes to pay Duckwall the following reimbursable expenses incurred by Duckwall in recovering, transporting, storing, repairing, preparing, and selling the Property. Expenses attributable to specific assets are allocated to the specific item that generated them: repairs and towing on equipment subject to the Great Plains National Bank lien are split ninety percent (90%) to Great Plains National Bank and ten percent (10%) to the Estate, and repairs and towing on the Estate's titled vehicles and trailers are borne one hundred percent (100%) by the Estate. Expenses not attributable to specific assets (labor/mileage, advertising, storage, and the surety bond) are allocated on a pro rata basis of thirty-one percent (31%) to the Estate and sixty-nine percent (69%) to Great Plains National Bank, reflecting each party's respective share of the gross sale proceeds:

| Expense Category | Split Basis (Estate / GPNB) | Total Expense | Trustee Share | Great Plains Share |
|---|---|---|---|---|
| Labor/Mileage | 31% / 69% | $29,943.90 | $9,282.61 | $20,661.29 |
| Advertising | 31% / 69% | $15,797.24 | $4,897.14 | $10,900.10 |
| Storage | 31% / 69% | $21,500.00 | $6,665.00 | $14,835.00 |
| Surety Bond | 31% / 69% | $7,317.12 | $2,268.31 | $5,048.81 |
| Repairs/Towing – Great Plains Equipment | 10% / 90% | $26,162.23 | $2,616.22 | $23,546.01 |
| Repairs/Towing – Estate Vehicles and Trailers | 100% / 0% | $12,337.07 | $12,337.07 | $0.00 |
| Total Reimbursable Expenses | | $113,057.56 | $38,066.35 | $74,991.21 |

Information supporting the expenses set out above are attached hereto as Exhibit 1.

8. Duckwall devoted substantial effort to locating, recovering, securing, and assembling the Property. Before the case was converted from Chapter 11 to Chapter 7 or at the same time as the conversion, the Debtor and Clint Meadors removed Estate property from the Debtor's business premises, concealed it from the Trustee, and disobeyed this Court's turnover Order. Because of this wrongful conduct, Duckwall arranged for a secure storage facility to protect the Property from theft and vandalism pending the auction, and transported the Property hidden by the Debtor and Meadors at various locations across four counties to that secure storage facility.

9. The commission and reimbursable expenses proposed to be paid to Duckwall, and their allocation between the Estate and GPNB, are summarized as follows:

| | Total | Estate Share | GPNB Share |
|---|---|---|---|
| Commission (10% of gross proceeds) | $88,505.00 | $27,305.00 | $61,200.00 |
| Reimbursable Expenses | $113,057.56 | $38,066.35 | $74,991.21 |
| Total | $201,562.56 | $65,371.35 | $136,191.21 |

10. In total, Trustee proposes to pay Duckwall the sum of $201,562.56, allocated $65,371.35 to the Estate and $136,191.21 to GPNB as set forth above.

WHEREFORE, Kelley G. Loud, Trustee applies to this Court for an Order Approving and Authorizing Payment of Administrative Expenses in the total amount of $201,562.56, as auctioneer's commission and expenses to Duckwall and Company, Inc.

Respectfully submitted:

*/s/ Kelley G Loud*
Kelley G. Loud, OBA #15808
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800 FAX: (918) 587-6822
kloud@titushillis.com
ATTORNEY FOR TRUSTEE