**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE** | ) | |
| | ) | **Case No. 24-80617** |
| **CM HEAVY MACHINERY, LLC** | ) | **Chapter 7** |
| | ) | |
| **Debtor** | ) | |

**MOTION FOR ORDER AUTHORIZING PAYMENT**
**<u>TO SECURED CREDITOR GREAT PLAINS NATIONAL BANK</u>**

Kelley G. Loud, Chapter 7 Trustee ("Trustee"), applies to this Court for an Order authorizing payment to secured creditor Great Plains National Bank ("GPNB") from the proceeds generated by the sale of Estate assets subject to its lien, pursuant to 11 U.S.C. § 363 and the Order of this Court authorizing the sale (ECF No. 319). In support, the Trustee shows the Court as follows:

1. The Debtor, CM Heavy Machinery, LLC, filed its Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on August 8, 2024 (ECF No. 1).

2. The Chapter 11 case was converted to a case under Chapter 7 by Order of this Court entered on June 27, 2025 (ECF No. 184). Kelley G. Loud is the duly appointed, qualified and acting Chapter 7 Trustee of the Estate.

3. On March 12, 2026, Trustee filed a Motion to Sell Assets Free and Clear of Liens, Claims, and Encumbrances pursuant to 11 U.S.C. §363, Fed. R. Bank. P. 6004(a) and (c) and Fed. R. Bank. P. 2002(c)(1) ("Motion") (ECF No. 287). Notice of the Motion was issued on March 12, 2026 (ECF No. 288). The Motion and Notice of Motion were served on all parties of interest in accordance with the Bankruptcy Rules as shown in the Certificate of Mailing filed on March 12, 2026 (ECF No. 290). A Supplement to the Motion was filed on April 20, 2026 (ECF No. 318).

An Order authorizing the sale as proposed in the Motion was entered on April 22, 2026 (ECF No. 319).

4. GPNB holds a lien on property of the estate, excluding vehicles and trailers with a certificate of title. Pursuant to an agreement between the Trustee and GPNB detailed in the Motion, the Estate is entitled to ten percent (10%) of the gross sales proceeds generated from the sale of the items sold that are subject to the lien of GPNB, provided, however, GPNB's lien will attach to the proceeds of the sale of the Property covered by GPNB's lien (subject to the more senior lien of Komatsu Financial Limited Partnership on three items of Komatsu equipment as described in the Order), with specific costs of sale to be apportioned pro rata as agreed to by the Trustee and GPNB. By separate motion filed contemporaneously herewith, the Trustee seeks authority to pay Komatsu Financial Limited Partnership from the proceeds generated by the sale of the three items of Komatsu equipment.

5. The property of the estate was sold at the public auction held on June 11, 2026 ("Property") generating aggregate gross sales proceeds of $885,050.00. Of that amount, $680,000.00 is attributable to equipment and other assets subject to the lien of GPNB, and $205,050.00 is attributable to titled vehicles and trailers not subject to that lien.

6. Under 11 U.S.C. § 363, a secured creditor's lien attaches to the proceeds of the sale of its collateral. Section 363(f) authorizes a trustee to sell estate property free and clear of liens and other interests, and Section 363(e) directs the Court, on request of an entity holding an interest in the property, to condition the sale as is necessary to provide adequate protection of that interest. A sale free and clear under Section 363(f) does not invalidate or extinguish a valid lien; the lien instead transfers to and attaches to the proceeds of the sale, with the same validity, priority, and

extent it held in the original collateral, and is satisfied from those proceeds in the order of its priority. See *In re Riverside Investment. Partnership*, 674 F.2d 634, 640 (7th Cir. 1982); *In re Hillis,* 649 B.R. 918, 923 (Bankr. M.D. Ga. 2023).

7. As the holder of a valid, perfected lien on the Property sold (excluding the titled vehicles and trailers), GPNB is entitled to be paid from the proceeds of the sale of its collateral, subject to the more senior lien of Komatsu Financial Limited Partnership on three items of Komatsu equipment, and subject to the Estate's ten percent (10%) interest in the sales proceeds generated from Property subject to GPNB's lien, and GPNB's pro rata share of the costs of sale.

8. By separate Motion for Approval and Authorizing Payment of Administrative Expenses filed contemporaneously herewith, the Trustee seeks approval of the auctioneer's commission and reimbursable expenses. Consistent with the allocation of proceeds between the Estate and GPNB set forth in that motion, the auctioneer's commission and expenses charged to GPNB's collateral total $136,191.21, comprised of $61,200.00 in commission (ninety percent (90%) of the $68,000.00 commission on GPNB's collateral) and $74,991.21 in reimbursable expenses (GPNB's share of repairs and towing on its collateral and its sixty-nine percent (69%) pro rata share of non-item-specific expenses).

9. Three items of Komatsu equipment included within GPNB's collateral are subject to the more senior lien of Komatsu Financial Limited Partnership. As set forth in the contemporaneously filed motion to pay Komatsu Financial Limited Partnership, $80,409.80 of the payment on account of that senior lien is attributable to GPNB's ninety percent (90%) share of the net proceeds of those three items.

10. After application of the Estate's ten percent (10%) interest in the sales proceeds

generated from Property subject to GPNB's lien, the approved auctioneer compensation and expenses charged to GPNB, and the senior Komatsu Financial Limited Partnership lien, the net proceeds payable to GPNB from its collateral are $395,398.99, computed as follows:

| | |
|---|---|
| GPNB's ninety percent (90%) share of gross proceeds of its collateral ($680,000.00 x 90%) | $612,000.00 |
| Less: auctioneer's commission charged to GPNB | ($61,200.00) |
| Less: reimbursable expenses charged to GPNB[1] | ($74,991.21) |
| Less: payment to Komatsu Financial Limited Partnership on account of its senior lien (GPNB's 90% share) | ($80,409.80) |
| Net proceeds payable to Great Plains National Bank | $395,398.99 |

11. Trustee requests authority to pay GPNB the net proceeds attributable to its collateral, in the amount of $395,398.99, in partial satisfaction of GPNB's lien.

WHEREFORE, Kelley G. Loud, Chapter 7 Trustee, applies to this Court for an Order authorizing the Trustee to pay Great Plains National Bank the net proceeds attributable to its collateral sold at auction, less the Estate's ten percent (10%) interest in the sales proceeds generated from Property subject to GPNB's lien, less Great Plains National Bank's applicable pro rata share of auctioneer compensation and expenses approved by this Court, and less the payment to Komatsu Financial Limited Partnership on account of its more senior lien, in the amount of $395,398.99, and for such other and further relief as the Court deems just and proper.

Respectfully submitted:
*/s/ Kelley G Loud*

Kelley G. Loud, OBA #15808
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
(918) 587-6800 FAX: (918) 587-6822
kloud@titushillis.com
ATTORNEY FOR TRUSTEE

[1] Trustee provided GPNB the opportunity to review the auctioneer's expenses and inquire of Trustee and the auctioneer prior to the filing of this motion.